**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SUNPOWER CORPORATION, *et al.*,[1] | ) | Case No. 24-11649 (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

**MOTION OF DEBTORS FOR ENTRY OF AN
ORDER (I) EXTENDING TIME TO FILE SCHEDULES OF
ASSETS AND LIABILITIES, SCHEDULES OF CURRENT INCOME
AND EXPENDITURES, SCHEDULES OF EXECUTORY CONTRACTS
AND UNEXPIRED LEASES, STATEMENTS OF FINANCIAL AFFAIRS,
AND RULE 2015.3 FINANCIAL REPORTS AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state as follows in support of this motion:[2]

**Relief Requested**

1. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), (a) extending the deadline by which the Debtors must file their schedules of assets and liabilities, schedules of current income and expenditures, schedules of executory contracts and unexpired leases, and statements of financial affairs as required by section 521 of the Bankruptcy Code (as defined herein) and rule 1007 of the Bankruptcy Rules (as defined herein

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: SunPower Corporation (8969); SunPower Corporation, Systems (8962); SunPower Capital, LLC (8450); SunPower Capital Services, LLC (9910); SunPower HoldCo, LLC (0454); SunPower North America, LLC (0194); Blue Raven Solar, LLC (3692); Blue Raven Solar Holdings, LLC (4577); BRS Field Ops, LLC (2370); and Falcon Acquisition HoldCo, Inc. (3335). The location of the Debtors' service address for purposes of these chapter 11 cases is: 880 Harbour Way South, Suite 600, Richmond, CA 94804.

[2] A detailed description of the Debtors and their business, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Matthew Henry, Chief Transformation Officer of SunPower Corporation, in Support of the Chapter 11 Filing and First Day Motions* (the "First Day Declaration"), filed contemporaneously herewith on August 5, 2024 (the "Petition Date") and incorporated by reference herein. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

and collectively, the "Schedules and Statements") by thirty days, in addition to the extension provided by rule 1007-1(b) of the Local Rules (as defined herein), for a total of fifty-eight days from the Petition Date, to and including October 2, 2024, without prejudice to the Debtors' ability to request additional extensions for cause shown, (b) extending the deadline by which the Debtors must file their initial reports of financial information with respect to entities in which the Debtors hold a controlling or substantial interest as set forth in Bankruptcy Rule 2015.3 (the "2015.3 Reports"), or to file a motion with the Court seeking a modification of such reporting requirements for cause, to the later of (i) thirty days after the meeting of creditors to be held pursuant to section 341 of the Bankruptcy Code (the "341 Meeting") or (ii) forty-four days from the Petition Date, without prejudice to the Debtors' ability to request additional extensions, and (c) granting related relief.

## Jurisdiction and Venue

2.  The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. The Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory bases for the relief requested herein are sections 105(a) and 521 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rules 1007(c), 2015.3, and 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 1007-1(b).

## Background

5.      SunPower Corporation, together with its Debtor and non-Debtor affiliates (collectively, the "Company"), is a leading provider of solar technology and energy products offering all-in-one residential solar and energy storage solutions to customers located primarily in the United States and Canada. Headquartered in Richmond, California, the Company's mission since its inception has been to reduce greenhouse gas emissions by making home solar energy more accessible for historically underserved communities.

6.      On the Petition Date, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Concurrently with the filing of this motion, the Debtors filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b). No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no official committees have been appointed or designated.

## Basis for Relief

**I.      Cause Exists to Extend the Time to File the Schedules and Statements.**

7.      The requirements of section 521 of the Bankruptcy Code and Bankruptcy Rule 1007(c) normally require debtors to file their Schedules and Statements within fourteen days after their petition date. Local Rule 1007-1(b), however, extends the filing deadline for such Schedules and Statements to twenty-eight days after the petition date if the bankruptcy

petition is accompanied by a list of all of the debtor's creditors and their addresses, in accordance with Local Rule 1007-2, and if the total number of creditors in a debtor's case or, in the case of jointly administered cases, the debtors' cases, exceeds two hundred. The Debtors here have filed a list of creditors in accordance with Local Rule 1007-2, which list reflects that the total number of their creditors exceeds two hundred.

