...
Case 24-11649-CTG    Doc 130    Filed 08/13/24    Page 1 of 6

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SUNPOWER CORPORATION, *et al.*,[1] | ) | Case No. 24-11649 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Re: Docket Nos. 128, 129 |

**DECLARATION OF MATTHEW HENRY, CHIEF TRANSFORMATION OFFICER OF SUNPOWER CORPORATION IN SUPPORT OF MOTION OF DEBTORS FOR ENTRY OF AN ORDER (I) APPROVING AGENCY AGREEMENT WITH HILCO COMMERCIAL INDUSTRIAL, LLC EFFECTIVE AS OF THE PETITION DATE; (II) AUTHORIZING THE SALE OF REMAINING ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES; AND (III) GRANTING RELATED RELIEF**

I, Matthew Henry, declare under penalty of perjury:

1. I am the Chief Transformation Officer of SunPower Corporation (collectively, with its Debtor affiliates, the "Debtors" and, together with their non-Debtor affiliates, the "Company"). SunPower Corporation is a publicly-traded company based in Richmond, California, organized under the laws of Delaware.

2. As a Managing Director at Alvarez & Marsal North America, LLC ("A&M"), I began working with SunPower in November 2023 and was appointed Chief Transformation Officer in August 2024. I have spent over sixteen years at A&M advising distressed companies in their restructuring efforts. I also spent nearly three years with a middle-market investment bank,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: SunPower Corporation (8969); SunPower Corporation, Systems (8962); SunPower Capital, LLC (8450); SunPower Capital Services, LLC (9910); SunPower HoldCo, LLC (0454); SunPower North America, LLC (0194); Blue Raven Solar, LLC (3692); Blue Raven Solar Holdings, LLC (4577); BRS Field Ops, LLC (2370); and Falcon Acquisition HoldCo, Inc. (3335). The location of the Debtors' service address for purposes of these chapter 11 cases is: 880 Harbour Way South, Suite 600, Richmond, CA 94804.

RLF1 31356628v.1

where I advised on acquisitions by private equity groups and publicly-traded conglomerates. I hold a bachelor's degree in finance from the University of Nevada and an MBA from the W.P. Carey School of Business at Arizona State University.

3. I submit this declaration (this "Declaration") in support of the relief requested in the *Motion of the Debtors for Entry of an Order (I) Approving Agency Agreement with Hilco Commercial Industrial, LLC Effective as of the Petition Date; (II) Authorizing the Sale of Remaining Assets Free and Clear of Liens, Claims, Interests, and Encumbrances; and (III) Granting Related Relief* (the "Liquidator Motion") filed contemporaneously herewith.[2]

4. As Chief Transformation Officer of SunPower, I am familiar with the day-to-day operations, business and financial affairs, and books and records of SunPower. Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge, information provided by other members of the Debtors' management team and advisors, my review of relevant documents and information concerning the Debtors' operations, financial affairs, and restructuring initiatives, or my opinions based upon my experience and knowledge. I am over the age of 18 and am authorized to submit this Declaration on behalf of the Debtors. If called as a witness, I could and would testify competently to the facts set forth in this Declaration.

## The Debtors' Background and Marketing Process

5. The Debtors filed these chapter 11 cases with the goal of completing the going-concern sale to the Stalking Horse (or a potential topping bidder) and monetizing any other

---

[2] A detailed description of the Debtors and their business, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Matthew Henry, Chief Transformation Officer of SunPower Corporation, in Support of Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 9] (the "First Day Declaration"), filed on August 5, 2024 (the "Petition Date") and incorporated by reference herein. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration or the Agency Agreement, as applicable.

assets. The Debtors have commenced a marketing process to solicit interest in, and seek bids for, some or all of their assets, including, but not limited to, three business segments: (a) New Homes, (b) Blue Raven Solar ("Blue Raven"), and (c) SunPower Dealer Network, and various miscellaneous assets as more fully described in the Bidding Procedures Motion (the "Bidding Procedures Assets"). Given the Debtors' inability to obtain additional financing, the Debtors must rely on cash collateral (including asset sale proceeds) to fund these chapter 11 cases. Time is of the essence, and the Debtors plan to liquidate those assets other than the Bidding Procedures Assets (the "Remaining Assets") to efficiently and expeditiously maximize value for the estate.

