**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SUNPOWER CORPORATION, *et al.*,[1] | ) | Case No. 24-11649 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**MOTION OF DEBTORS FOR ENTRY OF AN
ORDER SHORTENING NOTICE ON MOTION OF DEBTORS
FOR ENTRY OF AN ORDER (I) APPROVING AGENCY
AGREEMENT WITH HILCO COMMERCIAL INDUSTRIAL, LLC
EFFECTIVE AS OF THE PETITION DATE; (II) AUTHORIZING
THE SALE OF REMAINING ASSETS FREE AND CLEAR OF LIENS, CLAIMS,
INTERESTS, AND ENCUMBRANCES; AND (III) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state as follows in support of this motion:[2]

**Relief Requested**

1. The Debtors seek entry of an order (the "Order"), substantially in the form attached hereto **Exhibit A**, shortening notice of the *Motion of Debtors for Entry of an Order (I) Approving Agency Agreement with Hilco Commercial Industrial, LLC Effective as of the Petition Date; (II) Authorizing the Sale of Remaining Assets Free and Clear of Liens, Claims, Interests, and*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: SunPower Corporation (8969); SunPower Corporation, Systems (8962); SunPower Capital, LLC (8450); SunPower Capital Services, LLC (9910); SunPower HoldCo, LLC (0454); SunPower North America, LLC (0194); Blue Raven Solar, LLC (3692); Blue Raven Solar Holdings, LLC (4577); BRS Field Ops, LLC (2370); and Falcon Acquisition HoldCo, Inc. (3335). The location of the Debtors' service address for purposes of these chapter 11 cases is: 880 Harbour Way South, Suite 600, Richmond, CA 94804.

[2] A detailed description of the Debtors and their business, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Matthew Henry, Chief Transformation Officer of SunPower Corporation, in Support of Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 9] (the "First Day Declaration"), filed on August 5, 2024 (the "Petition Date") and incorporated by reference herein. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration or the Agency Agreement, as applicable.

RLF1 31356754v.1

*Encumbrances; and (III) Granting Related Relief* (the "Liquidator Motion"), filed contemporaneously herewith, setting the hearing to consider entry of an order approving the Liquidator Motion (the "Liquidator Order") **on August 15, 2024 at 4:00 p.m. (Eastern Daylight Time)** (as scheduled, subject to Court availability, the "Hearing") and setting the objection deadline to the entry of the Liquidator Order for at the Hearing, and (b) granting related relief.

### Jurisdiction and Venue

2. The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. The Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested herein are sections 102(1) and 105 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rule 9006(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 2002-1 and 9013-1.

5. On the Petition Date, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. These chapter 11 cases have been consolidated for procedural

purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1 [Docket No. 78].  The Debtors are managing their businesses and their properties as debtors in possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code.

6. No trustee or examiner has been appointed in these chapter 11 cases, and no committee has been appointed under section 1102 of the Bankruptcy Code.

7. On the Petition Date, the Debtors and the Agent entered into the Agency Agreement (attached as Exhibit 1 to the Liquidator Order), the terms and provisions of which are described in the Liquidator Motion.  Pursuant to the Agency Agreement, the Agent will act as the Debtors' exclusive marketer, broker, and auctioneer of the Remaining Assets.

**Basis for Relief**

8. Local Rule 9006-1 requires that "[r]etention motions filed pursuant to Local Rule 2014-1 [and] Sale Procedure Motions filed pursuant to Local Rule 6004-1(c) . . . be filed at least twenty-one (21) days prior to the hearing date . . . except by order of the Court, on written motion (served on all interested parties) specifying the exigencies justifying shortened notice." *See* Del. Bankr. L.R. 9006-1(c)(i); Del. Bankr. L.R. 9006-1(e) (stating also: "The Court will rule on such motion for shortened notice promptly without need for a hearing.").

9. Local Rule 6004-1(c) provides, in pertinent part, that the twenty-one (21) day notice period for Sale Procedures Motions may be shortened by order of the Court if "the requesting party files a motion to shorten notice . . . and presents evidence of compelling circumstances [to shorten notice]." *See* Del. Bankr. L.R. 6004-1(c).  Pursuant to Bankruptcy Rule 9006(c), the Court "for cause shown may in its discretion with or without motion or notice order the [notice] period reduced." Fed. R. Bankr. P. 9006(c)(1).  Section 105(a) of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code.  11 U.S.C. § 105(a).

10. In exercising such discretion, the Court should "consider the prejudice to parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis." *In re Phila. Newspapers, LLC*, 690 F.3d 161, 171 (3d Cir. 2012) (noting the commonality of such motions given the accelerated time frame of bankruptcy proceedings); *see also Hester v. NCNB Nat'l Bank (In re Hester)*, 899 F.2d 361, 364 n.3 (5th Cir. 1990) ("[M]otions for material reductions in the notice period are routinely granted by bankruptcy courts.").

