## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

_____

In re:                                             Chapter 11

SUNPOWER CORPORATION, *et al.*,[1]                 Case No. 24-11649 (CTG)

                                   Debtors.         (Jointly Administered)

_____            Related Dkt. No. 58

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF LEXON INSURANCE COMPANY AND ENDURANCE AMERICAN INSURANCE COMPANY TO THE MOTION OF DEBTORS FOR ENTRY OF AN ORDER (I) AUTHORIZING AND APPROVING THE SALE OF TCU SOLAR LOANS AND RIC DEPOSITOR MEMBERSHIP INTERESTS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS AND (II) GRANTING RELATED RELIEF**

Lexon Insurance Company ("Lexon") and Endurance American Insurance Company ("Endurance") (Lexon and Endurance, collectively, the "Sureties") by and through its undersigned counsel, Harris Beach PLLC and The Powell Law Firm, LLC, submit this limited objection ("Limited Objection") to the *Motion of Debtors for Entry of an Order (I) Authorizing and Approving the Sale of TCU Solar Loans and Ric Depositor Membership Interests Free and Clear of all Liens, Claims, Encumbrances and Other Interests and (II) Granting Related Relief* (the "Solar Loans Sale Motion") [Dkt. No. 58], and in support thereof respectfully states as follows:

### BACKGROUND

1.      On August 5, 2023 (the "Petition Date"), the Debtors[2] each filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: SunPower Corporation (8969); SunPower Corporation, Systems (8962); SunPower Capital, LLC (8450); SunPower Capital Services, LLC (9910); SunPower HoldCo, LLC (0454); SunPower North America, LLC (0194); Blue Raven Solar, LLC (3692); Blue Raven Solar Holdings, LLC (4577); BRS Field Ops, LLC (2370); and Falcon Acquisition HoldCo, Inc. (3335). The location of the Debtors' service address for purposes of these chapter 11 cases is: 880 Harbour Way South, Suite 600, Richmond, CA 94804.

2.      The Debtors continue to operate and manage their businesses and affairs as debtors-in-possession in their Chapter 11 Cases pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

3.      SunPower Corporation, together with its Debtor and non-Debtor affiliates (collectively, the "Company"), is a leading provider of solar technology and energy products offering all-in-one residential solar and energy storage solutions to customers located primarily in the United States and Canada.

4.      The Debtors assert that these chapter 11 cases were commenced to implement one or more value maximizing transactions for some or all of their assets.  The Debtors filed the Bidding Procedures Motion with a "stalking horse" asset purchase agreement with Complete Solaria, Inc. or a new entity to be formed thereby for the sale of three (3) of the Debtors' core businesses: (1) New Homes, (2) Blue Raven, and (3) the Dealer Network (collectively, the "Going-Concern Assets"). The Debtors allege that the sale process of the Going Concern Assets must be consumed on an expedited timeline as set forth in the Bidding Procedures Motion.

5.      Pursuant to the Bidding Procedures Motion, the Debtors are also seeking authority to sell all or a portion of their other miscellaneous assets, separate from the Going-Concern Assets (the "Remaining Assets"), which include accounts receivable, intellectual property patents and trademarks, PP&E, and an industrial research and development facility in Davis, California.

6.      It appears that the Solar Loans Sale Motion may be related to some of the Remaining Assets.

7.      The Debtors have obtained approximately forty-three (43) surety bonds (individually, a "Bond" and collectively, the "Bonds") from the Sureties listing various municipalities and governmental entities (the "Obligees") as Obligees under the Bonds with a total penal sum of

---

[2] Capitalized terms not defined herein are defined in the Solar Loans Sale Motion.

$7,994.059.00.  A spreadsheet identifying the Bonds, Obligees, and the amount of each Bond is attached hereto as **Exhibit A**.

