**<u>Exhibit II</u>**

**Redline**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SUNPOWER CORPORATION, *et al.*,[1] | ) | Case No. 24-11649 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket No. [●]58, 188** |

**ORDER (I) AUTHORIZING AND APPROVING THE
SALE OF TCU SOLAR LOANS AND RIC DEPOSITOR MEMBERSHIP INTERESTS
FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES
AND OTHER INTERESTS AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of SunPower Corporation and its affiliates debtors and debtors in possession (each, a "Debtor" and collectively, the "Debtors"), pursuant to sections 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code") and rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rules 2002-1 and 6004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), seeking entry of an order (the "Sale Order"): (a) approving the Purchase Transaction by and between Debtor SunPower Capital Services, LLC (the "Seller"), and GoodFinch SPV WL IV (SPWR), LLC and Solar Securitization Master Fund II, LP (each, a "Purchaser," and collectively, the "Purchasers") for (i)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: SunPower Corporation (8969); SunPower Corporation, Systems (8962); SunPower Capital, LLC (8450); SunPower Capital Services, LLC (9910); SunPower HoldCo, LLC (0454); SunPower North America, LLC (0194); Blue Raven Solar, LLC (3692); Blue Raven Solar Holdings, LLC (4577); BRS Field Ops, LLC (2370); and Falcon Acquisition HoldCo, Inc. (3335). The location of the Debtors' service address for purposes of these chapter 11 cases is: 880 Harbour Way South, Suite 600, Richmond, CA 94804.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion, the Term Sheet, ~~or~~ the Purchase Agreements, *or the Interim Order (I) Authorizing the Debtors to Use Cash Collateral, (II) Granting Adequate Protection, (III) Modifying the Automatic Stay, (IV) Scheduling a Further Hearing on the Motion, and (V) Granting Related Relief* [Docket No. 91] (the "Cash Collateral Order"), as applicable.

the TCU Solar Loans, and (ii) 100% of the limited liability company membership interests in SPWR RIC Depositor 2022-1, LLC (the "RIC Depositor Membership Interests," and together with TCU Solar Loans, the "Assets"), substantially in accordance to the terms contained in that certain term sheet attached as Exhibit 1 to the Sale Order (the "Term Sheet"); (b) authorizing and approving the Debtors to  enter into the loan sale and purchase agreements attached hereto as **Exhibit 2-A** and **Exhibit 2-B** and the membership interest purchase and transfer agreement attached hereto as **Exhibit 3** (together with all schedules, exhibits, and ancillary documents related thereto, as amended, modified, or supplemented from time to time, the "Purchase Agreements"); (c) authorizing the Debtors to sell each Asset to the applicable Purchaser free and clear of liens, claims, encumbrances, and other interests pursuant to section 363(f) of the Bankruptcy Code (as defined herein) and the terms set forth in the Purchase Agreements; (d) granting related relief; and upon the Henry Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein, if any, at a hearing before this Court

(the "Sale Hearing"), and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor; it is hereby **FOUND, CONCLUDED, AND DETERMINED THAT:[3]**

A.        Notice.  As evidenced by certificates filed with the Court [Docket No. [●]185], proper, adequate, and sufficient notice of, and a reasonable opportunity to object or otherwise to be heard regarding, (i) the Motion; (ii) the entry of this Sale Order; and (iii) the transactions contemplated under the Term Sheet and the Purchase Agreements have been provided to all parties entitled thereto.  Such notice constitutes good and sufficient notice of, and a reasonable opportunity to object or be heard regarding, the Motion and the entry of this Sale Order under Bankruptcy Code §§102(1), 363, and 365 and Bankruptcy Rules 2002 (including, without limitation, 2002(i)), 6004, and 6006 and Local Rule 2002-1(b).  No other or further notice of, opportunity to object to, or other opportunity to be heard regarding the Motion or the entry of this Sale Order need be given to any entity.

B.        Disclosures.  The disclosures made by the Debtors in the Motion and related documents filed with the Court concerning the Purchase Transaction are sufficient under the circumstances.

