# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SUNPOWER CORPORATION, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11649 (CTG)<br><br>Jointly Administered |

## HARTFORD FIRE INSURANCE COMPANY AND ITS AFFILIATED INSURANCE COMPANIES' LIMITED OBJECTION TO THE AMENDED JOINT CHAPTER 11 PLAN OF SUNPOWER CORPORATION AND ITS DEBTOR AFFILIATES

Hartford Fire Insurance Company and its affiliated insurance companies that issued policies to the Debtors ("Hartford"), by and through its undersigned counsel, hereby submits this limited objection (the "Objection")[2] to the *Amended Joint Chapter 11 Plan of SunPower Corporation and its Debtor Affiliates* [Docket No. 784] as potentially amended by the *Amended Joint Chapter 11 Plan of SunPower Corporation and its Debtor Affiliates (Technical Modifications)* [distributed on October 16, 2024] and respectfully states:

## BACKGROUND[3]

1. According to the Debtors, "SunPower has been a leader in the residential solar energy and storage market in North America for over 30 years, with over half a million homes in the United States having been retrofitted or constructed with a SunPower solar energy system."

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: SunPower Corporation (8969); SunPower Corporation, Systems (8962); SunPower Capital, LLC (8450); SunPower Capital Services, LLC (9910); SunPower HoldCo, LLC (0454); SunPower North America, LLC (0194); Blue Raven Solar, LLC (3692); Blue Raven Solar Holdings, LLC (4577); BRS Field Ops, LLC (2370); and Falcon Acquisition HoldCo, Inc. (3335). The location of the Debtors' service address for purposes of these chapter 11 cases is: 880 Harbour Way South, Suite 600, Richmond, CA 94804.

[2] Harford reserves the right to adopt and/or join in any other argument raised by any other insurance company as an objection to the Plan.

[3] For support of this Background, please see Declaration of Carolyn Redding (the "Redding Declaration") filed contemporaneously with the Motion.

(See Declaration of Matthew Henry, Chief Transformation Officer of SunPower Corporation, Docket No. 9 at ¶ 15).

2. On August 5, 2024 (the "Petition Date"), the Debtors filed petitions for relief under Chapter 11 of Title 11 of the Bankruptcy Code. The Debtors continue to operate their businesses as debtors in possession and their chapter 11 cases are being jointly administered.

3. Prior to the Petition Date, Hartford provided workers' compensation insurance coverage to the Debtors in exchange for payment of a premium (including premiums subject to audit such that the final amount due and owing may not be determined until completion of such audit(s)).

4. The policies at issue are workers' compensation policy no. 57 WV WQ0015 (having various policy periods from 11/01/2016 through 04/01/2025), which is subject to a deductible and applies to all states except Wisconsin, as well as workers compensation policy no. 57 WPR WQ0297 (with various policy period from 11/01/2021 through 04/01/2025), which was issued as part of a paid loss retrospective program, and applies to the state of Wisconsin (collectively, the "Policies" or individually as a "Policy).

5. The amounts of outstanding loss/deductible reimbursement and outstanding premium (and future premium due dates), are as follows:

| Policy No. | Invoice Type | Invoice No. | Invoice Date | Due Date | Amount Due |
|---|---|---|---|---|---|
| 57WVWQ0015 | Loss/Deductible Reimb. | 3232924 | 7/1/2024 | 7/31/2024 | $166,663.26 |
| 57WVWQ0015 | Loss/Deductible Reimb. | 3242322 | 8/1/2024 | 8/31/2024 | $141,157.10 |
| 57WVWQ0015 | Loss/Deductible Reimb. | 3251067 | 9/1/2024 | 10/1/2024 | $146,079.17 |
| 57WVWQ0015 | Loss/Deductible Reimb. | 3259771 | 10/1/2024 | 10/31/2024 | $146,492.11 |
| 57WVWQ0015 | Premium Install #5 | INS78970 | 7/17/2024 | 8/1/2024 | $63,382.00 |

