IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SUNPOWER CORPORATION, *et al*.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11649 (CTG)<br><br>Jointly Administered |

**DECLARATION OF CAROLYN REDDING IN SUPPORT OF HARTFORD FIRE INSURANCE COMPANY AND ITS AFFILIATED INSURANCE COMPANIES' LIMITED OBJECTION TO THE AMENDED JOINT CHAPTER 11 PLAN OF SUNPOWER CORPORATION AND ITS DEBTOR AFFILIATES**

I, CAROLYN REDDING, of full age, hereby declare as follows:

1. I am a Consulting Financial Analyst with The Hartford Financial Services Group, Inc. As such, I am fully familiar with the facts contained in this Declaration.

2. I make this Declaration on behalf of Hartford Fire Insurance Company and its affiliated insurance companies (the "Hartford").

3. Prior to August 5, 2024 (the Petition Date), Hartford provided workers compensation insurance coverage to the Debtors in exchange for payment of a premium (including premiums subject to audit such that the final amount due and owing may not be determined until completion of such audit(s)).

4. The policies at issue are workers' compensation policy no. 57 WV WQ0015 (having various policy periods from 11/01/2016 through 04/01/2025), which is subject to a deductible and applies to all states except Wisconsin, as well as workers compensation policy no.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: SunPower Corporation (8969); SunPower Corporation, Systems (8962); SunPower Capital, LLC (8450); SunPower Capital Services, LLC (9910); SunPower HoldCo, LLC (0454); SunPower North America, LLC (0194); Blue Raven Solar, LLC (3692); Blue Raven Solar Holdings, LLC (4577); BRS Field Ops, LLC (2370); and Falcon Acquisition HoldCo, Inc. (3335). The location of the Debtors' service address for purposes of these chapter 11 cases is: 880 Harbour Way South, Suite 600, Richmond, CA 94804.

57 WPR WQ0297 (with various policy period from 11/01/2021 through 04/01/2025), which was issued as part of a paid loss retrospective program, and applies to the state of Wisconsin (collectively, the "Policies" or individually as a "Policy"). (See Exhibit "A," a true and correct redacted copy of policy no. 57 WV WQ0015 and Exhibit "B, a true and correct redacted copy of policy no. 57 WPR WQ0297).

5. The amounts of outstanding loss/deductible reimbursement and outstanding premium (and future premium due dates), are as follows:

| Policy No. | Invoice Type | Invoice No. | Invoice Date | Due Date | Amount Due |
|---|---|---|---|---|---|
| 57WVWQ0015 | Loss/Deductible Reimb. | 3232924 | 7/1/2024 | 7/31/2024 | $166,663.26 |
| 57WVWQ0015 | Loss/Deductible Reimb. | 3242322 | 8/1/2024 | 8/31/2024 | $141,157.10 |
| 57WVWQ0015 | Loss/Deductible Reimb. | 3251067 | 9/1/2024 | 10/1/2024 | $146,079.17 |
| 57WVWQ0015 | Loss/Deductible Reimb. | 3259771 | 10/1/2024 | 10/31/2024 | $146,492.11 |
| 57WVWQ0015 | Premium Install #5 | INS78970 | 7/17/2024 | 8/1/2024 | $63,382.00 |
| 57WPRWQ0297 | Premium Install #5 | INS78970 | 7/17/2024 | 8/1/2024 | $4,116.00 |
| 57WVWQ0015 | Premium Install #6 | INS79668 | 8/16/2024 | 9/1/2024 | $63,382.00 |
| 57WPRWQ0297 | Premium Install #6 | INS79668 | 8/16/2024 | 9/1/2024 | $4,116.00 |
| 57WVWQ0015 | Premium Install #7 | INS80635 | 9/16/2024 | 10/1/2024 | $63,382.00 |
| 57WPRWQ0297 | Premium Install #7 | INS80635 | 9/16/2024 | 10/1/2024 | $4,116.00 |
| 57WVWQ0015 | Premium Install #8 | | 10/17/2024 | 11/1/2024 | $63,382.00 |
| 57WPRWQ0297 | Premium Install #8 | | 10/17/2024 | 11/1/2024 | $4,116.00 |
| 57WVWQ0015 | Premium Install #9 | | 11/15/2024 | 12/1/2024 | $63,382.00 |
| 57WPRWQ0297 | Premium Install #9 | | 11/15/2024 | 12/1/2024 | $4,116.00 |

6. The aggregate sum of the total outstanding prepetition loss to date on Policy 57 WV WQ0015 is $307,820.36. The aggregate sum of the total outstanding prepetition premium payments due and owing is $67,498.00. The aggregate sum of the total outstanding postpetition loss on Policy 57 WV WQ0015 to date is $292,571.28. The aggregate sum of the total postpetition premium payments due and owing to date is $134,996.00, which amount will increase to

$202,494,.00 on November 2, 2024. (See Exhibit "C", a true and correct copy of redacted invoices).

7.  As collateral for the foregoing, Hartford is currently holding (1) an irrevocable standby letter of credit issued by Bank of the West in the amount of $1,373,413.00, (2) proceeds from a draw upon an irrevocable standby letter of credit issued by Wells Fargo Bank, N.A. in the amount of $850,000.00, and (3) a loss deposit (the "Loss Deposit") in the amount of $208,526.00.

8.  The Policies provide in pertinent part that the premium payments (payable in nine (9) monthly installments ending on December 1, 2024) constitute a minimum workers' compensation premium and that upon audit at the end of the policy term, a final premium will be computed, which could exceed the minimum premium. Thus, the final premium cannot be computed until completion of the premium audit, but in any event, it will be no less than the minimum premium (of which $337,490.00 remains outstanding).

9.  Additionally, as to the deductible policy (57 WV WQ0015), Hartford makes payment of claims, which payments, are invoiced to the Debtors, requiring reimbursement payment by the Debtors to Hartford, up to the claims deductible amount.

10. Moreover, due to Hartford advancing funds to pay claims on the Debtors' behalf on the deductible policy, Hartford requires the Debtors to provide security, including the Loss Deposit, to secure losses paid by Hartford (to the extent that the Debtors fail to timely reimburse Hartford as invoiced).

11. The Policies provide that upon notice, the Policies may be cancelled by Hartford if the Debtors fail to pay all premiums when due.

12. As the Debtors have failed to make timely payments on postpetition premiums, Hartford would have the right under its documents to cancel the Policies and retain the Loss

Deposit ($208,526.00) as security for payment of claims and premiums, and be permitted to apply the collateral to what is owed.[2]

13. Additionally, Hartford has the right to seek to require the Debtors and/or any successor(s) in interest to pay as Administrative Claims, all postpetition premium installments, any postpetition final premiums allocable to the postpetition period, and postpetition losses/deductible reimbursements.

14. The Policies provide that the insured's rights or duties under a policy may not be transferred without Hartford's consent.

[The Remainder of this Page is Left Blank, Intentionally]

---

[2] Hartford has the right under its documents to also maintain the letter of credit and proceeds thereof and apply the proceeds thereof as appropriate.

5

I declare under penalty of perjury that this Declaration is true and correct to the best of my knowledge.

Executed on:  October 16, 2024

*Carolyn M. Redding*
Carolyn M. Redding
Consulting Financial Analyst