**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>SUNPOWER CORPORATION, *et al.*,[1]<br><br>Wind-Down Debtor. | Chapter 11<br><br>Case No. 24-11649 (CTG)<br><br>Hearing Date: April 22, 2025 at 10:00 a.m. (EDT)<br>Response Deadline: April 11, 2025 at 4:00 p.m. (EDT) |

**THE PLAN ADMINISTRATOR'S ELEVENTH OMNIBUS OBJECTION TO CERTAIN INSUFFICIENT DOCUMENTATION CLAIMS, NO LIABILITY CLAIMS, RECLASSIFIED CLAIMS, PARTIALLY SATISFIED CLAIMS, AND <u>AMOUNT MODIFY CLAIMS (SUBSTANTIVE)</u>**

> **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE OR RECLASSIFY CERTAIN CLAIMS, AS APPLICABLE. CLAIMANTS SHOULD CAREFULLY REVIEW THIS OBJECTION AND THE EXHIBITS ATTACHED TO THIS OBJECTION TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIMS.**

> *TO THE CLAIMANTS WHOSE CLAIMS ARE SUBJECT TO THIS OBJECTION:*
>
> **\* YOUR SUBSTANTIVE RIGHTS MAY BE AFFECTED BY THIS OBJECTION AND ANY FURTHER OBJECTIONS THAT MAY BE FILED IN THE CHAPTER 11 CASES.**
>
> **\*\* THE RELIEF SOUGHT IN THIS OBJECTION IS STRICTLY WITHOUT PREJUDICE TO THE RIGHTS OF THE PLAN ADMINISTRATOR, THE CREDITOR TRUSTEE OR THE WIND-DOWN DEBTOR, TO PURSUE FURTHER OBJECTIONS AGAINST THE CLAIMS.**

---

[1] The Wind-Down Debtor in this chapter 11 case, along with the last four digits of the Wind-Down Debtor's federal tax identification number, is: SunPower Corporation (8969) ("SunPower"). On February 18, 2025. The Court entered an order closing the chapter 11 cases of SunPower's debtor affiliates (collectively, the "Closing Debtors"). The Closing Debtors, along with the last four digits of the Closing Debtor's federal tax identification number, are: SunPower Corporation, Systems (8962); SunPower Capital, LLC (8450); SunPower Capital Services, LLC (9910); SunPower HoldCo, LLC (0454); SunPower North America, LLC (0194); Blue Raven Solar, LLC (3692); Blue Raven Solar Holdings, LLC (4577); BRS Field Ops, LLC (2370); and Falcon Acquisition HoldCo, Inc. (3335). The location of the Wind-Down Debtor's service address for purposes of this chapter 11 case is: 655 15th Street, NW, Suite 600, Washington, DC 20005, Attn: Mark Roberts, in his capacity as the Plan Administrator.

Mark Roberts, solely in his capacity as the plan administrator for the Wind-Down Debtor (the "Plan Administrator") respectfully represents as follows in support of this objection (this "Objection"):[2]

## Relief Requested

1. By this Objection, the Plan Administrator seeks entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"):

   a) disallowing and expunging the claims listed on **Schedule 1** to the Proposed Order (the "Insufficient Documentation Claims") because they (a) fail to include or attach sufficient information or documentation to constitute *prima facie* evidence of the validity and amount of the claim, as required by rule 3001(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules" and (b) do not have a basis in the Debtors' books and records;

   b) disallowing and expunging those claims listed on **Schedule 2** to the Proposed Order (the "No Liability Claims") because the Debtors' books and records do not show any corresponding liability on account of such claims;

   c) reclassifying the priority status for the claims listed on **Schedule 3** to the Proposed Order (the "Reclassified Claims") because the Debtors' books and records show such Proofs of Claim are not entitled to the asserted priority;

   d) disallowing, expunging, or reclassifying, as applicable, those claims listed on **Schedule 4** to the Proposed Order (the "Partially Satisfied Claims") because the Debtors' partially paid the asserted liability on account of such claims; and

   e) reducing the amount of those claims listed on **Schedule 5** to the Proposed Order (the "Amount Modify Claims" and together with the Insufficient Documentation Claims, the No Liability Claims, the Reclassified Claims, and the Partially Satisfied Claims, the "Disputed Claims") because the Debtors' books and records show a lesser amount of liability on account of such claims.

---

[2] A detailed description of the Debtors and their business, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Matthew Henry, Chief Transformation Officer of SunPower Corporation, in Support of the Chapter 11 Filing and First Day Motions* [D.I. 9] (the "First Day Declaration"), filed on August 5, 2024 (the "Petition Date"), and incorporated by reference herein. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration or the *Amended Joint Chapter 11 Plan of SunPower Corporation and its Debtor Affiliates (Technical Modifications)* [D.I. 829] (the "Plan"), as applicable.

