# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| SUNPOWER CORPORATION, *et al.*,[1] | ) | Case No. 24-11649 (CTG) |
|  | ) |  |
| Wind-Down Debtor. | ) | **Re: D.I. 1305, 1369, 1386** |
|  | ) |  |
|  | ) | **Status/Scheduling Hearing Date:** |
|  | ) | **April 22, 2025 at 10:00 a.m. (EDT)** |
|  | ) |  |

## PLAN ADMINISTRATOR'S PRELIMINARY REPLY TO "SOLAR SAVINGS DIRECT, INC.'S RESPONSE TO THE PLAN ADMINISTRATOR'S EIGHTH OMNIBUS OBJECTION TO CERTAIN LATE CLAIMS AND AMENDED AND REPLACED CLAIMS (NON-SUBSTANTIVE)" [D.I. 1386]

Mark Roberts, solely in his capacity as the plan administrator for the Wind-Down Debtors

(the "Plan Administrator"), hereby files this preliminary reply (the "Preliminary Reply") to *Solar*

*Savings Direct, Inc.'s Response To The Plan Administrator's Eighth Omnibus Objection To*

*Certain Late Claims And Amended And Replaced Claims (Non-Substantive)*, dated March 13, 2025

[D.I. 1386] (the "Solar Savings Response")[2] filed by Solar Savings Direct, Inc., doing business as

---

[1]    The Wind-Down Debtor in this chapter 11 case, along with the last four digits of the Wind-Down Debtor's federal tax identification number, is: SunPower Corporation (8969) ("SunPower"). On February 18, 2025. The Court entered an order closing the chapter 11 cases of SunPower's debtor affiliates (collectively, the "Closing Debtors"). The Closing Debtors, along with the last four digits of the Closing Debtor's federal tax identification number, are: SunPower Corporation, Systems (8962); SunPower Capital, LLC (8450); SunPower Capital Services, LLC (9910); SunPower HoldCo, LLC (0454); SunPower North America, LLC (0194); Blue Raven Solar, LLC (3692); Blue Raven Solar Holdings, LLC (4577); BRS Field Ops, LLC (2370); and Falcon Acquisition HoldCo, Inc. (3335). The location of the Wind-Down Debtor's service address for purposes of this chapter 11 case is: 655 15th Street, NW, Suite 600, Washington, DC 20005, Attn: Mark Roberts, in his capacity as the Plan Administrator.

[2]    On or about February 4, 2025, Solar Savings late filed (i) Proof of Claim No. 12576 ("Claim 12576") and (ii) the *Motion of Solar Savings Direct, Inc. for Allowance and Payment of Administrative Expense Claims Pursuant to 11 U.S.C. § 503(b)(1)(A)* [D.I. 1305] (the "Administrative Expense Motion"), both assert an administrative expense claim of $220,216.00 on account of the same liabilities. Therefore, to the extent the Court disallows and expunges Claim 12576, it should also deny the Administrative Expense Motion with prejudice.

Solar Savings Direct ("<u>Solar Savings</u>").  In support of this Preliminary Reply,[3] the Plan Administrator respectfully represents as follows:

<b><u>PRELIMINARY STATEMENT</u></b>

1.      Solar Savings was properly served with Notice of the Effective Date, which established December 14, 2024 as the deadline for all parties to file and serve requests for payment of Administrative Claims.  Nearly two months later, and well after the Plan Administrator began reconciling the timely filed Administrative Claims, Solar Savings filed Claim 12576 and their Administrative Expense Motion asserting a $220,216.00 administrative expense request.  Solar Savings' only justification for its late-filed request appears to be that the address upon which the Debtors served Solar Savings was missing "Suite A" (but was otherwise correct and complete). As discussed in detail below, courts in this district and elsewhere have routinely held that omitting items such as a suite number from an address does not render service ineffective.

