IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| SUNPOWER CORPORATION, et al.,[1] | ) Case No. 24-11649 (CTG) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) **Re: D.I. 1255, 1337, 1367, 1405, 1447** |

### REPLY IN FURTHER SUPPORT OF MOTION TO COMPEL DISCLOSURE OF RESPONSIBLE PARTY AND IN RESPONSE TO LIMITED OBJECTION (D.I. 1447)

Movant[2] Nahum Gat respectfully submits this reply in further support of his Motion to Compel Disclosure (D.I. 1367) and in response to the Limited Objection filed by the Plan Administrator (D.I. 1447). Movant has been informed by the Plan Administrator's counsel that this motion is scheduled to be heard as part of the omnibus calendar on April 22, 2025, at 10:00 a.m. Eastern Time via Zoom, and intends to appear accordingly.

### I. Summary of Movant's Position

Movant is 77 years old. He and his wife, who is 75, purchased an electric vehicle and contracted with SunPower for a solar system to reduce their utility costs. The system was installed but never completed. It lacks final inspection and utility interconnection.

---

[1] The Wind-Down Debtor with federal tax identification number is SunPower Corporation (8969) ("SunPower"). On February 18, 2025. The Court entered an order closing the Chapter 11 cases of SunPower's debtor affiliates (collectively, the "Closing Debtors"). The Closing Debtors with federal tax identification number, are: SunPower Corporation, Systems (8962); SunPower Capital, LLC (8450); SunPower Capital Services, LLC (9910); SunPower HoldCo, LLC (0454); SunPower North America, LLC (0194); Blue Raven Solar, LLC (3692); Blue Raven Solar Holdings, LLC (4577); BRS Field Ops, LLC (2370); and Falcon Acquisition HoldCo, Inc. (3335). The location of the Wind-Down Debtor's service address for purposes of this Chapter 11 case is: 655 15th Street, NW, Suite 600, Washington, DC 20005, Attn: Mark Roberts, in his capacity as the Plan Administrator.

[2] Capitalized terms used, but not otherwise defined, herein shall be ascribed the same meanings given to them in the Motion.

The solar system has sat unused on Movant's roof for over a year. SunPower's bankruptcy has left him unable to use it, remove it, or even find out who owns it. Local installers have refused to complete the work without confirmation that Movant has legal ownership.

The Plan Administrator has identified "HASI" (Hannon Armstrong Sustainable Infrastructure Capital, Inc.) as the purchaser, but HASI has not confirmed they own the system, nor has any party accepted legal responsibility. This leaves Movant in an impossible position: he cannot act, and no one else will.

## II. The Plan Administrator's Limited Objection Misses the Practical Problem

While the Plan Administrator states that ownership of the system passed via equity transfer to HASI/SunStrong, they also admit they do not have documentation listing Movant's system. That means they cannot provide Movant with a single document confirming a transfer of responsibility.

The Plan Administrator's Limited Objection (D.I. 1447) includes emails referencing HASI and GoodLeap. However, neither has formally accepted responsibility nor provided written confirmation that they own the system or the related **Power Purchase Agreement ("PPA")**, the contract governing system ownership, maintenance, and energy credit obligations. The PPA is not merely a financial arrangement; it is the legal foundation for access, responsibility, and performance. Until someone other than SunPower provides written evidence of assignment or assumption, the PPA remains unresolved.

Movant contacted both entities directly:

- **HASI:** Nahum spoke with HASI's lawyer, explained that he simply needed written confirmation of ownership before working with them. HASI provided a contact name but never followed up with any documentation.
- **GoodLeap:** In February 2025, Nahum had two phone calls with GoodLeap. He asked them for documentation showing that they represented the legal owner. After that, they never responded again.

Despite these efforts, no entity has agreed in writing that it owns the system or the PPA or taken steps to complete the installation. Movant understands that the Plan Administrator may no longer have access to detailed records or the ability to compel action by third parties. However, Movant is left without a remedy unless and until a successor formally acknowledges responsibility for the system and PPA. For that reason, the Debtors should remain in the case to ensure the matter is resolved, either through confirmed transfer or appropriate relief.

### III. Movant's Requested Relief Remains Narrow and Reasonable

Movant is not seeking to reopen the entire asset sale process. He simply requests:

1. That the Debtors remain in the case until a responsible party formally accepts ownership.
2. That the Plan Administrator be required to disclose the ownership chain, to the best of their knowledge.
3. That, if no party steps forward, the Debtors remain responsible for resolving the issue by abandonment or removal.

Movant believes the best solution is to transfer ownership of the system as-is so he can have a local installer complete the work. But without any legal clarity, he cannot proceed.

## IV. Reservation of Rights

Movant respectfully reserves the right to seek joinder of any party identified in the ownership chain, including but not limited to HASI, SunStrong, and GoodLeap, should they continue to avoid formally accepting ownership or responsibility for the Solar System and PPA. Movant hopes to resolve this matter without requiring further filings, but if necessary, will seek joinder to ensure that a responsible party is before the Court.

## V. Conclusion

For these reasons, Movant respectfully requests that the Court deny the Plan Administrator's request to be released, and grant the relief requested in Movant's Motion to Compel (D.I. 1367), or such further relief as the Court deems just and proper.

Dated: April 17, 2025

Respectfully submitted,

*/s/ Nahum Gat*

Digitally signed by Nahum Gat:A0109B300000189D1B8D39600000671
Date: 2025.04.16 23:23:52 -07'00'

Nahum Gat
Pro Se Movant
1227 9th Street, Manhattan Beach, CA 90266
nahum@oksi.com
(310) 614-3840

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SUNPOWER CORPORATION, et al.,<br><br>Debtors. | ) Chapter 11<br>) <br>) Case No. 24-11649 (CTG)<br>) <br>) (Jointly Administered)<br>) <br>) Re: D.I. 1255, 1337, 1367, 1405, 1447<br>) |

### CERTIFICATE OF SERVICE

I, Nahum Gat, hereby certify that on April 17, 2025, I caused a true and correct copy of the following document:

    Reply in Further Support of Motion to Compel Disclosure (D.I. 1367)
to be served as follows:

(1) **Via email to the U.S. Bankruptcy Court for the District of Delaware**, for consideration in connection with the scheduled April 22, 2025, hearing:
    helpdeskde@deb.uscourts.gov

(2) **Via email to counsel for the Plan Administrator**:
    Zachary J. Javorsky
    Richards, Layton & Finger, P.A.
    920 North King Street
    Wilmington, DE 19801
    Email: javorsky@rlf.com

(3) **A hard copy will also be sent via DHL international courier to:**
    U.S. Bankruptcy Court for the District of Delaware
    Attn: Clerk's Office
    824 N. Market Street, 3rd Floor
    Wilmington, DE 19801

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: April 17, 2025

Respectfully submitted,

*/s/ Nahum Gat*
Digitally signed by Nahum Gat:A0109B300000189D1B8D39600000671
Date: 2025.04.16 23:22:48 -07'00'

Nahum Gat
Pro Se Movant
Temporarily: Akhi Mivtakh St, 32, Rishon Le'Zion, Israel
nahum@oksi.com
(310) 614-3840

Page **1** of **1**