**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

In Re:

SUNPOWER CORPORATION,

Chapter 11

Debtor

Case No.  24-11649 CTG

**Objections due by: May 27, 2025
Hearing Date: June 23, 2025 at 10:00 a.m.**

**NOTICE OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO PROCEED
WITH LITIGATION TO COLLECT AGAINST AN INSURER OF THE DEBTOR
<u>UNDER SECTION 362 OF THE BANKRUPTCY CODE</u>**

TO:

Jason M. Madron
Richards, Layton & Finger, P.A.
920 North King Street
Wilmington, DE, 19801
Tel: (302) 651-7700
madron@rlf.com
Attorney for Debtors

Steven W. Golden Debra I. Grassgreen
Bradford J. Sandler
Pachulski, Stang, Ziehl & Jones LLP
P.O. Box 8705
Wilmington, DE 19899
Tel: (302) 652-4100
dgrassgreen@pszjlaw.com
bsandler@pszjlaw.com
sgolden@pszjlaw.com
Counsel for Creditors Committee

Moelis & Company LLC
339 Park Ave., 5th Floor, Suite 1900
New York, NY 10022
Tel: (212) 833-3800
Debtor's Investment Banker

Alvarez & Marsal North America,
LLC
540 West Madison Street, Suite 1800
Chicago, IL 60661
Debtor's Financial Advisor

Office of the United States Trustee
844 King Street, Suite 2207
Lockbox #35
Wilmington, DE 19801
Tel: (302) 573-6491
United States Trustee

Lynne Pearson Houry
Law Offices of Jill A. Wood
One Pointe Drive, 6th Floor
Brea, CA 92821
Mailing Address: P.O. Box 2282
Brea, CA 92822
Tel: (714) 571-0407
Lynne.Houry@thehartford.com

**Local Form 106A**

Victor Sanchez and Israel Hernandez have filed a Motion for Relief from Stay which seeks the following relief from the automatic stay to proceed with litigation to collect against an insurer of the Debtor.

HEARING ON THE MOTION WILL BE HELD ON JUNE 23, 2025, at 10:00 a.m. before the Honorable Craig T. Goldblatt in the United States Bankruptcy Court for the District of Delaware, 824 N. Market Street, 3rd Floor, Courtroom No. 5, Wilmington, Delaware 19801.

You are required to file a response (and the supporting documentation required by Local Rule 4001-1(c)) to the attached motion by May 27, 2025.

At the same time, you must also serve a copy of the response upon movant's attorney:

Jason C. Kolbe Esq. 18818 Teller Ave., Ste 250, Irvine, CA 92612; (949) 617-2101; jason@moetlaw.com

The hearing date specified above may be a preliminary hearing or may be consolidated with the final hearing, as determined by the Court.

The attorneys for the parties shall confer with respect to the issues raised by the motion in advance for the purpose of determining whether a consent judgment may be entered and/or for the purpose of stipulating to relevant facts such as value of the property, and the extent and validity of any security instrument.

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF DEMANDED BY THE MOTION WITHOUT FURTHER NOTICE OR HEARING.

By:_____
      Jason C. Kolbe, Esq.
      (CA SBN 296107)
      18818 Teller Ave., Ste 250
      Irvine CA 92612
      Tel: (949) 617-2101
      Email: Jason@moetlaw.com

      Attorneys for Movants
      VICTOR SANCHEZ and
      ISRAEL HERNANDEZ

**Local Form 106A**

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

IN RE:

SUNPOWER CORPORATION,

    DEBTOR.

Chapter 11
Case No. 24-11649 CTG

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO PROCEED WITH LITIGATION TO COLLECT AGAINST AN INSURER OF THE DEBTOR UNDER SECTION 362 OF THE BANKRUPTCY CODE**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

Victor Sanchez ("Sanchez") and Israel Hernandez ("Hernandez") ("collectively "Movants") by and through his undersigned attorneys, hereby move this Court for an order granting Sanchez and Hernandez relief from the automatic stay imposed by section 363 of title 11 of the United States Code ("the "Bankruptcy Code") to permit them to proceed with the California Action (as defined below) against Debtors to its conclusion in an effort to collect solely from the Debtor's assumed Hartford Insurance or other insurer's policies. In support of this Motion, the Movants respectfully represent as follows:

