

Adam Hiller, Esquire
Direct Dial 302.442.7677
ahiller@adamhillerlaw.com

July 23, 2025

<u>VIA CM/ECF</u>
Honorable Craig T. Goldblatt
United States Bankruptcy Court
 for the District of Delaware
824 North Market Street, 3rd Floor
Wilmington, DE 19801

  Re: In re SunPower Corporation, *et al.*
     Case Nos. 24-11649 (CTG) (Ch.11), *et seq.*

Dear Judge Goldblatt:

  As you may recall, I represent Christine Kosydar ("Ms. Kosydar"), a lessee of certain solar equipment (the "Equipment") from debtor SunPower Capital, LLC (the "Debtor," and with the other debtors in the above-referenced cases, the "Debtors") under a lease (identified as Lease No. 8783457/Account No. 1364570000) (the "Lease"). For background, Ms. Kosydar filed a Motion To Interpret and Enforce Plan and Confirmation Order (Docket No. 1544), to which the Plan Administrator filed an objection (Docket No. 1552) and Ms. Kosydar filed a reply (Docket No. 1556). The issue before the Court is whether the Lease was property of the Debtor on the Effective Date of the Plan or whether it had been transferred to a third-party non-debtor sometimes referred to as a "non-debtor silo."

  At a June 20, 2025 status conference, the Court directed that discovery on the papers would be stayed while the Plan Administrator sought evidence from a



third party called Launch.¹ If Ms. Kosydar does not believe that such evidence, if any, is sufficient to prove that a transfer occurred, I could then return to Your Honor with a request to move forward with discovery.

Since the status conference, the Plan Administrator's counsel Jason Madron supplied me with what he represented is a screenshot from Launch's account page for Ms. Kosydar's Lease. The screenshot indicates the "lender" is "SunStrong Capital Holdings LLC." Based solely upon this and the Debtors' first-day declaration in this bankruptcy case (which does not mention Ms. Kosydar or the Lease), Mr. Madron informed me that the Debtor has provided sufficient evidence of the transfer.

The screen shot from Launch is inadmissible. Launch did not even exist in 2017 (which is approximately when the secret transfer of the Lease to an insider non-debtor silo allegedly occurred according to the first-day declaration) and did not become the servicer of the Lease until post-petition in late 2024. This means that Launch as a servicer merely received data from someone else about the Lease and the account. Launch is nothing more than a successor custodian of data and information about accounts for which it has no prior knowledge and holds no documents regarding assignment, sale or transfer. Nor does it hold any documents or instruments that would explain Debtor's indicia of ownership from 2017 at inception of the Lease until October 1, 2024, when SunStrong Capital Holdings LLC claims it took ownership in bankruptcy with Court approval. The screen shot is at best unsubstantiated inadmissible hearsay upon hearsay.

The screen shot also does not state that there was a transfer, when any alleged transfer took place, or to whom. Moreover, it refers to SunStrong Capital Holdings LLC, not to any of the so-called insider non-debtor silos appearing on the corporate organization chart attached to the first-day declaration. This is inconsistent even with the version of the facts proposed by the Plan Administrator.

The Plan Administrator's counsel has indicated that the Plan Administrator does not have any evidence in its custody, possession, or control, relating to whether the Lease was transferred or not, except the first-day declaration and the Launch screen shot. Ms. Kosydar is mindful of the estates' very limited resources and offered to waive discovery from the Plan Administrator² in exchange for a

---

¹ As the Court may further recall, the buyers of certain holding companies from the Debtors are referred to together as "HASI." Launch is believed to be HASI's servicer.

² Ms. Kosydar also intends to seek discovery from HASI and its agents, and perhaps others. It was not my understanding at the last status conference that third-party discovery was being limited.



stipulation that it has no other evidence in its custody, possession or control. This offer was declined. Therefore, Ms. Kosydar requests that the Court permit her to take discovery upon the Plan Administrator for the purpose of obtaining evidence that the Lease was or was not transferred by the Debtor.

                                  Respectfully submitted,

                                  **/s/ Adam Hiller**

                                  Adam Hiller

cc:    Jason Madron, Esquire (via electronic mail)