**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>SUNPOWER CORPORATION, *et al.*,[1]<br><br>Wind-Down Debtor. | Chapter 11<br><br>Case No. 24-11649 (CTG)<br><br>(Jointly Administered)<br><br>**Re: D.I. 1548, 1578, 1581, 1582** |

**ORDER DENYING "*MOTION OF THE ESTATE OF
DOROTHY COON FOR ENTRY OF AN ORDER ALLOWING
PROOF OF CLAIM NO. 70 PURSUANT TO 11 U.S.C. 502(a)*" [D.I. 1548]**

Upon consideration of the *Motion to Allow the Estate of Dorothy Coon for Entry of an Order Allowing Proof of Claim No. 70 Pursuant to 11 U.S.C 502(a)*, dated June 13, 2025 [D.I. 1548] (the "Motion")[2] filed by the Estate of Dorthy Coon through its administrator James D. Coon (the "Movant"); and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and consideration of the Motion and the relief requested therein being a core proceeding

---

[1] The Wind-Down Debtor in this chapter 11 case, along with the last four digits of the Wind-Down Debtor's federal tax identification number, is: SunPower Corporation (8969) ("SunPower"). On February 18, 2025. The Court entered an order closing the chapter 11 cases of SunPower's debtor affiliates (collectively, the "Closing Debtors"). The Closing Debtors, along with the last four digits of the Closing Debtor's federal tax identification number, are: SunPower Corporation, Systems (8962); SunPower Capital, LLC (8450); SunPower Capital Services, LLC (9910); SunPower HoldCo, LLC (0454); SunPower North America, LLC (0194); Blue Raven Solar, LLC (3692); Blue Raven Solar Holdings, LLC (4577); BRS Field Ops, LLC (2370); and Falcon Acquisition HoldCo, Inc. (3335). The location of the Wind-Down Debtor's service address for purposes of this chapter 11 case is: 655 15th Street, NW, Suite 600, Washington, DC 20005, Attn: Mark Roberts, in his capacity as the Plan Administrator.

[2] Capitalized terms used, but not otherwise defined, in this Order shall be ascribed the same meanings given to such terms in the *Objection of the Plan Administrator to "Motion of the Estate of Dorothy Coon for Entry of an Order Allowing Proof of Claim No. 70 Pursuant to 11 U.S.C. 502(a)" [D.I. 1548]* [D.I. 1575] or the *Amended Joint Chapter 11 Plan of SunPower Corporation and Its Debtor Affiliates (Technical Modifications)*, filed on October 17, 2024 [D.I. 829] (the "Plan"), as applicable.

pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due, sufficient and proper notice of the Motion having been provided under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and upon all of the proceedings had before the Court; and the Court having held a hearing to consider the Motion on July 22, 2025 starting at 1:00 p.m. (EDT) (the "Hearing"); and this Court having determined that there is good and sufficient cause for the relief granted in this Order, and upon the record of the Hearing, therefore, it is hereby;

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is hereby DENIED without prejudice, as set forth herein and as set forth on the record of the Hearing.

2. The *Motion to Strike D.I. 1575-1 as a Bad-Faith Violation of Fed. R. Evid. 408; for the Imposition of Sanctions Pursuant to 11 U.S.C. § 105(a); and to Allow and Reaffirm Secured Status of Claim No. 70* [D.I. 1578], filed by Jason Voelker ("Mr. Voelker") on July 17, 2025 in connection with the Motion is hereby DENIED WITH PREJUDICE.

2. Claim No. 70 (that Mr. Voelker asserts was sold/transferred from the Movant to him on or about July 3, 2025; *see* D.I. 1570) and Claim No. 112 (together, the "Reclassified Claims") originally filed by the Movant in the Chapter 11 Cases are not entitled to secured status under the Bankruptcy Code (whether it be as Other Secured Claims under the Plan or otherwise) and are therefore RECLASSIFIED as Class 5 - General Unsecured Claims.

3. The Plan Administrator and Epiq Corporate Restructuring, LLC are authorized to take all actions necessary and appropriate to give effect to this Order.

4. Nothing in this Order shall be deemed or construed: (a) as a determination of validity or invalidity of any claim against the Debtors; (b) as a waiver of the Plan Administrator's

or the Creditor Trustee's rights to dispute or otherwise object to any claim on any grounds or basis; (c) to waive or release any right, claim, defense, or counterclaim of the Debtors, or to estop the Plan Administrator or the Creditor Trustee, as applicable, from asserting any right, claim, defense, or counterclaim (including setoff); or (d) to preclude the Movant and/or Mr. Voelker from asserting an unsecured claim against the estate.

5. The Plan Administrator's and the Creditor Trustee's rights to object in the future to any of the Reclassified Claims on any ground, including, without limitation, substantive grounds, including, without limitation, to object to amended claims and newly-filed claims, and the right of the Movant and/or Mr. Voelker to assert such claims, are hereby fully preserved.

6. The terms and conditions of this Order shall be immediately enforceable and effective upon its entry.

7. The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: July 23rd, 2025**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**