# **EXHIBIT 1**

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| SUNPOWER CORPORATION, *et al.*,[1] | ) ) ) | Case No. 24-11649 (CTG) |
| Wind-Down Debtor. | ) ) ) ) ) | **Re: D.I. 1180, 1181, 1182, 1183, 1256, 1257, 1258, 1408, 1595** |

**OMNIBUS ORDER SUSTAINING OBJECTIONS TO CERTAIN RECLASSIFIED CLAIMS, LATE FILED CLAIMS, CROSS DEBTOR DUPLICATE CLAIMS AND NO LIABILITY CLAIMS (NON-SUBSTANTIVE)**

Upon the objections [D.I. 1180, 1181, 1182, 1183, 1256, 1257, 1258, 1408, 1595] (collectively, the "Objections")[2] of Mark Roberts, solely in his capacity as the plan administrator for the Debtors' wind-down estates (the "Plan Administrator") to the Disputed Claims set forth on **Schedules 1, 2, 3, and 4** hereto, all as more fully set forth in the Objections; and this Court having reviewed the Objections, the Responses, the Reply, and the Roberts Declaration; and this Court having jurisdiction to consider the Objections and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and

---

[1] The Wind-Down Debtor in this chapter 11 case, along with the last four digits of the Wind-Down Debtor's federal tax identification number, is: SunPower Corporation (8969) ("SunPower"). On February 18, 2025, the Court entered an order closing the chapter 11 cases of SunPower's debtor affiliates (collectively, the "Closing Debtors"). The Closing Debtors, along with the last four digits of the Closing Debtor's federal tax identification number, are: SunPower Corporation, Systems (8962); SunPower Capital, LLC (8450); SunPower Capital Services, LLC (9910); SunPower HoldCo, LLC (0454); SunPower North America, LLC (0194); Blue Raven Solar, LLC (3692); Blue Raven Solar Holdings, LLC (4577); BRS Field Ops, LLC (2370); and Falcon Acquisition HoldCo, Inc. (3335). The location of the Wind-Down Debtor's service address for purposes of this chapter 11 case is: 655 15th Street, NW, Suite 600, Washington, DC 20005, Attn: Mark Roberts, in his capacity as the Plan Administrator.

[2] Capitalized terms used, but not otherwise defined, herein have the same meanings ascribed to such terms in the Objections, Reply, or Plan (as such term is defined in the Objections), as applicable.

this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Objections in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Objections has been given and that no other or further notice is necessary; and upon the record of the hearing held before the Court on November 20, 2025 starting at 11:00 a.m. (Eastern Standard Time); and upon the *Supplemental Declaration of Mark Roberts in Support of the Plan Administrator's Omnibus Reply to Certain Omnibus Claim Objections*, and each of the other declarations filed in support of the Objections; and after due deliberation thereon; and this Court having determined that there is good and sufficient cause for the relief granted in this Order, therefore, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Objections are GRANTED, as set forth herein.

2. Any response to the Objections not otherwise withdrawn, resolved, or adjourned is hereby OVERRULED on the merits and DENIED.

3. The Reclassified Claims on the attached **Schedule 1** are reclassified in priority pursuant to the reclassification in the "Modified Priority Status" column on such exhibit.

4. The Late Filed Claims listed on the attached **Schedule 2** are disallowed and expunged in their entirety.

5. The Cross-Debtor Duplicate Claims listed as "Claims to be Disallowed" on the attached **Schedule 3** are disallowed and expunged in their entirety. The Claims listed as "Surviving Claims" on the attached **Schedule 3** shall remain on the Claims Register, subject to further objection by the Plan Administrator on any substantive or non-substantive grounds and

without prejudice or waiver of the Plan Administrator's right to dispute or otherwise object to the Surviving Claims on any grounds or basis.

6. The No Liability Claims listed on the attached **Schedule 4** are disallowed and expunged in their entirety.

7. This Order shall be deemed a separate order with respect to each of the Disputed Claims identified on the schedules attached hereto. Any stay of this Order pending appeal by any of the claimants whose Disputed Claim(s) are subject to this Order shall apply only to the contested matter which involves such claimant and shall not act to stay the applicability or finality of this Order with respect to the other contested matters listed in the Objections or this Order.

8. The Debtors and Epiq Corporate Restructuring, LLC ("EPIQ") are authorized to take all actions necessary and appropriate to give effect to this Order.

9. EPIQ is authorized to modify the Claims Register to comport with the relief granted by this Order.

10. Nothing in the Objections or this Order shall be deemed or construed: (a) as an admission as to the validity of any claim against the Debtors; (b) as a waiver of the Plan Administrator's or the Creditor Trustee's rights to dispute or otherwise object to any claim on any grounds or basis; or (c) to waive or release any right, claim, defense, or counterclaim of Plan Administrator on behalf of the Debtors, or to estop the Plan Administrator or the Creditor Trustee, as applicable, from asserting any right, claim, defense, or counterclaim (including setoff).

