ROB BONTA
Attorney General of California
BRIAN D. WESLEY
Supervising Deputy Attorney General
HUTCHISON B. MELTZER
Deputy Attorney General
      300 South Spring Street, Suite 1702
      Los Angeles, CA  90013-1230
      Telephone:  (213) 269-6240
      Fax:  (916) 731-2144
      E-mail:  Hutchison.Meltzer@doj.ca.gov

*Attorneys for California Department of Tax and Fee Administration*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **SUNPOWER CORPORATION,** *et al.* | § | **Chapter 11** |
| | § | |
| **Debtor.** | § | **Case No. 24-11649 (CTO)** |
| | § | |

**CALIFORNIA DEPARTMENT OF TAX AND FEE ADMINISTRATION'S REPLY TO THE OBJECTION OF THE PLAN ADMINISTRATOR TO THE MOTION TO ABSTAIN PURSUANT TO 11 U.S.C. § 505(A) AND 28 U.S.C. § 1334(c) TO PERMIT THE STATE ADMINISTRATIVE FORUM TO ISSUE A SALES AND USE TAX HEARING <u>DECISION; MOTION TO QUASH</u>**

California Department of Tax and Fee Administration (CDFA), by and through its undersigned attorneys, respectfully submits this Reply to the Objection (Objection) to CDTFA's Motion to Abstain Pursuant To 11 U.S.C. § 505(a) and 28 U.S.C. § 1334(c) to Permit the State Administrative Forum to Issue a Sales and Use Tax Hearing Decision; Motion to Quash Mark Roberts, solely in his capacity as the Plan Administrator (Plan Administrator) for the Debtor's Wind-Down Estate.[1]

<u>The Dispute Involves Complex Issues of California Tax Law</u>

The Objection falsely asserts that the dispute implicates primarily bankruptcy, not state law issues., and that the only issue is whether CDTFA has met *its* burden of proof under the Bankruptcy

---

[1] Except where otherwise defined herein, capitalized terms have the meanings ascribed to them in the Motion.

Code.  Objection, p.21.  The law is clear, however, that if, under state law, that the taxpayer has the burden the same rule applies in a bankruptcy case . *Raleigh v. Illinois Dep't of Revenue*, 530 U.S. 15, 26 (2000); see also *In re Affordable Patios & Sunrooms*, No. 3:20-BK-50017 BTB, 2022 WL 1115413, at *4 (9th Cir. BAP 2022) ("[T]he party objecting to a tax claim in bankruptcy often bears the burden of proof."). In California, the "burden of proof is on the taxpayer. The taxpayer must not only prove that the tax assessment is incorrect, but also he must produce evidence to establish the proper amount of the tax." *Dicon Fiberoptics, Inc. v. Franchise Tax Bd.*, 53 Cal. 4th 1227, 1235 (2012) (*Dicon*) (citation omitted). The taxpayer "cannot assert error and thus shift to the state the burden to justify the tax." *Id*. The taxpayer must meet this burden by a preponderance of the evidence. *Paine v. State Bd. of Equalization*, 137 Cal. App. 3d 438, 442 (1982).

Accordingly, whether the dispute is adjudicated in this Court or in California, the Plan Administrator will be required to, not just assert error in the audit, but produce evidence to establish the proper amount of the tax.  See *In re CM Reed Almeda*, 2016 WL 3563148, at *9. ("There is no basis for the court to analyze the debtor's tax liability differently [than the state forum] simply because it has filed bankruptcy.") This is a fact intensive and complex process involving multiple tax years that requires the application of California state tax law.

<u>The Dispute will be Adjudicated Efficiently in a Specialized Forum in California</u>

The Objection asserts that "California does not have a specialized tax court for tax cases, and tax disputes are litigated in general jurisdiction courts". Objection, p.2.  This is misleading at best.  The dispute will be adjudicated at the administrative level by the Office of Tax Appeals, which specializes in the application of California sales tax law in  this type of dispute.  The dispute only comes within the jurisdiction of the Superior Court if the taxpayer chooses to appeal the decision of the Office of Tax Appeals to the California Superior Court.  Even in that case, there is an advantage of the factual and legal issues having been developed in the specialized forum of the Office of Tax Appeals.