8. The Court has the authority to grant the requested extension under Bankruptcy Rules 1007(c) and 9006(b), and Local Rule 1007-l(b). Bankruptcy Rules 1007(c) and 9006(b) allow the Court to extend the filing deadline for the Schedules and Statements "for cause shown." Similarly, Local Rule 1007-l(b) provides that such an extension may be granted for cause. Showing "cause" merely requires that a debtor "demonstrate some justification for the issuance of the order" and bankruptcy courts will normally grant such extensions "in the absence of bad faith or prejudice to the adverse party." *See, e.g.*, *Bryant v. Smith*, 165 B.R. 176, 182 (W.D. Va. 1994) (discussing the standard for granting extensions under Bankruptcy Rule 1007) (internal citations and quotation marks omitted).

9. Good and sufficient cause exists for granting an extension of time to file the Schedules and Statements. The ordinary operation of the Debtors' business requires the Debtors to maintain voluminous books, records, and complex accounting systems. To prepare the Schedules and Statements, the Debtors must compile information from books, records, and documents relating to a myriad of claims of their creditors, many of whom are customers, and the Debtors' many assets and contracts. This information is extensive and located in numerous places throughout the Debtors' organization. Collecting the necessary information requires an enormous expenditure of time and effort on the part of the Debtors, their employees, and their professional advisors in the near term.

RLF1 31316645v.1

10. In the lead-up to the Petition Date, the Debtors have been focused on preparing for the commencement of these chapter 11 cases as expeditiously and efficiently as possible, as well as on launching a marketing and sale process for the Debtors' assets. The Debtors intend to refocus the attention of relevant personnel to compliance with chapter 11 obligations during the early days of these chapter 11 cases. Although the Debtors have commenced the process to prepare and finalize what will be voluminous Schedules and Statements, the Debtors anticipate that they may require up to thirty additional days to complete the Schedules and Statements. Given the substantial burdens already imposed on the Debtors' management by the commencement of these chapter 11 cases, the competing demands upon the Debtors' employees to collect information, and the time and attention the Debtors must devote to the chapter 11 process, the Debtors submit that good cause exists to extend the current deadline by thirty days, until fifty-eight days after the Petition Date. The size of the Debtors' former business, the amount of information that must be assembled and compiled, and the voluminous hours required to complete the Schedules and Statements constitute further good and sufficient cause for granting the requested extension of time.

11. The requested extension will enhance the accuracy of the Schedules and Statements when filed and help avoid the potential necessity of substantial subsequent amendments. The Debtors request such an extension without prejudice to their rights to seek further extensions or waivers from the Court for cause shown. Moreover, an extension will not harm creditors or other parties in interest because, even under the extended deadline, the Debtors will file the Schedules and Statements in advance of any deadline for filing proofs of claim in these chapter 11 cases.

12. Accordingly, the Debtors submit that a thirty-day extension of time to file the Schedules and Statements, without prejudice to their ability to request additional extensions, is

appropriate and warranted under the circumstances. Courts in this district have granted similar relief to that requested herein in a number of cases. *See*, *e.g.*, *In re SC Healthcare Holding, LLC*, No. 24-10443 (TMH) (Bankr. D. Del. Apr. 23, 2024) (granting debtors a total of seventy-two days from the petition date to file their schedules and statements); *In re NanoString Tech., Inc.*, No. 24-10160 (CTG) (Bankr. D. Del. Mar. 13, 2024) (granting debtors a total of fifty-seven days from the petition date to file their schedules and statements); *In re Terraform Labs Pte. Ltd.*, No. 24-10070 (BLS) (Bankr. D. Del. Feb. 28, 2024) (granting debtors a total of 106 days from the petition date to file their schedules and statements); *In re PGX Holdings, Inc.*, No. 23-10718 (CTG) (Bankr. D. Del. July 19, 2023) (granting debtors a total of fifty-eight days from the petition date to file their schedules and statements); *In re Stanadyne LLC*, No. 23-10207 (TMH) (Bankr. D. Del. Mar. 31, 2023) (granting debtors a total of sixty days from the petition date to file their schedules and statements).[3]