## The Liquidator Motion

6. Pursuant to the Liquidator Motion, the Debtors seek entry of an order approving the employment and retention of Hilco Commercial Industrial, LLC (the "Agent" or "Hilco") for marketing and liquidation purposes, as of the Petition Date, consistent with the agency agreement (the "Agency Agreement"), dated as of August 4, 2024, by and between the Debtors and Hilco and authorizing and approving the sales by the Agent (acting on behalf of the Debtors) of certain solar panels and other inventory free and clear of any liens, claims, interests and encumbrances pursuant to the terms and conditions of the Agency Agreement.

7. With respect to the Remaining Assets, the Debtors, in consultation with their advisors, have decided in a sound exercise of their business judgment to conduct an efficient and cost-effective liquidation of the Remaining Assets, and that retention of the Agent as the Debtors' exclusive broker and auctioneer of the Remaining Assets, will best position the estates to maximize the value of the Remaining Assets.

8. In accordance with the Agency Agreement, the Debtors will pay the Agent a commission equal to 10% of the Gross Proceeds from the sale of the Remaining Assets. Other key terms of the Agency Agreement include:

(a) Hilco shall advance and shall be entitled to reimbursement by the Company for all Expenses regardless of whether or not any Assets are sold; *provided* that the Expenses shall be capped at $250,000, unless otherwise agreed in writing (email being sufficient) between Hilco and the Company, with the consent of the First Lien Agent.

(b) If Hilco provides a Prospect list and within one hundred and eighty (180) days after the expiration of the Term of the Agency Agreement or earlier termination (if applicable), the Company and one or more Prospects should enter into one or more written agreements to purchase all or any portion of the Assets, Hilco shall be entitled to fee(s) calculated in accordance with the terms of the Agency Agreement.

9. Based on my experience and knowledge of the facts of these chapter 11 cases, I believe the terms and conditions of the Agency Agreement are fair, reasonable, and consistent with the market.

10. The Agency Agreement is the result of a competitive bidding process. Prior to the Petition Date, the Debtors solicited proposals from five parties to serve as the liquidator for the Remaining Assets. Two parties, Hilco and another, submitted indications of interest ("IOI"). Upon the Debtors review of each IOI, the Debtors selected Hilco's proposal due to, among other things, their market-leading experience and price structure, which the Debtors believe will maximize the value of the assets that are subject to the liquidation process. Accordingly, I believe that the relief requested should be authorized because (i) the Agent possesses market-leading

expertise, experience, and relationships for marketing and selling the Remaining Assets in a value-maximizing manner, (ii) Agent will execute the foregoing as promptly as commercially practicable, and (iii) the Agency Agreement sets forth terms and conditions that are commercially reasonable, were executed at arms'-length and in good faith, and reflect an exercise of the Debtors' sound business judgment.

11. Hilco is an industry-leading firm with wide industry connections and experience. The Agent possesses the expertise and the resources to efficiently and expeditiously market and sell the Remaining Assets in a value-maximizing manner. The Agent is best positioned to market and sell the Remaining Assets extensively and to ensure that the Debtors receive the highest or otherwise best offers achievable for the Remaining Assets.

12. Further, by utilizing the Agent's services to market and liquidate the Remaining Assets, the Debtors will be able to quickly and efficiently monetize the Remaining Assets, generating much-needed capital for the Debtors' estates. The Debtors lack the resources and personnel to liquidate the Remaining Assets, while the services and expertise of the Agent will allow the Debtors to efficiently and expeditiously accomplish this task.

## **Conclusion**

13. Accordingly, for all the foregoing reasons, I believe that the Liquidator Motion will provide necessary liquidity to the Debtors, allowing them to complete their marketing and sale process, as well as maximize the value of the Debtors' estates.

14. Given the details described above and based on my experience as a restructuring professional and involvement in other sale transactions, I believe that the Liquidator Motion should be approved.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the facts set forth in the foregoing declaration are true and correct to the best of my knowledge, information, and belief.

Dated: August 13, 2024
      Richmond, California

*/s/ Matthew Henry*
Name: Matthew Henry
Title: Chief Transformation Officer, SunPower Corporation

RLF1 31356628v.1