11. For the reasons set forth below, the Debtors respectfully submit that sufficient cause exists to shorten the notice period with respect to the Liquidator Motion and the relief requested therein. Should the Court grant this motion, the Debtors request that the Court consider the Liquidator Motion on **August 15, 2024 at 4:00 p.m. (Eastern Daylight Time)**, or otherwise at the Court's earliest convenience, with objections to the relief requested in the Liquidator Motion to be due at the Hearing.

12. Here, there is ample cause to grant this motion.

13. *First*, under the Agency Agreement, the Agent will begin performing certain critical functions when the Interim Order is entered by the Court. The Agent's responsibilities include expeditiously and efficiently marketing the Debtors' Remaining Assets for value-maximizing sales. Thus, critical to the Debtors' value-maximizing liquidation efforts is to have the Agent begin its work as soon as possible.

14. *Second*, the Debtors filed these chapter 11 cases with the goal of completing the going-concern sale to the Stalking Horse (or a potential topping bidder) and monetizing any other assets. The Debtors are relying on cash collateral (including asset sale proceeds) to fund the administration of these chapter 11 cases, and their ability to quickly and cost effectively liquidate

the Remaining Assets will support and bolster the Debtors' liquidity position in the early stages of these chapter 11 cases.

15. ***Third***, the relief requested by the Liquidator Motion will not prejudice any parties in interest. The Debtors propose to allow objections to the Liquidator Motion to be made up to the Hearing Date (as defined herein). Further, the Debtors request only interim relief on the Hearing Date, with the Final Hearing to be held on August 29, 2024. Because the Debtors seek only interim relief at this time, the Debtors believe parties will have additional time to consider the relief requested by the Liquidator Motion on a final basis and to respond accordingly. Based on the foregoing, the relief requested in this motion is reasonable under the circumstances.

16. Accordingly, the Debtors request that the Court schedule the Liquidator Motion to be heard on **August 15, 2024 at 4:00 p.m. (prevailing Eastern Time)**, subject to the Court's availability, with any objections to the relief requested in the Liquidator Motion to be due at the Hearing. Pursuant to Local Rule 9006-1(e), the Debtors request that the relief requested by the Motion be entered without a hearing.

## Conclusion

17. The Debtors submit that the relief requested in the Liquidator Motion will benefit all parties in interest and that shortening the notice period will not unduly prejudice any party in interest and any such parties will still be provided with an opportunity to be heard on the Liquidator Motion. Accordingly, the Debtors submit that, for the reasons set forth above, shortening the notice for the Hearing to enter the Liquidator Order is appropriate under the circumstances and is in the best interest of all parties.

**Local Rule 9006-1(e) Averment**

18. The Debtors have discussed the relief requested in this motion with the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), and the U.S. Trustee has indicated that it does not consent to the relief requested in this motion at this time.

**Notice**

19. The Debtors will provide notice of this motion to: (a) the U.S. Trustee; (b) the holders of the thirty largest unsecured claims against the Debtors (on a consolidated basis); (c) the office of the attorney general for each of the states in which the Debtors operate; (d) the United States Attorney's Office for the District of Delaware; (e) the Internal Revenue Service; (f) the United States Securities and Exchange Commission; (g) the United States Department of Justice; (h) the First Lien Agent and counsel thereto; (i) the Second Lien Agent and counsel thereto; (j) the L/C Secured Party; (k) the Agent; and (l) any party that is entitled to notice pursuant to Local Rule 9013-1(m) (collectively, the "Notice Parties"). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**No Prior Request**

20. No prior motion for the relief requested herein has been made to this or any other court.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors request entry of the Order, substantially in the form attached hereto as **Exhibit A**, (a) granting the relief requested herein and (b) granting such other relief as the Court deems appropriate under the circumstances.

Dated: August 13, 2024
Wilmington, Delaware

*/s/ Jason M. Madron*

| | |
|---|---|
| **RICHARDS, LAYTON & FINGER, P.A.** | **KIRKLAND & ELLIS LLP** |
| Kevin Gross (DE Bar No. 209) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Mark D. Collins (DE Bar No. 2981) | Joshua A. Sussberg, P.C. (admitted *pro hac vice*) |
| Jason M. Madron (DE Bar No. 4431) | Zachary R. Manning (admitted *pro hac vice*) |
| 920 N. King Street | 601 Lexington Avenue |
| Wilmington, Delaware 19801 | New York, New York 10022 |
| Telephone: (302) 651-7700 | Telephone: (212) 446-4800 |
| Facsimile: (302) 651-7701 | Facsimile: (212) 446-4900 |
| Email: gross@rlf.com | Email: joshua.sussberg@kirkland.com |
| collins@rlf.com | zach.manning@kirkland.com |
| madron@rlf.com | |

- and -

Chad J. Husnick, P.C. (admitted *pro hac vice*)
Jeffrey Michalik (admitted *pro hac vice*)
Robert Jacobson (admitted *pro hac vice*)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: chad.husnick@kirkland.com
jeff.michalik@kirkland.com
rob.jacobson@kirkland.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

*Proposed Co-Counsel to the Debtors and Debtors in Possession*