8.     As partial consideration for the execution of the Bonds, on or about September 2, 2020, the Sureties and Debtor SunPower Corporation entered into a General Indemnity Agreement (the "Indemnity Agreement"), under which Debtor SunPower Corporation and SunPower Corporation's "present and future subsidiaries, affiliates, successors, executors, trustees, personal representatives and assigns, and any co-principals, partners or joint ventures of any Indemnitor or other form of common enterprise of any Indemnitor" (the "Indemnitors") agreed to, *inter alia*, indemnify and hold the Sureties' harmless from every claim that the Sureties may pay as a result of issuing the Bonds, including but not limited to, any loss adjustment expenses.  A copy of the Indemnity Agreement is attached hereto as **Exhibit B**.

9.     The surety relationship involves three (3) parties: (a) the principal, who is the primary obligor – Debtors; (b) the obligee – the party to whom the principal and surety owe the duty – the Obligee; and (c) the surety – who is the secondary obligator – Lexon.

10.     Notably, the principal retains the primary duty to perform its obligations under the bonds. The principal cannot simply hand over its obligations for the surety to perform.

11.     Importantly, on August 5, 2024, the Debtors filed the *Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Maintain Insurance and Surety Coverage Entered Into Prepetition and Pay Related Prepetition Obligations, and (B) Renew, Supplement, Modify, or Purchase Insurance and Surety Coverage, and (II) Granting Related Relief* (the "Surety Bond Motion") [Dkt. No. 8] recognizing the pivotal role the Bonds play in the Debtors' business operations.

12.     Specifically, the Debtors acknowledged that the Bonds are issued in favor of various federal, state, and industry regulatory agencies to guarantee certain obligations related to various state and local licenses and permits, and that the "Debtors are required to maintain the Bonds under certain federal and state law in order to lawfully conduct their business and operations in the applicable jurisdictions." *See* Surety Bond Motion, ¶ 7.

13.     The Bonds are "essential" to the Debtors' ongoing business operations and to preserve the value of the Debtors' estates. *See id.* at ¶¶ 8-10.

14.     The Surety Bond Motion references all of the Sureties' Bonds with the exception of Bond EACX4019550-01, which is for the penal sum of $6,673,059.00 and provides that the Lincoln School Committee is the Obligee.  The Debtors assert that the project Bond EACX4019550-01 covers is complete as of May 2024.  However, the Sureties do not have a release of Bond EACX4019550-01 from the Lincoln School Committee.

15.     On April 4, 2024, the Bankruptcy Court entered an *Interim Order (I) Authorizing the Debtors to (A) Maintain Insurance and Surety Coverage Entered Into Prepetition and Pay Related Prepetition Obligations, and (B) Renew, Supplement, Modify, or Purchase Insurance and Surety Coverage, and (II) Granting Related Relief* (the "Surety Bond Order") [Dkt. No. 84].

16.     There are no references to the Bonds or the Sureties in the Solar Loans Sale Motion.

17.     On or about August 20, 2024, counsel for the Sureties sent Debtors' counsel language to resolve this Limited Objection.  In response, Debtors' counsel agreed to extend the Sureties deadline to object to the Solar Loans Sale Motion to August 23, 2024 at 5:00 p.m. ET.

## ARGUMENT

18.     While the Sureties do not necessarily object to the sale of assets referenced in the Solar Loans Sale Motion, the Solar Loans Sale Motion: (a) fails to set forth whether any assets to be

4

sold are covered by the Sureties' Bonds, and (b) does not directly address the treatment of the Sureties' Bonds. Accordingly, the Sureties cannot assess the potential impact, if any, the sale has in relation to the Bonds and Indemnity Agreement. Therefore, the Sureties submit this Limited Objection to the extent the sale contemplates transferring the Bonds, or seeks relief that is intended to impair and/or modify the Sureties' rights and remedies under the Bonds, Indemnity Agreement and/or any collateral the Sureties may have for the Bonds (the "Surety Collateral"). Lastly, the Sureties object to the extent the sale to the Purchaser impairs any of the Sureties' rights and defenses, all of which are expressly reserved, including any rights of setoff and recoupment, under the Bonds, Indemnity Agreement and/or Surety Collateral.