C.        Sale in Best Interests of the Debtors' Estates.  The Debtors' determination that sale of the Assets through a private sale on the terms and conditions set forth in the Term Sheet is in the best interests of the Debtors' estates constitutes a valid and sound exercise of the

---

[3]    The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

Debtors' business judgment.  The total consideration provided by the Purchasers for the Assets represents not only a fair and reasonable offer to purchase the Assets, but also the highest and best offer reasonably and practicably received by the Debtors for such Assets.  No other entity or group of entities has presented a higher or otherwise better offer to the Debtors to purchase one or all of the Assets for greater economic value to the Debtors' estates than the Purchasers.  The transactions contemplated under the Term Sheet, including the total consideration to be realized by the Debtors thereunder, (i) are the highest and best offer received for each applicable Asset by the Debtors and (ii) are in the best interests of the Debtors, their creditors, their estates, and other parties in interest.

D.      Good Faith.  The sales process engaged in by the Debtors and the Purchasers, and the negotiation of the Purchase Transaction and the other transactions contemplated by the Term Sheet, was non-collusive, in good faith, and substantively and procedurally fair to all parties in interest.  The Purchasers are purchasing the Assets in good faith and are good faith purchasers within the meaning of section 363(m) of the Bankruptcy Code.  No Purchaser or any of its affiliates, officers, directors, members, partners, principals, or shareholders (or equivalent) or any of their respective representatives, successors, or assigns is an "insider" (as defined under section 101(31) of the Bankruptcy Code) of any Debtor, and, therefore, each such person is entitled to the full protections of section 363(m), and otherwise has proceeded in good faith in all respects in connection with these chapter 11 cases in that:  (1) the Purchasers recognized that the Debtors were free to deal with any other party interested in acquiring the applicable Assets; (2) all payments to be made by the Purchasers and other agreements or arrangements entered into, or to be entered into, by such Purchasers in connection with the Purchase Transaction and the other transactions contemplated by the Term Sheet have been disclosed; (3) the Purchasers

4

have not violated section 363(n) of the Bankruptcy Code by any action or inaction; and (4) the negotiation and execution of the Term Sheet, including the applicable Purchase Transaction contemplated thereby, were at arms'-length and in good faith. There was no evidence of insider influence or improper conduct by the Purchasers or any of their affiliates in connection with the negotiation of the Purchase Transaction with the Debtors.

       E.        <u>No Collusion</u>. The Purchase Transaction and the other transactions contemplated by the Term Sheet cannot be avoided under section 363(n) of the Bankruptcy Code. None of the Debtors, the Purchasers, or any of their respective affiliates, officers, directors, members, partners, principals, or shareholders (or equivalent) or any of their respective representatives, attorneys, successors, or assigns have engaged in any conduct that would cause or permit the consummation of the Purchase Transaction or the other transactions contemplated by the Term Sheet to be avoided, or costs or damages to be imposed, under section 363(n) of the Bankruptcy Code.

       F.        <u>Purchasers Not Successors</u>. By consummating the Purchase Transaction and the other transactions contemplated by the Term Sheet substantially pursuant to the Term Sheet, no Purchaser is a mere continuation of any Debtor or any Debtor's estate, and there is no continuity, no common identity, and no continuity of enterprise between any Purchaser and any Debtor. By consummating the Purchase Transaction and the other transactions contemplated by the Term Sheet, no Purchaser shall be deemed to be holding itself out as a continuation of the Debtors based on the Purchase Transaction, the Purchase Agreements, the Term Sheet, any subsequent documentation entered into for purposes of consummating such transaction, or this Sale Order. No Purchaser is a successor to any Debtor or any Debtor's estate by reason of any theory of law or equity, and the Purchase Transaction does not amount to a consolidation,

merger, or *de facto* merger of any Purchaser and the Debtors.  Neither the Purchasers nor any of their affiliates and their respective successors, assigns, members, partners, principals, and shareholders (or equivalent) shall assume or in any way be responsible for any obligation or liability of any Debtor (or any Affiliates thereof) or any Debtor's estate, except to the extent expressly provided in the Purchase Agreements.