2

| Policy No. | Invoice Type | Invoice No. | Invoice Date | Due Date | Amount Due |
|---|---|---|---|---|---|
| 57WPRWQ0297 | Premium Install #5 | INS78970 | 7/17/2024 | 8/1/2024 | $4,116.00 |
| 57WVWQ0015 | Premium Install #6 | INS79668 | 8/16/2024 | 9/1/2024 | $63,382.00 |
| 57WPRWQ0297 | Premium Install #6 | INS79668 | 8/16/2024 | 9/1/2024 | $4,116.00 |
| 57WVWQ0015 | Premium Install #7 | INS80635 | 9/16/2024 | 10/1/2024 | $63,382.00 |
| 57WPRWQ0297 | Premium Install #7 | INS80635 | 9/16/2024 | 10/1/2024 | $4,116.00 |
| 57WVWQ0015 | Premium Install #8 | | 10/17/2024 | 11/1/2024 | $63,382.00 |
| 57WPRWQ0297 | Premium Install #8 | | 10/17/2024 | 11/1/2024 | $4,116.00 |
| 57WVWQ0015 | Premium Install #9 | | 11/15/2024 | 12/1/2024 | $63,382.00 |
| 57WPRWQ0297 | Premium Install #9 | | 11/15/2024 | 12/1/2024 | $4,116.00 |

6. The aggregate sum of the total outstanding prepetition loss to date on Policy 57 WV WQ0015 is $307,820.36. The aggregate sum of the total outstanding prepetition premium payments due and owing is $67,498.00. The aggregate sum of the total outstanding postpetition loss on Policy 57 WV WQ0015 is $292,571.28. The aggregate sum of the total postpetition premium payments due and owing to date is $134,996.00, which amount will increase to $202,494.00 on November 2, 2024.

7. As collateral for the foregoing, Hartford is currently holding (1) an irrevocable standby letter of credit issued by Bank of the West in the amount of $1,373,413.00, (2) proceeds from a draw upon an irrevocable standby letter of credit issued by Wells Fargo Bank, N.A. in the amount of $850,000.00, and (3) a loss deposit (the "Loss Deposit") in the amount of $208,526.00.

8. The Policies provide in pertinent part that the premium payments (payable in nine (9) monthly installments ending on December 1, 2024) constitute a minimum workers' compensation premium and that upon audit at the end of the policy term, a final premium will be computed, which could exceed the minimum premium. Thus, the final premium cannot be computed until completion of the premium audit, but in any event, it will be no less than the minimum premium (of which $337,490.00 remains outstanding).

9. Additionally, as to the deductible policy (57 WV WQ0015), Hartford makes payment of claims, which payments, are invoiced to the Debtors, requiring reimbursement payment by the Debtors to Hartford, up to the claims deductible amount.

10. Moreover, due to Hartford advancing funds to pay claims on the Debtors' behalf on the deductible policy, Hartford requires the Debtors to provide security, including the Loss Deposit, to secure losses paid by Hartford (to the extent that the Debtors fail to timely reimburse Hartford as invoiced).

11. The Policies provide that the insured's rights or duties under a policy may not be transferred without Hartford's consent.

12. As the Debtors have failed to make timely payments on postpetition premiums, Hartford would have the right under its documents to cancel the Policies and retain the Deposit ($208,526.00) as security or payment of claims and premiums and be permitted to apply the collateral to what is owed.[4]

13. Additionally, Hartford has the right to seek to require the Debtors and/or any successor(s) in interest to pay as Administrative Claims, all postpetition premium installments, any postpetition final premiums allocable to the postpetition period, and postpetition losses/deductible reimbursements.

14. The Policies provide that the insured's rights or duties under a policy may not be transferred without Hartford's consent.

15. The Debtors filed the Plan on September 30, 2024 [Docket No. 650].

---

[4] Hartford has the right under its documents to maintain the letter of credit and proceeds thereof and apply the proceeds thereof as appropriate.