2. In support of this Objection, the Plan Administrator submits the *Declaration of Mark Roberts in Support of the Plan Administrator's Eleventh Omnibus Objection to Certain Insufficient Documentation Claims, No Liability Claims, Reclassified Claims, Partially Satisfied Claims, and Amount Modify Claims (Substantive)* (the "Roberts Declaration"), attached hereto as **Exhibit B**.

## Jurisdiction and Venue

3. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction to consider this Objection pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicates for the relief requested herein are section 502 of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rule 3007, and rule 3007-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

5. Pursuant to Local Rule 9013-1(f), the Plan Administrator consents to the entry of a final order or judgment by the Court in connection with this Objection if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## Background

6. On the Petition Date, each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the Bankruptcy Code. During the pendency of their chapter 11 cases (the "Chapter 11 Cases"), the Debtors operated their businesses and managed their properties as debtors

3

in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Chapter 11 Cases were consolidated for procedural purposes only and are being administered jointly. On August 16, 2024, the Office of the United States Trustee (the "U.S. Trustee") for the District of Delaware appointed an official committee of unsecured creditors in the Chapter 11 Cases [D.I. 147]. No request for the appointment of a trustee or examiner has been made in the Chapter 11 Cases.

7. On October 18, 2024, the Court entered the *Findings of Fact, Conclusions of Law, and Order Approving the Debtors' Disclosure Statement for, and Confirming the Amended Joint Chapter 11 Plan of SunPower Corporation and its Debtors Affiliates* [D.I. 872] pursuant to which the Court confirmed the Plan. The Plan became effective in accordance with its terms on November 14, 2024 (the "Effective Date"). *See* D.I. 1058. On the Effective Date, the Plan Administrator was appointed to wind-down the Debtors' estates. The Plan Administrator is empowered to resolve and object to, among other things, secured, administrative and priority claims, and the Debtors have the authority to act through the Plan Administrator. *See* Plan Arts. IV.F, VII.B.

8. On February 18, 2025, the Court entered the *Final Decree (A) Closing Certain of the Chapter 11 Cases; (B) Directing that the Administration of All Claims Asserted in the Closing Cases Be Resolved in the Lead Case; and (C) Granting Related Relief* [D.I. 1350] (the "Subsidiary Case Closing Order") closing certain of the Closing Debtors' Chapter 11 Cases (the "Closing Cases"). Pursuant to the Subsidiary Case Closing Order, claims asserted in the Closing Cases are being administered in the above captioned Chapter 11 Case.

**Bar Dates**

9. On August 23, 2024, the Debtors filed a motion seeking entry of an order establishing deadlines to file Proofs of Claim in the Chapter 11 Cases and approval of related procedures. On September 23, 2024, the Bankruptcy Court entered an order [D.I. 602] (the "Bar Date Order") establishing certain deadlines for the filing of Proofs of Claim in the Chapter 11 Cases. Pursuant to the Bar Date Order, the Bankruptcy Court established (i) October 18, 2024 as the general deadline for all entities (other than governmental units, as defined in section 101(27) of the Bankruptcy Code ("Governmental Units")) to file Proofs of Claim in the Chapter 11 Cases for all claims against the Debtors (the "General Bar Date"); and (ii) February 3, 2025, as the general deadline for all Governmental Units to file Proofs of Claim in the Chapter 11 Cases for all claims against the Debtors (the "Governmental Bar Date").

10. On November 14, 2024, the Court entered the *Notice of (I) Entry of Confirmation Order, (II) Occurrence of Effective Date, and (III) Related Bar Dates* [D.I. 1058] which established, among other things, December 14, 2024 as the deadline for those requesting payment of Administrative Claims to file such requests in the Chapter 11 Cases (the "Administrative Bar Date").

**Schedules, Proofs of Claim, and Claims Reconciliation**

11. On September 18, 2024, the Debtors filed their schedules of assets and liabilities and statements of financial affairs [D.I. 494-513] (collectively, and as may be further modified, amended, or supplemented from time to time, the "Schedules").

12. The Debtors' register of claims (the "Claims Register"), maintained by Epiq Corporate Restructuring, LLC, indicates that approximately 3,053 Proofs of Claim are pending in the Chapter 11 Case.

13. In the ordinary course of business, the Debtors maintained books and records (the "Books and Records") that reflect, among other things, the nature and amount of the liabilities owed to their creditors. The Plan Administrator and his professionals have been reviewing, comparing, and reconciling the Proofs of Claim (including any supporting documentation) with the Schedules and Books and Records. This reconciliation process includes identifying particular categories of Proofs of Claims that may be subject to objection.