2.      This Court should not condone Solar Savings' apparent disregard of the Notice of Effective Date, which was served upon it at an address containing Solar Savings' correct street address, city, state, and zip code, because a suite number was omitted.  Solar Savings must be bound by the terms of the Plan and Notice of Effective Date, which provide that if a party is required to, but does not, file and serve a request for payment of such Administrative Claim by the Administrative Claims Bar Date, such Holder shall be forever barred, estopped, and enjoined from

---

[3]    The Plan Administrator intends to treat the April 22, 2025 omnibus hearing (the "<u>April 22 Hearing</u>") as a ***status and scheduling conference only*** with respect to all of (i) *The Plan Administrator's Eighth Omnibus Objection to Certain Late Claims and Amended and Replaced Claims (Non-Substantive)*, filed February 28, 2025 [D.I. 1369] (the "<u>Eighth Omnibus Objection</u>"), (ii) Claim 12576 and (iii) the Administrative Expense Motion. The Plan Administrator is filing this Preliminary Reply to preview his position concerning Claim 12576 and the Administrative Expense Motion to the Court in advance of the April 22 Hearing for the Court's convenience. The April 22 Hearing is ***not*** intended to be a merits hearing on Claim 12576 or the Administrative Expense Motion, and the Plan Administrator strictly reserves all of his rights to supplement this Preliminary Reply at a later date before any merits hearing on Claim 12576 or the Administrative Expense Motion following the further development of the record, including, without limitation, discovery (which is being filed contemporaneously herewith).

RLF1 32803400v.1

asserting such Administrative Claims against the Debtors, the Wind-Down Debtors, or their property, and such Administrative Claims shall be deemed released and extinguished as of the Effective Date without the need for any objection from the Debtors or the Wind-Down Debtors or any notice to or action, order, or approval of the Bankruptcy Court.  Therefore, Claim No. 12576 should be disallowed and expunged in its entirety.

3.      As noted in footnote 3, and as the Plan Administrator has communicated to counsel for Solar Savings, the Plan Administrator intends that the April 22 Hearing will proceed as a status and scheduling conference only.  The Plan Administrator reserves all rights to supplement this Preliminary Reply and will meet this evidentiary burden at the appropriate time.

## RELEVANT BACKGROUND

4.      Additional background on the Debtors' chapter 11 cases, the appointment of the Plan Administrator, and the claims administration process is set forth in the Eighth Omnibus Objection, which the Plan Administrator incorporates by reference as if set forth herein in full.

5.      Prior to the Petition Date, Solar Savings and Debtor, SunPower Corporation Systems ("Systems"), were parties to a certain *Master Subcontract Agreement – New Homes Installation Partner*, dated May 11, 2021 (the "2021 Subcontractor Agreement"), through which Solar Direct provided installation and other construction services related to the Debtors' new homes business.  Notably, the 2021 Subcontractor Agreement provided that legal notices relating to it should be sent to 4420 Commidty (*sic*) Way, STE A. Shingle Springs CA 95682.

6.      In August 2023, Solar Savings and Systems amended the 2021 Subcontractor Agreement and entered into the *Amendment to the Master Subcontract Agreement – New Homes Installation Partner SunPower Homes Installation Partner* (the "2023 Amended Subcontractor Agreement").  The 2023 Amended Subcontractor Agreement provided that legal notices relating

3

to it should be sent to 3867 Dividend Drive, Suite A, Shingle Springs, CA 95862 (*sic*).

7.    Shortly after the Debtors filed for bankruptcy, representatives of the Debtors and representatives of Solar Savings, among others, met virtually regarding the bankruptcy and their go-forward relationship.    Therefore, Solar Savings clearly had actual notice of the Debtors' bankruptcy cases.

8.    On October 18, 2024, the Court entered the *Findings of Fact, Conclusions of Law, and Order Approving the Debtors' Disclosure Statement for, and Confirming the Amended Joint Chapter 11 Plan of SunPower Corporation and its Debtors Affiliates* [D.I. 872], pursuant to which the Court confirmed the Plan.

9.    The Plan established "thirty days after the Effective Date" as the Administrative Claims Bar Date and further provides that

> Holders of Administrative Claims that are required to File and serve a request for payment of such Administrative Claims that do not File and serve such a request by the Administrative Claims Bar Date shall be forever barred, estopped, and enjoined from asserting such Administrative Claims against the Debtors, the Wind-Down Debtors, or their property, and such Administrative Claims shall be deemed released and extinguished as of the Effective Date without the need for any objection from the Debtors or the Wind-Down Debtors or any notice to or action, order, or approval of the Bankruptcy Court.

*See* Plan Art. II.A.

10.    The Plan became effective in accordance with its terms on November 14, 2024 (the "Effective Date"), and the Debtors filed *Notice of (I) Entry of Confirmation Order, (II) Occurrence of Effective Date, and (III) Related Bar Dates* [D.I. 1058] (the "Notice of Effective Date").    The Notice of Effective Date states that all Administrative Claims must be filed by December 14, 2024 (the "Administrative Claims Bar Date") and outlines the consequence for failing to timely file an Administrative Claim, including that all untimely claims will be forever barred.