### I. JURISDICTION AND VENUE

This Court has jurisdiction of this Motion pursuant to 28 U.S.C §§ 157 and 1334. This motion is a core proceeding pursuant to 28 U.S.C § 157(b). Venue of this case in this district is proper pursuant to 28 U.S.C §§ 1408 and 1409. The statutory predicates for the relief sought herein include, without limitation sections 105, 361, and 362(d)(1) of the Bankruptcy Code, and Rule 4001(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## II. INTRODUCTION

The present matter is a personal injury action ("California Action") arising out of a loss that occurred on or about September 8, 2023, when Movants were rear-ended by Sunpower Corporation, Inc.'s present or former employee Mario Richard Esqueda ("Esqueda") while driving at the intersection of Saticoy Street and Jellico Avenue in the county of Los Angeles, State of California. Esqueda was operating a 2021 Ram 3500, license number 5452853, owned, maintained, leased, or otherwise controlled by Sunpower Corporation ("Sunpower") during the subject collision. To date, Movants have incurred approximately $231,000.00 in medical bills related to the injuries they sustained in the accident. Movants filed a lawsuit against Defendants Esqueda and Sunpower Corporation on March 17, 2025, in the Los Angeles Superior Court – Van Nuys Courthouse, Case number 25VECV0149.

Movants recently learned of the bankruptcy filing by Sunpower Corporation. The purpose of this Motion is to request that the automatic bankruptcy stay be lifted to the extent that Movants can recover from Debtors insurance policy with Hartford Insurance, policy number 57UELWQ0014.

## III. FACTUAL BACKGROUND

Movants recently learned that Defendant Sunpower Corporation filed a Voluntary Petition under Chapter 11 of the Bankruptcy Code on August 5, 2024 (After the date of loss). As a result of the 11 U.S.C § 362(a), Movants are prohibited from pursuing their claims against Defendant Sunpower Corporation in the California Action absent from this Court.

As set forth above, the Movants sustained severe injuries due to the collision caused directly by Esqueda while operating a vehicle for Defendant Sunpower. Movants are informed and believe that Defendant Esqueda was employed by Defendant Sunpower at the time of the subject collision. Moreover, Defendant Sunpower owed a general public duty of reasonable care in hiring, training, and supervision of its drivers, and did breach that duty when their employee caused Movants' to suffer special and general damages.

2

The California Action is presently pending in the Superior Court of the State of California, Case number 25VECV0149. Movants would like to continue with the litigation of the California Action and their pursuit of damages for special and general damages, under California law. Movants are seeking to recover damages that are covered by Defendant Sunpower's insurance policy covering the subject vehicle at the time of the loss.

## IV. RELIEF REQUESTED

Section 363(d) of the Bankruptcy Code is written in parts and provides for relief from the automatic stay if a creditor can show cause, or establish that the debtor has no equity in the property. Movants satisfy both conditions as outlined herein.

Under section 362(d)(1) of the Bankruptcy Code, the court may grant relief from the automatic stay "for cause." While the bankruptcy Code does not define the term "cause," one specified basis for finding cause to grant relief from the automatic stay is the debtor's lack of adequate protection of a party's interest. To determine whether other bases exist for finding that cause exists, a court should consider the "facts of each request [to] determine whether relief is appropriate under the circumstances." *Mazzeo v. Lenhart (In re Mazzeo)*, 167 F.3d 139, 142 (2nd Cir. 1999) (citing *Sonnax Industries, Inc. v. Tri Component Prod. Corp. (In re Sonnax Idus., Inc.)* 907 F.2d 1280, 1286 (2nd Cir. 1990), (quoting H.R. Rep. No. 95-595, at 343-44 (1977)). Cause can be any reason cognizable to the equity of power and conscience of the court as constituting an abuse of the Bankruptcy process." *In re Little Creek Dev. Co.*, 779 F.2d 1068, 1072 (5th Cir. 1986). 11 U.S.C. § 362(d)(1). Here, sufficient cause is present supporting relief from the stay because Movants, and each of them, would suffer substantial prejudice if the stay is not lifted. Movants suffered from serious injuries and accumulated approximately $231,000.00 in medical bills to date. Movants seek to recover these damages through the Debtors applicable automobile policy with Hartford Insurance, policy 57UELWQ0014. This California action requires the participation of debtors and discovery of admissible evidence for Movants to present reliable facts in pursuit of recovery. It is believed the California Action could be defended at no

expense to the Debtor and therefore, the continuation of the California Action will not hinder, burden, delay or be inconsistent with this bankruptcy petition.