11. The Plan Administrator's and Creditor Trustee's rights, as applicable, to object in the future to any of the Disputed Claims listed in the Objections on any ground, including,

3

without limitation, substantive grounds, and to amend, modify, or supplement the Objections, including, without limitation, to object to amended claims and newly-filed claims, are hereby reserved. Unless specifically stated to the contrary in this Order, none of the Disputed Claims are, by virtue of this Order, Allowed Claims.

12. The terms and conditions of this Order shall be immediately enforceable and effective upon its entry.

13. The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# Schedule 1

Reclassified Claims

## Schedule 1 - Reclassify

| | NAME | CLAIM # | ASSERTED DEBTOR | PRIORITY STATUS | AMOUNT | MODIFIED DEBTOR | PRIORITY STATUS | AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 1 | AXIMSOFT CORPORATION 6101 BOLLINGER CANYON RD, #343 SAN RAMON, CA 94583 | 10529 | SUNPOWER CORPORATION SUNPOWER CORPORATION | 503(b)(9) Priority Subtotal | Undetermined* $49,472.00* $49,472.00* | SUNPOWER CORPORATION SUNPOWER CORPORATION SUNPOWER CORPORATION | 503(b)(9) Priority Unsecured Subtotal | $0.00 $0.00 $49,472.00* $49,472.00* |

Reason: According to the Debtors' Books and Records the liability asserted under the administrative priority rule under 11 U.S.C §503(b)(9) has no legal basis as the claim is related to vendor services rather than goods, which makes it ineligible for §503(b)(9) status. Additionally, the liability asserted as priority status under 11 U.S.C §507(a)(4) has no legal basis. The supporting detail shows this claim is related to vendor services rather than employee wages or commissions and is therefore ineligible for priority status.

| | NAME | CLAIM # | ASSERTED DEBTOR | PRIORITY STATUS | AMOUNT | MODIFIED DEBTOR | PRIORITY STATUS | AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 2 | CAO, HUY M ADDRESS ON FILE | 10805 | SUNPOWER CORPORATION | 503(b)(9) | $20,400.00* | SUNPOWER CORPORATION SUNPOWER CORPORATION | 503(b)(9) Unsecured Subtotal | $0.00 $20,400.00 $20,400.00 |

Reason: According to the Debtors' Books and Records the liability asserted under the administrative priority under 11 U.S.C §503(b)(9) has no legal basis as the goods were not received within the 20 days preceding the petition date.

| | NAME | CLAIM # | ASSERTED DEBTOR | PRIORITY STATUS | AMOUNT | MODIFIED DEBTOR | PRIORITY STATUS | AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 3 | DEJESUS, FRANCES ADDRESS ON FILE | 11396 | SUNPOWER CORPORATION, SYSTEMS | Secured | $25,968.00 | SUNPOWER CORPORATION, SYSTEMS SUNPOWER CORPORATION, SYSTEMS | Secured Unsecured Subtotal | $0.00 $25,968.00 $25,968.00 |

Reason: According to the Debtors' Books and Records the liability asserted as secured has no legal basis. The claimant holds no lien to secure this claim, and the claim is therefore ineligible for secured status.

*Indicates claim contains unliquidated and/or undetermined amounts

1

## Schedule 1 - Reclassify

|   | NAME | CLAIM # | ASSERTED DEBTOR | PRIORITY STATUS | AMOUNT | MODIFIED DEBTOR | PRIORITY STATUS | AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 4 | ESPOSITO, KAREN ADDRESS ON FILE | 264 | SUNPOWER CAPITAL, LLC | Priority | $87,700.00 | SUNPOWER CAPITAL, LLC | Priority | $0.00 |
|   |   |   |   |   |   | SUNPOWER CAPITAL, LLC | Unsecured | $87,700.00 |
|   |   |   |   |   |   |   | Subtotal | $87,700.00 |

Reason:  According to the Debtors' Books and Records the liability asserted as priority status under 11 U.S.C §507(a) has no legal basis. The supporting detail shows this claim is related to solar panel lease payments and is therefore ineligible for priority status.

|   | NAME | CLAIM # | ASSERTED DEBTOR | PRIORITY STATUS | AMOUNT | MODIFIED DEBTOR | PRIORITY STATUS | AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 5 | EYER, VALERIE ADDRESS ON FILE | 10603 | SUNPOWER CORPORATION | Secured | Undetermined* | SUNPOWER CORPORATION | Secured | $0.00 |
|   |   |   | SUNPOWER CORPORATION | Unsecured | $1,890.00* | SUNPOWER CORPORATION | Unsecured | $1,890.00* |
|   |   |   |   | Subtotal | $1,890.00* |   | Subtotal | $1,890.00* |