There is no evidence that adjudicating the tax dispute in this Court would resolve the outstanding issues any quicker than the state law process.  If any party is unsatisfied with the

outcome from the Objection, that party may appeal to either the District Court, then to the Third Circuit, and possibly the Supreme Court. On the other hand, if the Plan Administrator is successful at the California Office of Tax Appeals that is generally the end of the dispute. Accordingly, any time saved in this Court would be negated by time likely spent on appeals. See *In re Dees*, 369 B.R. 676, 679 (Bankr. N.D. Fla. 2007) ("Tax Court has more experience in tax matters. Plus, there are three levels of appellate review after this Court reaches a decision (the District Court, the Circuit Court, and the Supreme Court), while Tax Court decisions are appealable directly to the Circuit Court."). Moreover, the issue is not whether the matter can be more "quickly adjudicated in this Court than in the state court but rather, whether the action can be timely adjudicated in the state court." *In re Trans World Airlines, Inc.*, 278 B.R. 42, 51 (Bankr. D. Del. 2002) (emphasis in original; discussing mandatory abstention under 28 U.S.C. § 1334(c)(2)). California's tax adjudication procedures have repeatedly been held to constitute a "plain, speedy and efficient remedy." See e.g., *Franchise Tax Bd. of California v. Alcan Aluminum Ltd.*, 493 U.S. 331, 338 (1990); *Hyatt v. Yee*, 871 F.3d 1067, 1074–78 & n. 34 (9th Cir. 2017); *Aronoff v. Franchise Tax Bd. of State of Cal.,* 348 F.2d 9, 11 (9th Cir. 1965).

<u>There is No Good Faith Basis for the Filing of the Objection to Claim</u>

While the merits of the Objection are not before the Court in the context of the Motion, the Plan Administrator attempts to argue those merits in the Objection. Clearly, the Plan Administrator cannot meet his burden to dispute the tax regardless of the forum. As discussed above, under applicable law, a taxpayer cannot simply assert error and shift the burden to CDTFA. However, this is exactly what the Plan Administrator attempts to do in the Objection to Claim.[2]

---

[2] It should be noted that the Plan Administrator's assertions of error in the audit are meritless. This was not a "naked assessment." The audit was based on available documents and information and in accordance with California law and CDTFA procedures. The data relied upon includes: Sales tax returns (STR) and worksheets - audit period, GL inventory detail – 2Q15, Seller's reports – audit period, Material Distribution Report (MDR) - audit period, Detail job cost report for each project (MCR) – audit period, Sample project contracts, P & L – 2013, 2014 & 2015, and other miscellaneous. documents and reports. Further, the Plan Administrator misrepresents the holding in *State Bd. of Equalization v. Superior Court*, 39 Cal. 3d 633. The holding in that case is that a party cannot later raise new arguments regarding a particular tax year when those arguments were not raised in prior litigation regarding that same tax year. *Id.* at

The Plan Administrator has not, and admittedly cannot, meet his burden "to produce evidence to establish the proper amount of the tax" and, therefore, the Objection to Claim should not have been filed. *Dicon, supra*, at 1235.[3]

DATED: April 15, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
BRIAN D. WESLEY
Supervising Deputy Attorney General

By: */s/ Hutchison Meltzer*
HUTCHISON B. MELTZER
Deputy Attorney General
*Attorneys for California Department of Tax and Fee Administration*

---

641-42.  Here, there was no prior litigation over the tax years at issue and, therefore, *res judicata* does not apply.  Similarly, the Objection misinterprets the Audit Manual.

[3]  The Plan Administrator cannot simply rely on the absence of records.  *Paine v. State Bd. of Equalization* (1982) 137 Cal.App.3d 438, 444 ("If the records are so deficient that a proper audit cannot be made, the defaulting record-keeping taxpayer must bear the consequences.")

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2026, a true and correct copy of the above and foregoing was filed electronically, and notice was served via the court's CM/ECF system on all parties entering an appearance and requesting such notice in this case.

*Martha Ochoa*