**II.     Cause Exists to Extend the Time to File the 2015.3 Reports.**

13.     Pursuant to Bankruptcy Rule 2015.3, a chapter 11 debtor must file, no later than seven days before the date set for the 341 Meeting, and no less than every six months thereafter, periodic financial reports of the value, operations, and profitability of each entity that is not a publicly traded corporation or a debtor in the chapter 11 cases, and in which the estate holds a substantial or controlling interest. *See* Fed. R. Bankr. P. 2015.3(a)–(c). Bankruptcy Rule 9006(b)(1) provides the Court with authority to extend the period of time to file the 2015.3 Reports "for cause." Additionally, Bankruptcy Rule 2015.3(d) provides the Court with the ability, after notice and a hearing, to modify the reporting requirements for cause, including that a

---

[3]     Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion. Copies of these orders are available upon request of the Debtors' proposed counsel.

6

RLF1 31316645v.1

debtor is "not able, after a good faith effort, to comply with those reporting requirements, or that the information . . . is publicly available." Fed. R. Bankr. P. 2015.3(d).

14. Certain of the Debtors maintain interests in non-debtor affiliates that are subject to Bankruptcy Rule 2015.3 and, as such, are required to file 2015.3 Reports. The Debtors are not in a position to complete the initial 2015.3 Reports within the time required under Bankruptcy Rule 2015.3 due to (a) the size and complexity of the Debtors' businesses, (b) the substantial burdens imposed by complying with Bankruptcy Rule 2015.3 in the early days of these chapter 11 cases, and (c) the same considerations supporting an extension of the date by which to file the Schedules and Statements. Cause accordingly exists to extend the deadline for filing the 2015.3 Reports as requested herein.

15. Extending the deadline to file the initial 2015.3 Reports will enable the Debtors to work with their advisors and the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") to determine the appropriate nature and scope of the reports and any proposed modifications to the reporting requirements established by Bankruptcy Rule 2015.3. Accordingly, the Debtors respectfully request that the Court grant an extension of the time by which the Debtors must file their initial 2015.3 Reports to the later of (a) thirty days after the 341 Meeting, or (b) forty-four days from the Petition Date pursuant to Bankruptcy Rule 2015.3(d).

16. Courts in this district and the Third Circuit have found "cause" to extend the deadline for filing 2015.3 Reports in a number of cases. *See, e.g.*, *In re SC Healthcare Holding, LLC*, No. 24-10443 (TMH) (Bankr. D. Del. Apr. 23, 2024) (granting debtors sixty-nine days from the petition date to file 2015.3 reports); *In re Terraform Labs Pte. Ltd.*, No. 24-10070 (BLS) (Bankr. D. Del. Feb. 28, 2024) (granting debtors 106 days from the petition date to file 2015.3 reports); *In re Timber Pharm., Inc.*, No. 23-11878 (JKS) (Bankr. D. Del. Dec. 15, 2023) (granting

7

debtors seventy-five days from the petition date to file 2015.3 reports); *In re PGX Holdings, Inc.*, No. 23-10718 (CTG) (Bankr. D. Del. July 19, 2023) (extending the deadline to file 2015.3 reports through the later of (i) thirty days after the first date scheduled for the meeting of creditors pursuant to section 341 of the Bankruptcy Code, or (ii) forty-four days from the petition date); *In re Starry Grp. Holdings, Inc.*, No. 23-10219 (KBO) (Bankr. D. Del. Apr. 11, 2023) (granting debtors forty-five days from the petition date to file 2015.3 reports).[4]

## Notice

17.  The Debtors will provide notice of this motion to: (a) the Office of the United States Trustee for the District of Delaware; (b) the holders of the thirty largest unsecured claims against the Debtors (on a consolidated basis); (c) the office of the attorney general for each of the states in which the Debtors operate; (d) the United States Attorney's Office for the District of Delaware; (e) the Internal Revenue Service; (f) the United States Securities and Exchange Commission; (g) the United States Department of Justice; (h) the First Lien Agent and counsel thereto; (i) the Second Lien Agent and counsel thereto; (j) the L/C Secured Party; and (k) any party that is entitled to notice pursuant to Local Rule 9013-1(m) (collectively, the "Notice Parties"). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

18.  No prior request for the relief sought in this motion has been made to this or any other court.

---

[4] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion. Copies of these orders are available upon request of the Debtors' proposed counsel.