19.     The Solar Loans Sale Motion and Purchase Agreements fail to address how any Bonds, to the extent applicable, are to be treated. To the extent the Debtors are attempting to treat the Bonds and Indemnity Agreement as executory contracts that can be assumed and/or assigned under the Purchase Agreements and/or the Solar Loans Sale Motion, the Debtors cannot do so. The Bonds and Indemnity Agreement cannot be transferred, sold, assumed, and/or assigned because they are financial accommodations. *See In re James River Coal Co*., 2006 WL 2548456 (Bankr. M.D. Tenn. 2006); *In re All Phase Electrical Contracting, Inc.*, 409 B.R. 272, 275 (Bankr. D. Conn. 2009); *see also* 11 U.S.C. §§ 365(c)(2) and 365(e)(2)(B). As the Bonds are specific to the individual Debtor named as principal on the Bonds and are financial accommodations, they cannot be transferred to the extent any such transfer may be contemplated under the Purchase Agreements and/or Solar Loans Sale Motion.

20.     Although the Bankruptcy Code does not define "financial accommodation," courts have held that the obligation to pay money on the obligation of another, such as the Lexon Bond in this case, *is a financial accommodation*. *See, e.g., In re Adana Mortg. Bankers, Inc.*, 12 B.R. 977,

987 (Bankr. N.D. Ga. 1980).  As to matters of financial accommodation, prior to issuing bonds, a surety's underwriters go through a careful and thorough investigation of the financial status of the entities seeking the bonds.  *See generally, In re Wegner Farms Co.*, 49 B.R. 440, 444 (Bankr. N.D. Iowa 1985) ("[T]he issuance of a bond is intimately connected to debtor's financial integrity…").

21.    Section 365(c)(2) and Section 365(e)(2)(B) of the Bankruptcy Code prohibits the assumption of financial accommodations, such as the Lexon Bond, by a debtor in bankruptcy because they represent obligations to pay money based on the obligations of another.  *See In re Thomas B. Hamilton Corp.*, 969 F.2d 1013, 1019 (11th Cir. 1992); *In re Wegner Farms*, 49 B.R. 440, 444 (Bankr. N.D. Iowa 1985) (in relation to surety bonds as financial accommodations only); *In re Edwards Mobile Home Sales, Inc.*, 119 B.R. 857, 859 (Bankr. M.D. Fla. 1990).

22.    As a result, the Bonds cannot simply be transferred without the express consent of the Sureties. A transfer to any entity, including Purchaser, does not create any rights to acquire or assume the Bonds without the consent of the Sureties.  To the extent the Debtors are proposing or considering assuming and/or assigning the Bonds, it would violate 11 U.S.C. § 365(c)(2).

23.    As referenced above, Lexon cannot confirm one way or the other what the Debtors and Purchaser are contemplating with the Bonds, Indemnity Agreement and/or Surety Collateral under the Purchase Agreements.

24.    The Sureties file this Limited Objection to (a) put the Debtors, Purchaser and any other parties in interest on notice that the Bonds cannot be assumed and assigned, (b) reserve all the Sureties' rights, remedies and defenses under, in, and to the Bonds, the Indemnity Agreement and the Surety Collateral, including any right of setoff and recoupment with respect to the claims of the Sureties or the Obligee, and (c) seek clarity from the Debtors as to what is being transferred pursuant to the Purchase Agreements.

25.     As referenced above, the Sureties have provided Debtors' counsel language to resolve this Limited Objection.  The Sureties will consider this Limited Objection resolved if the below language is included in the Order approving the Solar Loans Sale Motion:

Surety Bond Obligations:

Lexon Insurance Company and Endurance American Insurance Company (collectively, the "Sureties") have issued certain commercial surety bonds on behalf of the Debtors and/or their affiliates, (collectively, the "**Existing Surety Bonds**" and each individually, an "**Existing Surety Bond**").