G.      <u>Binding Agreement</u>.  Each Purchase Agreement is a valid and binding contract between the Seller and the applicable Purchaser and shall be enforceable pursuant to its terms.  The Purchase Agreements were not entered into for the purpose of hindering, delaying or defrauding creditors under the Bankruptcy Code or under laws of the United States, any state, territory, possession, or the District of Columbia.  The Purchase Agreements and the Purchase Transactions themselves, and the consummation thereof, shall be specifically enforceable against and binding upon (without posting any bond) the Debtors and any chapter 7 or chapter 11 trustee appointed with respect to any of the Debtors, and shall not be subject to rejection or avoidance by the foregoing parties or any other person.  The terms and provisions of each Purchase Agreement, the other agreements contemplated by the Term Sheet, and this Sale Order shall be binding in all respects upon, and shall inure to the benefit of, the Debtors, their estates, and their creditors (whether known or unknown), the applicable Purchaser, and each of their respective affiliates, successors, and assigns, and any affected third parties, including, without limitation, all Persons asserting encumbrances (collectively, the "<u>Bound Parties</u>"), notwithstanding any subsequent appointment of any trustee, examiner, or receiver under the Bankruptcy Code or any other law, and all such provisions and terms shall likewise be binding on such trustee, examiner, receiver, party, entity, or other fiduciary under the Bankruptcy Code or any other law with respect to any of the Bound Parties, and all such terms shall likewise be binding on such trustee,

6

examiner, receiver, party, entity, or other fiduciary, and shall not be subject to rejection or avoidance by the Debtors, their estates, their creditors or any trustee, examiner, receiver, party, entity, or other fiduciary.  The provisions of this Sale Order and the terms and provisions of each Purchase Agreement and other agreements contemplated by the Term Sheet, shall survive the entry of any order that may be entered confirming or consummating any chapter 11 plan of the Debtors, dismissing these chapter 11 cases, or converting these chapter 11 cases to cases under chapter 7.  The rights and interests granted pursuant to this Sale Order, each Purchase Agreement, and each other agreement contemplated by the Term Sheet shall continue in these or any superseding cases and shall be binding upon the Bound Parties and their respective successors and permitted assigns including, without limitation, any trustee, party, entity, or other fiduciary hereafter appointed as a legal representative of the Debtors under chapter 7 or chapter 11 of the Bankruptcy Code.  Any trustee appointed for the Debtors under any provision of the Bankruptcy Code, whether the Debtors are proceeding under chapter 7 or chapter 11 of the Bankruptcy Code, shall be authorized and directed to perform under the Purchase Agreements, each other agreement contemplated by the Term Sheet, and this Sale Order without the need for further order of the Court.

H.      Free and Clear Sale.  The Debtors sell the Assets free and clear of all claims against the Debtors, their estates, or any of the Assets (except to the extent set forth in the Purchase Agreements) because, in each case, one or more of the standards set forth in section 363(f)(1)–(5) of the Bankruptcy Code has been satisfied; *provided* that all liens, claims, encumbrances, and interests of which the Assets are sold free and clear pursuant to the Sale Order (including the Adequate Protection Liens) shall automatically attach to all proceeds of the applicable sale in the order of priority of such liens, claims, encumbrances, and interests, with

the same validity, force, and effect which they had against the applicable Assets prior to the sale (including pursuant to the Cash Collateral Order).  Those holders of claims or interests who did not object or who withdrew their objections to the Motion are deemed to have consented pursuant to Bankruptcy Code section 363(f)(2).  Those holders of claims or interests who did object, fall within one or more of the other subsections of Bankruptcy Code section 363(f), including that such holders of claims or interests are adequately protected by having their claims that constitute interests in the Assets, if any, attach to the proceeds of the Purchase Transaction with the same priority that existed immediately prior to the closing.

I.       If the Purchase Transaction was not free and clear of all claims, or if any Purchaser would, or in the future could, be liable for any of such claims (except to the extent set forth in the Purchase Agreement), such Purchaser would not have entered into and consummated the Purchase Transaction, thus adversely affecting the Debtors and their estates and creditors.  In addition, the sale of the Assets other than pursuant to a transfer that is free and clear of all claims, interests, and encumbrances (except to the extent set forth in the Purchase Agreements) would be of substantially less benefit to the Debtors' estates.  The total consideration to be provided under the Purchase Transaction reflects the Purchasers' reliance on this Sale Order to provide them, pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, with title to and possession of the applicable Assets free and clear of all claims (except to the extent set forth in the Purchase Agreements).