16. The Debtors filed an Amended Plan on October 15, 2024 [Docket No. 784] which substantially changed the treatment of insurance policies.[5]

17. The Debtors distributed a Draft Amended Joint Chapter 11 Plan of SunPower Corporation and its Debtor Affiliates (Technical Modifications), marked Privileged and Confidential: Attorney Work Product Subject to FRE 408 and Equivalents ("Modified Plan"), on October 16, 2024.

**OBJECTION**

18. Hartford has no objection to the language in the Modified Plan, other than it seeks confirmation that the Hartford Policies shall not be identified on or be deemed to be identified on the Rejected Executory Contracts and Unexpired Leases Schedule at any time or otherwise rejected.

19. Additionally, Hartford seeks language in the proposed Confirmation Order that for the avoidance of doubt, Hartford is deemed not to be giving any third-party release.

20. If the Policies are included on the Rejected Executory Contracts and Unexpired Leases Schedule or otherwise rejected, then Hartford seeks to include protective language, to be worked out with counsel for the interested parties, providing, for example, that Hartford is entitled to relief from stay or an injunction to cancel the Policies, have access to books and records for purposes of conducting a premium audit or dealing with any claims, maintaining any defenses Hartford has to coverage issues, providing for subrogation, and to apply all collateral and proceeds thereof as necessary as to loss reimbursements and outstanding premiums (or setoff and

---

[5] In advance of the Amended Plan being filed, Hartford sent to Debtors counsel, a draft objection with proposed language for the Confirmation Order, which is no longer fully applicable due to the changes in the Amended Plan.

recoupment if applicable). If language cannot be agreed upon, the Hartford reserves its right to pursue its objection at the Confirmation Hearing.

21. Hartford submits this Objection as a placeholder in the event that the Policies are rejected, reserving its rights to propose and submit protective language for the Confirmation Order.

22. Counsel for the Debtors extended Hartford's deadline to file an Objection to confirmation of the Plan through 11:59 p.m. on October 16, 2024; however, recognizing that witness and exhibit lists are due to be filed by 2:30 p.m. on October 16, 2024, Hartford determined that it would be prudent to file this "placeholder" objection prior to 11:59 p.m.

## **RESERVATION OF RIGHTS**

23. The submission of this Objection by Hartford is not intended as, and shall not be construed as: (a) Hartford's admission of any liability or waiver of any defenses or limitation of any rights of Hartford with respect to any claims against any one or more of the Policies, including Hartford's waiver or release of its right to be subrogated to the rights of one or more of the parties paid in connection with the Policies; (d) an election of remedy; or (e) consent to the determination of any of the Debtors' liability to Hartford by any particular court, including, without limitation, the Bankruptcy Court.

24. Hartford expressly reserves, and does not waive, any and all of its rights, claims, defenses, limitations, and/or exclusions in connection with its and any of the Debtors' or its affiliates' rights and obligations under the Policies or related agreements. Hartford further reserves all rights to assert any and all such rights, claims, defenses, limitations and/or exclusions in any appropriate manner or forum whatsoever (including, without limitation, any of its rights to have any non-core matter relating to the interpretation of its contractual rights and Debtors' contractual obligations adjudicated by the United States District Court).

25. Hartford further reserves all of its rights to raise any issues contained in this Objection and any other related issues in any procedurally appropriate contested matter and/or adversary proceeding, including, without limitation, (i) a separate adversary proceeding requesting any appropriate declaratory and/or injunctive relief; or (ii) or an objection to any subsequent motion seeking approval of an asset sale to any prospective asset purchaser with respect to any contractual rights that may be adversely affected by a sale motion or the confirmation of any plan.

## CONCLUSION

**WHEREFORE**, for the reasons set forth herein, Hartford respectfully requests that the foregoing limited objections be addressed in the Confirmation Order.

**McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**

Dated: October 16, 2024

*/s/ Gary D. Bressler*
Gary D. Bressler, Esq. (No. 5544)
300 Delaware Avenue, Suite 1014
Wilmington, DE 19801
Telephone: 302-300-4515
Facsimile: 302-645-4031
Email: gbressler@mdmc-law.com

*Counsel to Hartford Fire Insurance Companyp*