14. While this analysis and reconciliation is ongoing, the Plan Administrator has determined that the Insufficient Documentation Claims listed on **Schedule 1** to the Proposed Order should be disallowed and expunged because they fail to (a) include or attach sufficient information or documentation to constitute *prima facie* evidence of the validity and amount of the claim, as required by Bankruptcy Rule 3001(c), and (b) do not have a basis in the Debtors' Books and Records. **Schedule 1** provides additional detail on why each Insufficient Documentation Claim should be disallowed.

15. Second, the No Liability Claims listed on **Schedule 2** to the Proposed Order should be disallowed and expunged because they are claims for which the Books and Records do not show *any* corresponding liability. **Schedule 2** provides additional detail on why each No Liability Claim should be disallowed.

16. Third, the Plan Administrator has determined that the Reclassified Claims should be reclassified to appropriate unsecured status because the Debtors' Books and Records show such claims are not entitled to the priority asserted in the applicable proof of claim (*see* column titled "Asserted" on **Schedule 3**). At this time, the Plan Administrator is *not* seeking to disallow those claims listed in the "Modified" column on **Schedule 3**, however he and the Creditor Trustee reserve the right to do so in the future.

17. Fourth, Partially Satisfied Claims listed on **Schedule 4** to the Proposed Order are claims that the Debtors or the Wind-Down Debtor, as applicable, have partially paid, fully satisfying priority amounts, or have settled with the applicable parties. Therefore, the Plan Administrator seeks to disallow and expunge or reclassify the Partially Satisfied Claims, as applicable. **Schedule 4** provides additional detail as to which action is applicable.

18. Finally, the Amount Modify Claims listed on **Schedule 5** to the Proposed Order are claims for which the Debtors' Books and Records show a *lesser* amount of corresponding liability. **Schedule 5** provides additional detail on why each Amount Modify Claim should be reduced.

19. Therefore, in an effort to maintain an accurate Claims Register, the Plan Administrator objects to the allowance of each of the Disputed Claims and requests that each such Disputed Claim disallowed and expunged or reclassified, as requested herein.

## Basis For Relief Requested

20. Section 502(a) of the Bankruptcy Code provides, in pertinent part, that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Once an objection to a claim is filed, the Court, after notice and a hearing, shall determine the allowed amount of the claim. *See* 11 U.S.C. § 502(b).

21. Section 502(b)(1) of the Bankruptcy Code provides, in part, that a claim may not be allowed to the extent that it "is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). While a properly filed proof of claim is prima facie evidence of the claim's allowed amount, when an objecting party rebuts a claim's prima facie validity, the claimant bears the burden of proving the claim's validity by a preponderance of evidence. *See In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992). The burden of persuasion with respect to the claim is always on the claimant. *See id.* at 174.

22.     The Disputed Claims are unenforceable (at least in part) against the Debtors for the reasons set forth herein and in the Roberts Declaration.  Each of the Disputed Claims was filed against a Debtor for certain amounts allegedly owed by that Debtor.  A review of the Books and Records as well as the documentation (or lack thereof) submitted in support of the Disputed Claims, however, established that there is no basis for holding the applicable Debtors liable for the Disputed Claims as set forth therein.  Thus, the Disputed Claims must be disallowed and expunged.

23.     If the Disputed Claims are not disallowed and expunged, the potential exists for the applicable claimants to receive recoveries to which they are not entitled, to the detriment of the Debtors' other stakeholders.  Therefore, pursuant to section 502(b)(1) of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1, the Plan Administrator respectfully requests that the Court enter the Proposed Order granting the relief requested herein.

## Responses to Objection

24.     <u>Filing and Service of Responses</u>:  To contest the Objection, a claimant must file and serve a written response to the Objection (a "<u>Response</u>") so that it is actually received by the Clerk of the Court and the parties in the following paragraph **no later than 4:00 p.m. (Eastern Daylight Time) on April 11, 2025**.  Claimants should locate their names and Claims on **Schedule 1**, **Schedule 2**, **Schedule 3**, **Schedule 4** and/or **Schedule 5** of the Proposed Order and carefully review the Objection.  A Response must address each ground upon which the Plan Administrator objects to a particular Claim.

25.     Each Response must be filed with the Office of the Clerk of the Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801. In addition, a claimant must serve its Response on the counsel to the Plan Administrator, Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801 (Attn: Mark D. Collins

(collins@rlf.com), Jason M. Madron (madron@rlf.com), and Zachary J. Javorsky (javorsky@rlf.com)).