11.    The Debtors, by and through their Court approved claims and noticing agent, Epiq

Corporate Restructuring, LLC ("Epiq"), served the Notice of Effective Date on Solar Savings by U.S. first class mail in envelopes with the following legend: "LEGAL DOCUMENTS ENCLOSED.  PLEASE DIRECT TO THE ATTENTION OF ADDRESSEE, PRESIDENT OR LEGAL DEPARTMENT" at the following addresses:

- 3867 DIVIDEND DRIVE SHINGLE SPRINGS CA 95682

- 4420 COMMODITY WAY, SUITE A SHINGLE SPRINGS CA 95682

- 4420 COMMODITY WAY SUITE A SHINGLE SPRINGS CA 95682-7250

*See* AOS, D.I. 1077.  The Debtors, through Epiq, also served the Notice of Effective Date by email on Solar Savings at Sunpower@solarsavingsdirect.com.  Based on presently available information on belief, none of the items were returned to Epiq for any reason.[4]  Solar Savings failed to timely file and serve an Administrative Claim by the Administrative Claims Bar Date.  Instead, nearly two months later it filed Claim 12576 and its Administrative Expense Motion.  On February 28, 2025, the Debtors filed the Eighth Omnibus Objection to, among others, Claim 12576 as late filed. On March 13, 2025, the Solar Savings Response was filed reasserting excusable neglect under *Pioneer* for missing the Administrative Claims Bar Date.  For the reasons set forth below, the Eighth Omnibus Objection should be sustained, Claim 12576 should be disallowed in full, and the Administrative Expense Motion should be denied with prejudice.

## PRELIMINARY REPLY

### A.    Solar Savings Was Served with the Notice of Effective Date

12.    Solar Savings attempts to invalidate the applicable provisions of the Plan and the Notice of Effective as to them by asserting that the Debtors' service was ineffective.  Solar

---

[4]    The Plan Administrator will submit an affidavit from Epiq prior to any merits hearing on Claim 12576 and the Administrative Expense Motion concerning the fact that none of the service items mailed to Solar Savings by Epiq were returned as undeliverable or otherwise.

Savings' basis for this argument appears to be that the Notice of Effective Date were sent to an address that did not contain the proper "Suite Number."  As discussed below, the Notice of Effective Date was properly served upon Solar Savings at its precise street address minus the suite number.  Solar Savings' grounds for ignoring the Notice of Effective Date are unjustifiable and clearly an improper attempt to evade the consequences to them of proper service.

> **i.     The Address in the Notice of Effective Date Provided Proper Notice and Satisfies Due Process**

13.     Solar Savings was served at the correct street address, city, state, and zip code. Indeed, the Notice of Effective Date was not returned to Epiq as undeliverable or otherwise.  The issue Solar Savings raises is simply whether missing a suite number invalidates otherwise effective service.  The Plan Administrator submits that the answer is clearly no.

14.     The determination of whether a creditor received adequate notice of a claims bar date "depends upon the facts and circumstances of a given case."  *In re Grand Union Co.*, 204 B.R. 864, 871 (Bankr. D. Del. 1997).

> In general, due process requires notice that is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  In other words, the notice must be such that it would reasonably inform the interested parties that the matter is pending and would reasonably allow the parties to "choose for [themselves] whether to appear or default, acquiesce or contest."

*Id.* (quoting *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950)).

15.     In the Third Circuit, due process is provided by serving notice in a method that is reasonably calculated to give parties the information they need to decide whether they want to participate in the bankruptcy process.  It is well established that actual notice can be met by mailing notice to a party's last-known address.  *See In re Freedom Commc'ns Holdings, Inc.*, 472 B.R. 257, 262 (Bankr. D. Del. 2012) (citing *Tulsa Prof'l Collection Servs., Inc. v. Pope,* 485 U.S. 478,

490 (1988) ("We have repeatedly recognized that mail service is an inexpensive and efficient mechanism that is reasonably calculated to provide actual notice.")). Because it is inexpensive and efficient, mail service is the most common method of providing actual notice in bankruptcy proceedings. Indeed, a presumption that a mailed notice was received arises when mail is properly addressed, stamped, and deposited in the mail system. *Hagner v. United States,* 285 U.S. 427, 430 (1932). Therefore, it is presumed that Solar Savings received the Notice of Effective Date.