Additionally, 11 U.S.C. § 362(d)(2), provides for relief from the automatic stay if the creditor can establish the debtor has no equity in the property and property is not necessary to an effective reorganization. Here, Movants respectfully request that the Court provide relief from the stay because Movants are not seeking to collect a judgment from the debtor or its property, but instead the Debtors' assumed insurance. *See Matter of McGraw, supra,* at 143. Bankruptcy Courts have permitted accident victims relief from the stay for the purpose of pursuing a lawsuit against a debtor as a defendant for the limited purpose of determining liability to collect insurance proceeds from the debtor's insurance coverage. Furthermore, continuation of the California Action will not diminish the estate of the Debtor, particularly, if Movants are limited in their recovery in connection with any judgment against Debtor, to the coverage afforded under the applicable Hartford insurance policy. As a result, lifting the stay will not prejudice Debtor or their Chapter 11 estate.

## V. MOVANTS WILL LIKELY PREVAIL
## ON THE UNDERLYING CALIFORNIA ACTION

The last part of this analysis looks at whether the person asking for relief has a good chance of winning their case if it goes to court. "Even a slight probability of success on the merits may be sufficient to support the lifting of the automatic stay for cause in appropriate cases." *In re Continental Airlines, Inc.,* 152 B.R. at 425. The Complaint for Damages in the California Action shows that the claims presented therein are far from trivial. The basis of the California Action is the negligence of the Defendant Esqueda and Debtor/Defendant Sunpower. After the initial investigation of the accident, Hartfod insurance agreed with Movants and accepted 100% liability for the accident subject to the complaint. Since there is no liability issue, the matter has a higher chance at winning at Court. It is not a matter of fault but a matter of monetary recovery potential to Movants in relation to their damages.

4

## VI. NO PREVIOUS REQUEST

No previous request for the relief requested in this Motion has been submitted to this or any court.

## VII. NOTICE

The Notice of Motion has been provided to the the Office of the United States Trustee, Debtor's financial advisor, Debtor's Investment Banker, counsel for Creditor's committee, and counsel for Debtor.

## VIII. CONCLUSION

WHEREFORE, Movants pray that the Court enter an order, in the form of the proposed ordere attached hereto, granting relief requested in this Motion and modifying the stay afforded by U.S.C § 362 so as to permit Movants to continue the Caifornia Action.

DATED: May 13, 2025                     **MOET LAW GROUP, APC**


BY: _____
Jason C. Kolbe, Esq. (CA SBN 296107)
18818 Teller Ave., Ste 250
Irvine CA 92612
Tel: (949) 617-2101
Email: Jason@moetlaw.com

Attorneys for Movants
VICTOR SANCHEZ and ISRAEL
HERNANDEZ

5

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

IN RE:

SUNPOWER CORPORATION,

    DEBTORS.

Chapter 11

Case No. 24-11649  CTG

---

**ORDER GRANTING VICTOR SANCHEZ AND ISRAEL HERNANDEZ'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO PROCEED WITH LITIGATION TO COLLECT AGAINST AN INSURER OF THE DEBTOR**

This Court, having considered the movants, Victor Sanchez and Israel Hernandez's (collectively "Movants") Motion for Relief from the Automatic Stay to Proceed with Litigation to Collect Against an Insurer of Debtor (the "Motion"), any responses and replies thereto, and any argument of counsel, is of the opinion that Movant's Motion should be and is hereby GRANTED.

It is therefor, ORDERED, ADJUDGED, and DECREED that:

1. Movants are granted relief from the stay to permit Movants to proceed with initiating and prosecuting to collection, California State Court – Los Angeles Action, Case Number 25VECV01499 to the extent that there are insurance proceeds available to satisfy any Settlement or Judgment.

**IT IS SO ORDERED:**

Dated: _____

_____

United States Bankruptcy Judge