Reason:  According to the Debtors' Books and Records the liability asserted as secured has no legal basis. The claimant holds no lien to secure this claim, and the claim is therefore ineligible for secured status.

|   | NAME | CLAIM # | ASSERTED DEBTOR | PRIORITY STATUS | AMOUNT | MODIFIED DEBTOR | PRIORITY STATUS | AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 6 | SEESE, LAURA ADDRESS ON FILE | 11708 | SUNPOWER CORPORATION | Priority | $3,350.00 | SUNPOWER CORPORATION | Priority | $0.00 |
|   |   |   | SUNPOWER CORPORATION | Unsecured | $90,650.00 | SUNPOWER CORPORATION | Unsecured | $94,000.00 |
|   |   |   |   | Subtotal | $94,000.00 |   | Subtotal | $94,000.00 |

Reason:  According to the Debtors' Books and Records the liability asserted as priority status under 11 U.S.C §507(a)(7) has no legal basis. The supporting detail shows this claim is related to a third party refund request rather than a deposit and is therefore ineligible for priority status.

|   | NAME | CLAIM # | ASSERTED DEBTOR | PRIORITY STATUS | AMOUNT | MODIFIED DEBTOR | PRIORITY STATUS | AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 7 | SEESE, LAURA ADDRESS ON FILE | 11712 | SUNPOWER CORPORATION | Priority | $3,350.00 | SUNPOWER CORPORATION | Priority | $0.00 |
|   |   |   | SUNPOWER CORPORATION | Unsecured | $182,650.00 | SUNPOWER CORPORATION | Unsecured | $186,000.00 |
|   |   |   |   | Subtotal | $186,000.00 |   | Subtotal | $186,000.00 |

Reason:  According to the Debtors' Books and Records the liability asserted as priority status under 11 U.S.C §507(a)(7) has no legal basis. The supporting detail shows this claim is related to a third party refund request rather than a deposit and is therefore ineligible for priority status.

*Indicates claim contains unliquidated and/or undetermined amounts

## Schedule 1 - Reclassify

| | NAME | CLAIM # | DEBTOR | ASSERTED PRIORITY STATUS | AMOUNT | DEBTOR | MODIFIED PRIORITY STATUS | AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 8 | WILLIAM M PAPE AND JACOB C FRICK ADDRESS ON FILE | 11280 | SUNPOWER CAPITAL, LLC | Secured | $21,712.36* | SUNPOWER CAPITAL, LLC | Secured | $0.00 |
| | | | SUNPOWER CAPITAL, LLC | Unsecured | $4,451.10* | SUNPOWER CAPITAL, LLC | Unsecured | $26,163.46 |
| | | | | Subtotal | $26,163.46* | | Subtotal | $26,163.46 |

Reason:  According to the Debtors' Books and Records the liability asserted as secured has no legal basis. The claimant holds no lien to secure this claim, and the claim is therefore ineligible for secured status.

| | | | | TOTAL | $491,593.46* | TOTAL | | $491,593.46* |
|---|---|---|---|---|---|---|---|---|

*Indicates claim contains unliquidated and/or undetermined amounts

3

## Schedule 2

Late Filed Claims

## Schedule 2 - Late Filed Claims

| | NAME | DATE FILED | CASE # | CASE NUMBER / DEBTOR | CLAIM # | CLAIM AMOUNT |
|---|---|---|---|---|---|---|
| 1 | BRUCE, DORMA<br>ADDRESS ON FILE | 10/23/2024 | 24-11649 | SUNPOWER CORPORATION | 457 | Undetermined* |
| | Reason: The Late Filed Claim should be disallowed because it was filed after the Claims Bar Date of October 18, 2024. | | | | | |
| 2 | CASAS, FABIOLA<br>ADDRESS ON FILE | 11/05/2024 | 24-11649 | SUNPOWER CORPORATION | 12285 | $15,000.00* |
| | Reason: The Late Filed Claim should be disallowed because it was filed after the Claims Bar Date of October 18, 2024. | | | | | |
| 3 | KOALA INSULATION OF DENVER NORTH<br>17572 E 98TH WAY<br>COMMERCE CITY, CO 80022-7162 | 02/23/2025 | 24-11659 | BLUE RAVEN SOLAR, LLC | 12597 | $1,220.17 |
| | Reason: The Late Filed Claim should be disallowed because it was filed after the Administrative Claims Bar Date of December 14, 2024. | | | | | |
| 4 | MONTOYA, ALFREDO<br>ADDRESS ON FILE | 05/02/2025 | 24-11649 | SUNPOWER CORPORATION | 633 | $16,365.00 |
| | Reason: The Late Filed Claim should be disallowed because it was filed after the Claims Bar Date of October 18, 2024. | | | | | |
| 5 | PISIW, PAULINE<br>ADDRESS ON FILE | 10/22/2024 | 24-11649 | SUNPOWER CORPORATION | 432 | $18,415.00 |
| | Reason: The Late Filed Claim should be disallowed because it was filed after the Claims Bar Date of October 18, 2024. | | | | | |
| 6 | STEINBECK, MERLENE<br>ADDRESS ON FILE | 05/06/2025 | 24-11649 | SUNPOWER CORPORATION | 12649 | $105,000.00* |
| | Reason: The Late Filed Claim should be disallowed because it was filed after the Administrative Claims Bar Date of December 14, 2024. | | | | | |
| 7 | VALDEZ, ABRAHAM L<br>ADDRESS ON FILE | 10/21/2024 | 24-11649 | SUNPOWER CORPORATION | 12158 | $31,580.33 |
| | Reason: The Late Filed Claim should be disallowed because it was filed after the Claims Bar Date of October 18, 2024. | | | | | |