WHEREFORE, the Debtors request entry of the Order, substantially in the form attached hereto as **Exhibit A**, (a) granting the relief requested herein and (b) granting such other relief as the Court deems appropriate under the circumstances.

Dated:  August 6, 2024
        Wilmington, Delaware

/s/ Jason M. Madron

| | |
|---|---|
| **RICHARDS, LAYTON & FINGER, P.A.** | **KIRKLAND & ELLIS LLP** |
| Kevin Gross (DE Bar No. 209) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Mark D. Collins (DE Bar No. 2981) | Joshua A. Sussberg, P.C. (*pro hac vice* pending) |
| Jason M. Madron (DE Bar No. 4431) | Zachary R. Manning (*pro hac vice* pending) |
| 920 N. King Street | 601 Lexington Avenue |
| Wilmington, Delaware 19801 | New York, New York 10022 |
| Telephone:   (302) 651-7700 | Telephone:   (212) 446-4800 |
| Facsimile:   (302) 651-7701 | Facsimile:   (212) 446-4900 |
| Email:   gross@rlf.com | Email:   joshua.sussberg@kirkland.com |
|         collins@rlf.com |         zach.manning@kirkland.com |
|         madron@rlf.com | |
| | - and - |
| | Chad J. Husnick, P.C. (*pro hac vice* pending) |
| | Jeffrey Michalik (*pro hac vice* pending) |
| | Robert Jacobson (*pro hac vice* pending) |
| | 333 West Wolf Point Plaza |
| | Chicago, Illinois 60654 |
| | Telephone:   (312) 862-2000 |
| | Facsimile:   (312) 862-2200 |
| | Email:   chad.husnick@kirkland.com |
| |         jeff.michalik@kirkland.com |
| |         rob.jacobson@kirkland.com |
| *Proposed Co-Counsel to the Debtors and Debtors in Possession* | *Proposed Co-Counsel to the Debtors and Debtors in Possession* |

**Exhibit A**

**Proposed Order**

RLF1 31316645v.1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| SUNPOWER CORPORATION, *et al.*,[1] | ) ) ) | Case No. 24-11649 (___) |
| Debtors. | ) ) ) | (Joint Administration Requested) |

**ORDER (I) EXTENDING TIME TO FILE SCHEDULES OF
ASSETS AND LIABILITIES, SCHEDULES OF CURRENT INCOME
AND EXPENDITURES, SCHEDULES OF EXECUTORY CONTRACTS
AND UNEXPIRED LEASES, STATEMENTS OF FINANCIAL AFFAIRS,
AND RULE 2015.3 FINANCIAL REPORTS, AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an order (this "Order"), (a) extending the time period to file the Schedules and Statements, (b) extending the time period to file their 2015.3 Reports, and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the Court under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: SunPower Corporation (8969); SunPower Corporation, Systems (8962); SunPower Capital, LLC (8450); SunPower Capital Services, LLC (9910); SunPower HoldCo, LLC (0454); SunPower North America, LLC (0194); Blue Raven Solar, LLC (3692); Blue Raven Solar Holdings, LLC (4577); BRS Field Ops, LLC (2370); and Falcon Acquisition HoldCo, Inc. (3335). The location of the Debtors' service address for purposes of these chapter 11 cases is: 880 Harbour Way South, Suite 600, Richmond, CA 94804.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

2

Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein, if any, at a hearing, if one was held, before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing, if one was held, establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The time by which the Debtors shall file their Schedules is extended by an additional thirty days beyond the twenty-eight-day extension provided for pursuant to Local Rule 1007-l(b), to and including October 2, 2024. Such extension is without prejudice to the Debtors' right to seek additional extensions.

3. The time within which the Debtors must file the 2015.3 Reports or to file a motion with the Court seeking a modification of such reporting requirements for cause is extended to the later of (a) thirty days after the 341 Meeting or (b) forty-four days from the Petition Date, to and including September 18, 2024. Such extension is without prejudice to the Debtors' right to seek further extensions.

4. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

5.    Notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

6.    The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

7.    This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.