Nothing in this Order, the Purchase Agreements, or otherwise shall (i) release, discharge, preclude or enjoin any obligation of the Debtors to the Sureties under the Existing Surety Bonds and obligations under the common law of suretyship; (ii) affect any collateral issued to the Sureties as security for the Debtors' obligations under the Existing Surety Bonds (collectively, the "**Existing Surety Collateral**"); (iii) affect any claim of the Sureties against any Debtor or third party; (iv) bar, impair, prevent or otherwise limit the Sureties from exercising its valid rights under or with respect to any of the Existing Surety Collateral, or any related indemnity agreements, applicable law, or the common law of suretyship; (v) alter, limit, expand, modify, release, waive or prejudice any rights, remedies and/or defenses of the Sureties under any Existing Surety Bonds relating to any assets, obligations or liabilities to be transferred and/or sold to the Purchaser; (vi) authorize or permit the assignment or assumption of any Existing Surety Bonds or Existing Surety Collateral or other agreements of the Debtors or any non-Debtor with the Sureties (collectively, the "**Surety Agreements**"), (vii) alter, limit, expand, modify, prejudice, release or waive any rights of the Sureties under the Surety Agreements; (viii) alter, limit, expand, modify, prejudice, waive or release any rights of the Sureties in any and all Existing Surety Collateral; (ix) alter, limit, expand, modify, prejudice, waive or release any rights of the Sureties in connection with any of the Debtors' Chapter 11 Cases or any case under Title 11 of the United States Code; or (x) be deemed to provide the Sureties consent to the involuntary substitution of any principal under any Existing Surety Bond.

Nothing in this Order shall be interpreted to alter, diminish or enlarge the rights or obligations of the Sureties in regard to state and federal agencies, third parties or otherwise under any surety bonds, any indemnity agreements or applicable law nor shall any of the foregoing be deemed to enjoin the Sureties from asserting any rights, claims or defenses, in regard to or against any state and federal agencies, third parties including, without limitation, any of the Sureties' indemnitors, insurers, or otherwise under any surety bonds, any indemnity agreements, or applicable law.

Notwithstanding the foregoing, the Purchaser is not asserting any rights, claims or interests in any of the Existing Surety Collateral or Existing Surety Bonds and the

Purchased Assets do not include the Existing Surety Collateral or Existing Surety Bonds.

## **JOINDER**

26.     In the event any other surety files an objection to the Purchase Agreements and/or the Intellectual Property Sale Motion, the Sureties hereby join, adopt and rely upon the arguments and the objections made in those objections to the extent they do not conflict with the factual assertions arguments set forth in the instant Limited Objection.

## **RESERVATION OF RIGHTS**

27.     Nothing herein shall be considered a waiver of any rights or claims that the Sureties might have against the Debtors and any Indemnitors. The Sureties reserve the right to amend and supplement this Limited Objection and/or join in any other statements and/or objections related to the relief requested by the Debtors.  The submission of this Limited Objection by the Sureties is not intended as, and shall not be construed as:

a.     The Sureties' admission of any liability or waiver of any defenses or limitations of any rights of the Sureties with respect to any claims against one or more of the Bonds;

b.     The Sureties waiver or release of any rights to exoneration it may have against any one with respect to its obligations pursuant to the Bonds;

c.     The Sureties waiver or release of its right to be subrogated to the rights of one or more parties paid pursuant to the Bonds;

d.     An election of remedies; or

e.     Consent to the determination of Debtors' liability to Lexon by a particular Court, including, without limitations, the Bankruptcy Court.

## CONCLUSION

Based on the foregoing, the Sureties respectfully request the Court sustain the Limited

Objection and deny approval of the Solar Loans Sale Motion.

Dated: August 25, 2024                                 Respectfully submitted,


                                                     /s/ Jason C. Powell
                                                     Jason C. Powell, Esq. (No. 3768)
                                                     THE POWELL FIRM, LLC
                                                     1813 N. Franklin Street
                                                     P.O. Box 289
                                                     Wilmington, DE 19899
                                                     (302) 650-1572
                                                     jpowell@delawarefirm.com

                                                         -and-
                                                     /s/ Brian D. Roy
                                                     Lee E. Woodard, Esq.
                                                     Brian D. Roy, Esq.
                                                     HARRIS BEACH PLLC
                                                     333 W. Washington Street, Suite 200
                                                     Syracuse, New York 13202
                                                     Telephone: (315) 423-7100
                                                     Email:  bkemail@harrisbeach.com
                                                             broy@harrisbeach.com