J.       <u>Application of Proceeds</u>.  On August [●]7, 2024, the Court entered the *Interim Order (I) Authorizing the Debtors to* use *Cash Collateral, (II) Granting Adequate Protection, (III) Modifying the Automatic Stay, (IV) Scheduling a Further Hearing on the Motion, and (V) Granting Related Relief* [Docket. No. [●]] (the "Cash Collateral Order").  Pursuant to the Cash

Collateral Order, the Assets constitute Prepetition Collateral and are subject to the Adequate Protection Liens and Prepetition Liens (in each case, as such terms are defined in the Cash Collateral Order). For the avoidance of doubt, the sale of the Assets is free and clear of such Adequate Protection Liens and Prepetition Liens, and all proceeds of the sale of the Assets shall be funded into and held in an account owned and controlled by the Debtors, which is subject to an Amended and Restated Deposit Account Control Agreement dated as of May 16, 2024 in favor of the First Lien Agent. All parties in interest reserve any right they may have to object to, or otherwise contest, the appropriate allocation of sale proceeds, including as to the allocation of sale proceeds among the Debtors.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.      The relief requested in the Motion is granted and approved to the extent indicated herein, and the Purchase Transaction contemplated thereby is authorized and approved as set forth in this Sale Order.

2.      All objections to the Motion or the relief requested therein that have not been withdrawn or otherwise resolved are overruled on the merits and denied. All persons and entities with notice of the relief sought in the Motion and set forth in this Sale Order that failed to timely object thereto are deemed to consent to such relief, including for purposes of section 363(f)(2) of the Bankruptcy Code.

3.      Notwithstanding anything to the contrary contained herein, nothing in this Sale Order shall affect or limit the Official Committee of Unsecured Creditors' (the "Committee") challenge rights set forth in the Cash Collateral Order with respect to the validity, extent, and priority of the liens and claims purportedly held by the Prepetition Secured Parties. To the extent any proceeds of any sale of the Assets is paid to any Prepetition Secured Parties (other than

amounts required to be paid pursuant to paragraph 21 of the Cash Collateral Order), nothing herein shall affect the Debtors' estates' clawback rights against such Prepetition Secured Parties to the extent the Committee successfully challenges such Prepetition Secured Parties' liens or claims in the manner set forth in any final Cash Collateral Order.

**Approval of the Sales**

4.    ~~3.~~ Each Purchase Agreement and all other ancillary documents, including, without limitation, each other document contemplated by the Term Sheet or necessary or appropriate to complete the transactions provided for in the Term Sheet, and all of the terms and conditions thereof, and the Purchase Transactions and related transactions contemplated therewith, are hereby approved in all respects, except as otherwise expressly set forth herein.  The failure specifically to include any particular terms of the Purchase Agreements in this Sale Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Purchase Transactions be authorized and approved in their entirety.

5.    ~~4.~~ Pursuant to section 363(b) of the Bankruptcy Code, the Debtors are authorized and empowered to take any and all actions necessary or appropriate to (a) consummate the sale of the Assets to the Purchasers pursuant to and substantially in accordance with the terms and conditions of the Purchase Agreements, (b) enter into all other agreements contemplated by the Term Sheet and consummate all other transactions contemplated by the Term Sheet, (c) close the Purchase Transactions as contemplated in each Purchase Agreement and this Sale Order, and (d) execute and deliver, perform under, consummate, and implement the Purchase Agreements, together with all additional instruments and ancillary documents that may be reasonably necessary or desirable to implement the sale, or as may be reasonably necessary or appropriate to

the performance of the obligations as contemplated by the Purchase Agreements, the Term Sheet, and such other documentation.