26. <u>Content of Responses</u>: Every Response to the Objection must contain, at a minimum, the following:

    a. a caption setting forth the name of the Court, the above-referenced case number, and the title of the Objection to which the Response is directed;

    b. the name of the claimant and description of the basis for the amount of the Disputed Claim;

    c. a concise statement setting forth the reasons why a particular Disputed Claim should not be disallowed for the reasons set forth in the Objection, including, but not limited to, the specific factual and legal bases upon which the claimant will rely in opposing the Objection at the Hearing (as such term is defined below);

    d. all documentation or other evidence of the Claim in question, to the extent not already included with the claimant's proof of claim, upon which the claimant will rely in opposing the Objection at the Hearing;

    e. the name, address, telephone number, and fax number of the person(s) (who may be the claimant or a legal representative thereof) possessing ultimate authority to reconcile, settle, or otherwise resolve the Claim on behalf of the claimant; and

    f. the name, address, telephone number, and fax number of the person(s) (who may be the claimant or a legal representative thereof) to whom the Plan Administrator should serve any reply to the Response.

27. <u>Timely Response Required; Hearing</u>: If a claimant whose Claim is subject to the Objection, and who is served with the Objection, fails to file and serve a timely Response in compliance with the foregoing procedures, the Plan Administrator will present to the Court an appropriate order disallowing the Disputed Claim without further notice to the claimant. If a Response is properly and timely filed and served in accordance with the above procedures, the Plan Administrator will endeavor to reach a consensual resolution with the claimant. If no consensual resolution is reached, the Court will conduct the Hearing with respect to the Objection

and the Response on **April 22, 2025 starting at 10:00 a.m. (Eastern Daylight Time)** (or such other date and time as parties filing Responses may be notified), before The Honorable Craig T. Goldblatt, United States Bankruptcy Judge, at the Court, 824 North Market Street, 3rd Floor, Courtroom 7, Wilmington, Delaware 19801 (the "Hearing").  Only those Responses made in writing and timely filed and received will be considered by the Court at any such hearing.

28. <u>Adjournment of Hearing</u>:  The Plan Administrator reserves the right to adjourn the Hearing on any Claim included in the Objection.  In the event that the Plan Administrator so adjourns the Hearing, he will state that the Hearing on that particular Claim has been adjourned on the agenda for the Hearing on the Objection, which agenda will be served on the person designated by the claimant in its Response.

29. <u>Separate Contested Matter</u>:  Each of the Disputed Claims and the Plan Administrator's objections thereto as asserted in this Objection constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  The Plan Administrator requests that any order entered by the Court with respect to an objection asserted herein will be deemed a separate order with respect to each such Disputed Claim.

**Reservation of Rights**

30. The Plan Administrator expressly reserves the right to amend, modify, or supplement this Objection, and to file additional objections to any other claims (filed or not) that may be asserted against the Wind-Down Debtor.  Should one or more of the grounds of objection stated in the Objection be dismissed or overruled, the Plan Administrator reserves the right to

object to each of the Disputed Claims or any other proofs of claim on any other grounds that the Plan Administrator discovers or elects to pursue.

31. Nothing in this Objection will be deemed or construed: (a) as an admission as to the validity of any claim or interest against the Wind-Down Debtor; (b) as a waiver of the Plan Administrator's or the Creditor Trustee's rights to dispute or otherwise object to any claim or proof of interest on any grounds or basis; or (c) to waive or release any right, claim, defense, or counterclaim of the Wind-Down Debtor, or to estop the Plan Administrator on behalf of the Wind-Down Debtor from asserting any right, claim, defense, or counterclaim (including setoff).

## Compliance with Local Bankruptcy Rule 3007-1

32. To the best of undersigned counsel's knowledge and belief, this Objection complies with Local Rule 3007-1. To the extent this Objection does not comply in all respects with the requirements of Local Rule 3007-1, the undersigned believes such deviations are not material and respectfully requests that any such requirement be waived.

## Notice

33. Notice of this Objection shall be provided to the holders of the Disputed Claims on the date hereof, as well as (a) U.S. Trustee and (b) counsel to the Creditor Trustee. The Plan Administrator submits that, under the circumstances, no other or further notice is required.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE the Plan Administrator respectfully requests entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated:   March 21, 2025
        Wilmington, Delaware

*/s/ Zachary J. Javorsky*
**RICHARDS, LAYTON & FINGER, P.A.**
Kevin Gross (DE Bar No. 209)
Mark D. Collins (DE Bar No. 2981)
Jason M. Madron (DE Bar No. 4431)
Zachary J. Javorsky (DE Bar No. 7069)
920 N. King Street
Wilmington, Delaware 19801
Telephone:   (302) 651-7700
Facsimile:   (302) 651-7701
Email:   gross@rlf.com
       collins@rlf.com
       madron@rlf.com
       javorksy@rlf.com

*Counsel to the Plan Administrator*