16.    Solar Savings appears to attempt to rebut this presumption by claiming that the address it was served at did not contain "Suite A." The Plan Administrator submits that this position is incorrect and not supported by applicable law.

17.    It is well established by case law in this district and elsewhere that omitting items such as a suite number does not rebut the presumption of receipt or otherwise invalidate constitutionally sufficient service. Notably, in *PacifiCorp v. W.R. Grace & Co.*, the United States District Court for the District of Delaware rejected a challenge from a creditor to its receipt of a claims bar date notice when the notice (1) was mailed to "VanCott, Bagley, Cornwall & McCarthy" rather than "Van Cott Bagley Cornwall & McCarthy 401(k) Profit Sharing Plan," (2) *did not include the creditor's suite number*, and (3) contained the wrong zip code. 2006 U.S. Dist. LEXIS 57470, *52-56 (D. Del. Aug. 16, 2006). The Court stated the established rule that if "mail is properly addressed, stamped, and mailed, there is a presumption that the notice was received." *Id*. at *52 (citing *Longardner & Assoc.,* 855 F.2d 455, 459 (7th Cir. 1988); *Hagner v. United States,* 285 U.S. 427 (1932). However, the Court further noted that an incorrect or missing zip code only weakens, and does not rebut, that presumption. *Id*. at *52-53. It also noted that a missing suite number does not preclude a finding that a notice was properly addressed. *Id*. at *54.[5] Finally, the

---

[5]    This position is consistent with rulings from Bankruptcy Courts in the Eastern District of Pennsylvania that have held that a missing suite number does not preclude a finding that the notice was properly addressed. *See, e.g., In*

Court found that statements of the president of the creditor that he did not receive the notice did not overcome the presumption that the notice was properly delivered when the creditor had not alleged any standardized procedures for processing claims it did receive (such as contacting the company's local office for advice and information on a particular account, forwarding copies of received notices to the company's legal department, and keeping records of notices). *Id*. at \*54-55. Therefore, notwithstanding the creditor's three challenges listed above, which included the creditor's name discrepancy, the Court found that the creditor received actual notice of the claims bar date. *Id*. at \*55.

18.    Similarly, in *Herndon v. De la Cruz*, the Ninth Circuit BAP upheld a bankruptcy court's finding that an address that was "only missing the floor number, law firm name and the last four digits of the zip code" was harmless. *(In re De la Cruz)*, 176 B.R 19, 23 (B.A.P. 9th Cir. 1994). The Court noted that a "declaration . . . stating that [the movant] did not receive the notice" was "not sufficient" to rebut the mailing presumption. *Id.*

19.    In the present matter, by asserting *only* a suite number was missing, Solar Savings clearly has not overcome the presumption that it received the Notice of Effective Date. The mailed notices in both *PacifiCorp* and *De la Cruz* contained missing suite numbers or floor numbers *in addition to* significant errors and omissions, and the court in both cases held that such errors did not invalidate the notices. Further, the self-serving declaration submitted by Solar Savings, like the declaration in *De la Cruz*, is not sufficient to rebut the presumption that Solar Direct received the mailed notice of effective date. Therefore, Solar Savings is presumed to have received the Notice of Effective Date and had actual notice of the Administrative Claims Bar Date and the

---

*re Li,* 242 B.R. 280, 283 (E.D.Pa.1999) (stating that where the debtor failed to include the suite number in an address, the "insufficiency of the mailing address [was] doubtful").

consequences of failing to file a timely an Administrative Claim.

20.     This Court should not deviate from established law and accept Solar Direct's position that bankruptcy notices are ineffective, even if sent to the exact address minus a suite number.  Adopting such a rule would be contrary to the relevant caselaw, potentially also render countless notices sent in countless bankruptcy cases ineffective, and impose an unmanageable and unnecessary burden upon debtors, particularly in large cases.

21.     If the Court is inclined to adopt Solar Savings' position (which it should not), that is not the end on the analysis.  As Judge Shannon explained in *Freedom Commc'ns Holdings, Inc.*, even if the presumption of receipt is rebutted, a court can still find that a party received "adequate notice" given the specific factual circumstances of the case.  472 B.R. 257, 261 (Bankr. D. Del. 2012).  A key factor in determining "adequate notice" is whether the mailing was returned as undeliverable.  *See id*.  Here, based on information and belief, Epiq did not receive any undeliverable returned mail from the three Solar Savings' addresses upon which they served the Notice of Effective Date (or any other notices served in the bankruptcy cases).  Further, Epiq emailed the notice to the address in the Debtors' books and records for Solar Savings.  Such email did not bounce back to Epiq as undeliverable, thereby inferring that Solar Savings did indeed receive the email.  Given the foregoing, the Plan Administrator submits that service on Solar Savings was adequate and satisfied all due process requirements.  Therefore, the Eighth Omnibus Objection should be sustained, Claim 12576 should be disallowed in full, and the Administrative Expense Motion should be denied with prejudice.