*Indicates claim contains unliquidated and/or undetermined amounts

## Schedule 2 - Late Filed Claims

| | NAME | DATE FILED | CASE # | CASE NUMBER / DEBTOR | CLAIM # | CLAIM AMOUNT |
|---|---|---|---|---|---|---|
| 8 | WILLIAMS, LINDA<br>ADDRESS ON FILE | 11/21/2024 | 24-11651 | SUNPOWER CORPORATION, SYSTEMS | 12379 | $1,879.00 |
| | Reason: The Late Filed Claim should be disallowed because it was filed after the Claims Bar Date of October 18, 2024. | | | | | |
| 9 | ZHANG, WENHUA<br>ADDRESS ON FILE | 11/18/2024 | 24-11649 | SUNPOWER CORPORATION | 12363 | $5,000.00 |
| | Reason: The Late Filed Claim should be disallowed because it was filed after the Claims Bar Date of October 18, 2024. | | | | | |
| | | | | | TOTAL | $194,459.50* |

*Indicates claim contains unliquidated and/or undetermined amounts

## Schedule 3

Cross Debtor Duplicate Claims

## Schedule 3 - Cross Debtor Duplicate Claims

| | CLAIMS TO BE DISALLOWED | | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER / DEBTOR | CLAIM # | CLAIM AMOUNT | NAME | DATE FILED | CASE NUMBER / DEBTOR | CLAIM # | CLAIM AMOUNT |
| 1 | SEESE, LAURA ADDRESS ON FILE | 10/18/24 | 24-11651 SUNPOWER CORPORATION, SYSTEMS | 11709 | $94,000.00 | SEESE, LAURA ADDRESS ON FILE | 10/18/24 | 24-11649 SUNPOWER CORPORATION | 11708 | $94,000.00 |
| | Reason: Claims #11709 & #11708 are identical, except for the Debtors against which they are asserted. | | | | | | | | | |
| 2 | SEESE, LAURA ADDRESS ON FILE | 10/18/24 | 24-11651 SUNPOWER CORPORATION, SYSTEMS | 11713 | $186,000.00 | SEESE, LAURA ADDRESS ON FILE | 10/18/24 | 24-11649 SUNPOWER CORPORATION | 11712 | $186,000.00 |
| | Reason: Claims #11713 & #11712 are identical, except for the Debtors against which they are asserted. | | | | | | | | | |
| | | | | TOTAL | $280,000.00 | | | | TOTAL | $280,000.00 |

## **Schedule 4**

No Liability Claims

## Schedule 4 - No Liability

|   | NAME | DATE FILED | CASE # | CASE NUMBER / DEBTOR | CLAIM # | CLAIM AMOUNT |
|---|---|---|---|---|---|---|
| 1 | KASPRZAK, THOMAS C<br>ADDRESS ON FILE | 10/17/2024 | 24-11649 | SUNPOWER CORPORATION | 316 | Undetermined* |
|   | Reason: The claimant failed to provide supporting documentation specifying an amount, preventing the Debtors from verifying the validity of the proof of claim. Additionally, the Debtors have no record of any outstanding liabilities to this claimant. | | | | | |
| 2 | VANGUARD SCREENING SOLUTIONS INC<br>10TH FLOOR, THE BELVEDERE TOWER<br>SAN MIGUEL AVENUE, ORTIGAS CENTER<br>PASIG CITY 1605,<br>PHILIPPINES | 10/18/2024 | 24-11649 | SUNPOWER CORPORATION | 11720 | $2,807.75 |
|   | Reason: Claim does not have a basis in the Debtors' books and records. | | | | | |
|   | $2,807.75* | | | | TOTAL | $2,807.75* |

*Indicates claim contains unliquidated and/or undetermined amounts