6.    ~~5.~~ This Sale Order shall be binding in all respects upon the Debtors, their estates, all creditors, all holders of equity interests in the Debtors, all holders of any claims against any Debtor, any holders of claims against or on some or all of the Assets, all counterparties to any executory contract or unexpired lease of the Debtors, the Purchasers, any trustees, examiners, or other fiduciary under any section of the Bankruptcy Code, if any, subsequently appointed in any of these chapter 11 cases or upon a conversion to chapter 7 of the Bankruptcy Code of any of the Debtors' cases, and any filing agents, filing officers, title agents, recording agencies, secretaries of state, and other persons and entities who may be required by operation of law, the duties of their office or contract, to accept, file, register, or otherwise record or release any documents or instruments or who may be required to report or insure any title in or to the Assets.  The terms and provisions of the Purchase Agreements, each other agreement contemplated by the Term Sheet, and this Sale Order shall inure to the benefit of the Debtors, their estates and their creditors, the Purchasers and their Affiliates, and any other affected third parties, including all persons asserting any claims in the Assets to be sold pursuant to the Purchase Agreements, notwithstanding any subsequent appointment of any trustee(s), party, entity, or other fiduciary under any section of any chapter of the Bankruptcy Code, as to which trustee(s), party, entity, or other fiduciary such terms and provisions likewise shall be binding.  This Sale Order shall survive any dismissal or conversion of any of these chapter 11 cases or any dismissal of any subsequent chapter 7 cases.

**Transfer of the Assets**

7.    6. The transfer of the Assets shall constitute a legal, valid, binding, and effective transfer of each such Assets and, upon the Debtors' receipt of the purchase price, shall be free and clear of liens, claims, and encumbrances.  Those holders of claims who did not object (or who ultimately withdrew their objections, if any) to the Purchase Transaction are deemed to have consented to the Purchase Transaction being free and clear of their claims pursuant to section 363(f)(2) of the Bankruptcy Code.  Those holders of claims who did object could be compelled in a legal or equitable proceeding to accept money satisfaction of such claims pursuant to section 363(f)(5) of the Bankruptcy Code, or fall within one or more of the other subsections of section 363(f) of the Bankruptcy Code and are therefore adequately protected by having their claims that constitute interests in the Assets, if any, attach to the proceeds of the Purchase Transaction with the same priority that existed immediately prior to the closing.  Upon the closing, the Debtors shall transfer to the Purchasers the applicable Assets.  Pursuant to section 363(f) of the Bankruptcy Code, the transfer of the Assets shall be free and clear of liens and all interests, liabilities, obligations, or claims (including all "claims" within the meaning of section 101(5) of the Bankruptcy Code).; *provided* that all liens, claims, encumbrances, and interests of which the Assets are sold free and clear pursuant to the Sale Order (including the Adequate Protection Liens) shall automatically attach to all proceeds of the applicable sale in the order of priority of such liens, claims, encumbrances, and interests, with the same validity, force, and effect which they had against the applicable Asset prior to the sale (including pursuant to the Cash Collateral Order).

8.    7. All persons and entities holding liens or interests in the Assets arising under or out of, in connection with, or in any way relating to the Debtors or the transfer of such Assets to

the Purchasers hereby are forever barred, estopped, and permanently enjoined from asserting against the Purchasers or its successors or assigns, their property, or such persons' or entities' liens or interests in and to the Assets.

9. 8. Except as otherwise expressly provided in the Purchase Agreements, after the closing of the sale, the Debtors shall have no further liability with respect to the Assets, and any claims, whether administrative or otherwise, relating to or arising from such Assets after the closing of the sale asserted against the Debtors shall be deemed disallowed.

10. 9. A certified copy of this Sale Order may be filed with the appropriate clerk and/or recorded with the appropriate recorder to act to cancel any of the liens and other encumbrances of record.

11. 10. If any person or entity that has filed statements or other documents or agreements evidencing liens on, or interests in, any of the Assets shall not have delivered to the Debtors prior to the closing in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of liens, and any other documents necessary for the purpose of documenting the release of liens or interests which the person or entity has or may assert with respect to such Assets, the Debtors and the applicable Purchaser are hereby authorized to execute and file such statements, instruments, releases, and other documents on behalf of such person or entity with respect to such Assets.

12. 11. This Sale Order is and shall be binding upon and govern the acts of all persons and entities, including, without limitation, all filing agents, filing officers, administrative agencies, governmental departments, secretaries of state, federal and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or

who may be required to report or insure any title or state of title in or to any lease; and each of the foregoing persons and entities is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the Purchase Agreements.