**B.     Solar Savings Admits Having Knowledge of the Chapter 11 Cases Prior to the Deadline for Filing Administrative Expense Claims**

22.     Solar Savings admits having knowledge of the Chapter 11 Cases prior to the

RLF1 32803400v.1

deadline for filing administrative expense claims.[6]    Indeed, Solar Savings virtually met with, among others, representatives of the Debtors on or around August 12, 2024.  Rather than pursuing its alleged claims in the Chapter 11 Cases, Solar Savings slept on its rights and chose to ignore the cases.  Further, Solar Savings had ample time before the Administrative Claims Bar Date to file its claim, as it admits that it stopped working for the Debtors on or around September 18, 2024 and could have filed its claim at any point after that prior to the Administrative Claims Bar Date.

> *C.*    ___*Pioneer* Does Not Permit Solar Savings' Claim___

23.    The Solar Savings Response relies on *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388, 395 (1993),  to assert excusable neglect.  The familiar four-part *Pioneer* test is highly fact specific and requires analysis of facts that will be subject to discovery.  However, based on presently available information, the Plan Administrator submits that *Pioneer* cannot excuse Solar Savings' neglect of filing a claim *nearly two months* after the applicable bar date.

24.    First, as explained above, the reason for Solar Savings' delay – the missing suite number – does not negate the effectiveness of the Debtors' service.  Solar Savings has no excuse for filing Claim 12576 and the Administrative Expense Motion late.  Further, Solar Savings asserts (without any support) that allowing its claim to go forward would not "unfairly prejudice any other creditors in relation to these bankruptcy proceedings."  As the Court may recall, the sizing of the Administrative / Priority Claims Reserve Amount (as such term is defined in the Plan) was a highly negotiated issue in the Debtors' bankruptcy cases.  The Administrative Claims Bar Date was enacted to quickly identify the pool of administrative expense claims to allow the Plan Administrator to analyze, reconcile, and pay such claims in a timely manner.  That analysis started

---

[6]    *See Declaration in Support of Solar Savings Direct, Inc.'s Response To The Plan Administrator's Eighth Omnibus Objection To Certain Late Claims And Amended And Replaced Claims (Non-Substantive)* [D.I. 1386, ¶5] ("On or around August 12, 2024, myself and other representatives of Solar Savings began to have discussions with representatives of the Debtors . . . where we first learned about the Debtors' filing for bankruptcy.")

immediately after, and even before the Administrative Claims Bar Date. Allowing Solar Savings' asserted untimely claim to proceed, especially if protracted litigation ensues, threatens to slow down the reconciliation process at the detriment of other creditors.

25.     The Plan Administrator further submits that Solar Savings' unsubstantiated, unjust enrichment claims are inconsistent with the bankruptcy code and, if accepted, would nullify the effectiveness of the bar dates, which provided the Debtors certainty regarding the claims they face.

26.     Given the foregoing, the Eighth Omnibus Objection should be sustained, Claim 12576 should be disallowed in full, and the Administrative Expense Motion should be denied with prejudice.

*[Remainder of page intentionally left blank.]*

RLF1 32803400v.1

WHEREFORE, the Plan Administrator respectfully requests that the Court sustain the

Eighth Omnibus Objection, deny the Administrative Expense Motion, and grant such other and

further relief as the Court may deem just and appropriate.

Dated:    April 16, 2025
       Wilmington, Delaware

*/s/ Jason M. Madron*

**RICHARDS, LAYTON & FINGER, P.A.**
Kevin Gross (DE Bar No. 209)
Mark D. Collins (DE Bar No. 2981)
Jason M. Madron (DE Bar No. 4431)
Zachary J. Javorsky (DE Bar No. 7069)
920 N. King Street
Wilmington, Delaware 19801
Telephone:    (302) 651-7700
Facsimile:    (302) 651-7701
Email:        gross@rlf.com
        collins@rlf.com
        madron@rlf.com
        javorksy@rlf.com

*Counsel to the Plan Administrator*