### Other Provisions

13.    ~~12.~~ The Purchase Transaction and other transactions contemplated by the Purchase Agreements and the Term Sheet are undertaken by the Purchasers without collusion and in good faith, as that term is defined in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate any transaction shall not affect the validity of such transaction (including, for the avoidance of doubt, the sale of the Assets free and clear of all claims (unless otherwise assumed under, or permitted by, the Purchase Agreements), unless such authorization and consummation of such transaction was stayed pending such appeal.  The Purchasers are good-faith purchasers within the meaning of section 363(m) of the Bankruptcy Code and, as such, are entitled to the full protections of section 363(m) of the Bankruptcy Code.  The Purchasers have not colluded with any of the other Purchasers, potential purchasers, or any other parties interested in the Assets, and therefore the sale of the Assets may not be avoided pursuant to section 363(n) of the Bankruptcy Code.

14.    ~~13.~~ The automatic stay pursuant to section 362 is hereby lifted to the extent necessary, without further order of this Court, to (i) allow the Purchasers to deliver any notice provided for in the Purchase Agreements and any ancillary documents and (ii) allow the Purchasers to take any and all actions permitted under this Sale Order, the Purchase Agreement,

the other agreements contemplated by the Term Sheet, and any other ancillary documents in accordance with the terms and conditions thereof.

15.    14. The Debtors, including their respective officers, employees, and agents, are hereby authorized to execute such documents and do such acts as are necessary or desirable to carry out the transactions contemplated by the terms and conditions of the Purchase Agreements, the Term Sheet, and this Sale Order.  The Debtors shall be, and they hereby are, authorized to take all such actions as may be necessary to effectuate the terms of the Purchase Agreements, the Term Sheet, and this Sale Order and the relief granted pursuant to this Sale Order.

16.    15. From time to time, as and when requested by any party, each party to the Purchase Transaction and other agreements contemplated by the Term Sheet shall execute and deliver, or cause to be executed and delivered, all such documents and instruments and shall take, or cause to be taken, all such further or other actions as such other party may reasonably deem necessary or desirable to consummate the Purchase Transaction and other transactions contemplated by the Term Sheet, including such actions as may be necessary to vest, perfect or confirm, of record or otherwise, in a Purchaser its right, title and interest in and to the Assets.

17.    16. The parties to the Purchase Transaction and the other agreements contemplated by the Term Sheet may make any non-material modifications, amendments or supplements to such agreement and to any related agreements, documents or other instruments in accordance with the terms thereof without further order of this Court.

18.    17. Notwithstanding the provisions of the Bankruptcy Rules, including Bankruptcy Rules 6004(h), 6006(d), and 7062, or any applicable provisions of the Local Rules, this Sale Order shall not be stayed after the entry hereof, but shall be effective and enforceable immediately upon entry, and the fourteen (14) day stay provided in Bankruptcy Rules 6004(h)

and 6006(d) is waived and shall not apply. Time is of the essence in closing the Purchase Transaction and the other transactions contemplated by the Term Sheet, and the Debtors and the Purchasers intend to close the Purchase Transaction and the other transactions contemplated by the Term Sheet as soon as practicable.

19.    Notwithstanding anything to the contrary herein, any payment made or to be made under this Sale Order shall not impair the First Lien Agent's rights under the order of the Court approving the use of cash collateral in these chapter 11 cases.

20.    18. The Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Sale Order and the Purchase Agreements entered into for purposes of consummating the Purchase Transaction, the other transactions contemplated by the Term Sheet, all amendments thereto, and any waivers and consents thereunder and each of the agreements executed in connection therewith to which the Debtors are a party, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the sale of the Assets.

## Exhibit 1

**Term Sheet**

## Exhibit 2-A

**Loan Sale and Purchase Agreement**

**[TO COME]**

**<u>Exhibit 2-B</u>**

**Loan Sale and Purchase Agreement**

**[TO COME]**

## Exhibit 3

**Membership Interest Purchase and Transfer Agreement**

**[TO COME]**