IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SUNPOWER CORPORATION, *et al.*[1] | Case No. 24-11649 (CTG) |
| Wind-Down Debtor. | (Jointly Administered) |
| | **Hearing Date: June 16, 2026 at 1:00 p.m. (ET)**<br>**Objection Deadline: May 27, 2026 at 4:00 p.m. (ET)** |

## MOTION OF CLAIMANTS LEVI & KORSINSKY, LLP AND ROBBINS LLP FOR A STATUS CONFERENCE PURSUANT TO 11 U.S.C. § 105

Claimants Levi & Korsinsky, LLP and Robbins LLP ("Claimants"), by and through their undersigned counsel, respectfully move the Court pursuant to 11 U.S.C. § 105(d)(1) for the entry of an Order scheduling a status conference concerning their claims. The reason for this motion is that the Creditor Trustee has refused to substantively engage with the Claimants despite their numerous good faith attempts to do so. In support of the Motion, Claimants state as follows:

## INTRODUCTION

1. Claimants are counsel to SunPower stockholder Jeffrey Edelman, who identified, investigated, developed, and doggedly litigated a stockholder derivative suit on behalf of the Company in the Delaware Court of Chancery to the very brink of settlement until the case was automatically stayed upon the commencement of these bankruptcy cases in August 2024. Based on Claimants' litigation efforts, the Creditor Trustee subsequently settled the claims brought by

---

[1]The Wind-Down Debtor in this chapter 11 case, along with the last four digits of the Wind-Down Debtor's federal tax identification number, is: SunPower Corporation (8969) ("SunPower" or the "Company"). On February 18, 2025, the Court entered an order closing the chapter 11 cases of SunPower's debtor affiliates (collectively, the "Closing Debtors"). The Closing Debtors, along with the last four digits of the Closing Debtor's federal tax identification number, are: SunPower Corporation, Systems (8962); SunPower Capital, LLC (8450); SunPower Capital Services, LLC (9910); SunPower HoldCo, LLC (0454); SunPower North America, LLC (0194); Blue Raven Solar, LLC (3692); Blue Raven Solar Holdings, LLC (4577); BRS Field Ops, LLC (2370); and Falcon Acquisition HoldCo, Inc. (3335). The location of the Wind-Down Debtor's service address for purposes of this chapter 11 case is: 655 15th Street, NW, Suite 600, Washington, DC 20005, Attn: Mark Roberts, in his capacity as the Plan Administrator.

Mr. Edelman. The Creditor Trustee has segregated the sum of $5 million from the settlement proceeds as a reserve to satisfy Claimants' charging lien claims. *See* The Plan Administrator's Seventh Notice of Satisfaction of Certain Claims, at 3-4 & n.3 (Dkt. No. 1859). Despite the Creditor Trust receiving the settlement proceeds in December 2025, the Creditor Trustee has rebuffed Claimants' repeated efforts to engage in substantive discussion regarding the disposition of their claims and to move matters forward. Accordingly, Claimants must resort to seeking the assistance of the Court to get the matter on track for a prompt resolution.

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

3.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

4.      The statutory predicate for the relief requested is 11 U.S.C. § 105(d)(1).

5.      Pursuant to Local Rule 9013-1(f), Claimants consent to entry of a final judgment or order with respect to this Motion if it is determined this Court would lack Article III jurisdiction to enter such final order or judgment absent consent.

**BACKGROUND AND NEED FOR COURT INTERVENTION**

6.      In February 2022, SunPower sold its Commercial and Industrial Solutions business segment to an affiliate of SunPower's controlling stockholder, French energy giant TotalEnergies SE, for $190 million (the "Acquisition"). Observing that the disclosures surrounding the Acquisition were notably sparse and that it was not conditioned upon a majority-of-the-minority vote, Claimants concluded that there was a credible basis to investigate whether the Acquisition

was entirely fair to the Company. Claimants and their client Mr. Edelman decided to pursue an investigation into the fairness of the Acquisition.

7.      On September 9, 2022, Claimants sent the Company a demand on Mr. Edelman's behalf to inspect the Company's books and records under 8 *Del. C.* § 220. A copy of Mr. Edelman's books and records demand is attached as **Exhibit A** (internal exhibits omitted).

8.      The Company subsequently produced over 1,200 pages of internal books and records which the Company designated as confidential under the terms of a nondisclosure agreement which Mr. Edelman was required to enter into as a condition of inspection.

9.      After thoroughly analyzing the books and records produced by the Company, Claimants concluded that the Acquisition was achieved through an unfair process designed to ensure that the Company's controller (TotalEnergies SE) substantially underpaid for the assets.

10.     On February 6, 2023, Mr. Edelman commenced a stockholder derivative action in the Delaware Court of Chancery on behalf of SunPower against certain of its current and former officers and directors, its controller TotalEnergies, and certain of TotalEnergies' affiliates ("Defendants"), captioned *Edelman v. TotalEnergies SE et al.*, C.A. No. 2023-0136-MTZ (Del. Ch.) (the "Chancery Action").

11.     The Chancery Action alleged that the Defendants breached their fiduciary duties to SunPower and its public stockholders in connection with the Acquisition, and that TotalEnergies and its affiliates were unjustly enriched. A copy of the Court of Chancery's docket for the Chancery Action is attached as **Exhibit B** (the "Chancery Docket" or "Ch. Dkt."). Defendants moved to dismiss the Chancery Action, in response to which Mr. Edelman amended his pleadings to preempt Defendants' arguments. Ch. Dkt. Nos. 30, 31, 34. The publicly-filed redacted copy of

Mr. Edelman's Verified Amended Stockholder Derivative Complaint dated July 7, 2023 (the "Complaint") is attached as **Exhibit C**.

12. Reflecting the strength of the Complaint, 10 of the 18 Defendants filed responsive pleadings instead of moving to dismiss. Ch. Dkt. Nos. 50, 74.  And while the remaining Defendants moved to dismiss, none moved pursuant to Delaware Court of Chancery Rule 23.1, conceding that a demand upon the Company's Board of Directors to bring the claims in the Complaint would be futile and that the Chancery Court would evaluate their motions to dismiss under the plaintiff-friendly Rule 12(b) standard. *Id*. Nos. 51, 52, 79. The Claimants thereafter tenaciously litigated the case on the Company's behalf. *Id.*, Nos.39 (moving to serve French defendants by alternative means); 43-46 (pursuing service of French defendants through the Hague Convention); 59, 84 (service of interrogatories); 63 (opposing motions to dismiss); 66 (service of document demands); 88-95, 106 (service of eight non-party subpoenas); 96 (opposing motion to stay discovery).

13. On June 4, 2024, the parties engaged in a full day mediation in New York City before Jed D. Melnick, Esq. of JAMS, a nationally recognized mediator of complex commercial and representative actions. The mediation was not successful. *See Id.* Nos. 109. 110 (stipulation and order staying the action pending mediation).

14. On August 5, 2024, the Company filed a voluntary petition for relief under Chapter 11 of Title 11 of the U.S. Code in this Court.

15. On September 16, 2024, Claimants met and conferred with counsel to the Official Committee of Unsecured Creditors (the same counsel that represents the Creditor Trustee) concerning the merits and status of the Chancery Action, discovery and litigation strategy, special issues involving non-U.S. defendants, the status of settlement discussions, and the scheduling of

further mediation. Claimants fully cooperated with the Creditor Trustee to achieve their shared goal of obtaining the best possible recovery for the Company.

16.     Claimants timely filed their Proofs of Claim, attached hereto as **Exhibit D** (internal attachments omitted). As reflected therein, Claimants assert charging liens with respect to any recovery flowing from the claims asserted in the Chancery Action under well-settled Delaware law that counsel who contributes to the creation of a common settlement fund is entitled to fair compensation for their work.

17.     On October 14, 2025, counsel to the Creditor Trustee moved to (i) substitute the Creditor Trustee in place of the Company as the real party in interest and (ii) realign the Creditor Trustee as the Plaintiff in the Chancery Action to directly pursue the claims brought derivatively by Claimants. A copy of the Creditor Trustee's motion is attached as **Exhibit E**.  The Creditor Trustee represented as follows in its motion, *id.* at 5 n.2:

> The Creditor Trustee has reached a settlement in principle with the Defendants that is expected to generate settlement proceeds for the Trust. [Claimants have] asserted that they have a charging lien against the settlement proceeds, and have filed proofs of claim with the Bankruptcy Court…. [U]ntil [their] charging lien claim[s] [are] resolved in the Bankruptcy Court, the Creditor Trustee will segregate the sum of $5 million from the net settlement proceeds [for that purpose].

18.     The Creditor Trustee settled the claims in the Chancery Action, and Claimants understand that the Trust received the settlement proceeds in December 2025.

19.     Claimants assert that their efforts substantially contributed to the creation of this settlement fund, which was the product of their efforts in the Chancery Action, and that they are entitled to fair compensation under Delaware law. Claimants and their counsel conferred with counsel for the Committee (which later became counsel for the Creditor Trustee) on a number of

occasions post-bankruptcy, by both telephone and email, with the goal of assisting to maximize the value of the Chancery Action.

20.     After the settlement was finalized, Claimants sought to address their claims with the Creditor Trustee.  While attempting to be respectful of counsel's time, Claimants sought periodic status updates about the disposition of the claims but did not seek to force the hand of the Creditor Trustee.  On February 24, 2026, Claimants received an email from Brinkman Law Group, PC, informing that the firm had been employed as special counsel to the Creditor Trustee ("Special Counsel") for the purpose of reviewing claims asserting charging liens against the estate, which Claimants later learned consisted of their two claims and an unrelated claim by one other law firm.

21.     At the conclusion of a brief initial telephone call requested by Claimants, they provided Special Counsel with a copy of the Chancery Action docket and offered to provide any other information that might be helpful in assessing the claims. Special Counsel stated that it would follow up within two weeks after evaluating the claims.  Having heard nothing five weeks later, Claimants' counsel followed up by email, then three more times over the ensuing 10 days.  Counsel for the parties finally participated in a call on April 20, during which Special Counsel stated that Claimants' claim was invalid, but was unable to provide any basis or explanation for that view. Despite the request of Claimants' counsel, they have received no further communication to date, nor has the Creditor Trustee filed any objection to the claims.

22.     In short, the Creditor Trustee has refused Claimants' numerous attempts to engage in a substantive discussion regarding their claims notwithstanding that they have been ripe for resolution for some time and notwithstanding continuing assurances that disposition is imminent. Accordingly, Claimants move to schedule a status conference so that the Court may "further the

expeditious and economical resolution" of their claims, including the entry of a scheduling order to govern the prosecution and resolution of Claimants' claims.

**WHEREFORE,** Claimants respectfully request that the Court schedule a status conference at its earliest opportunity and grant such other and further relief as the Court deems just and proper.

Dated: May 13, 2026

**ASHBY & GEDDES, P.A.**

 /s/ Ricardo Palacio
Ricardo Palacio (No. 3765)
F. Troupe Mickler IV (No. 5361)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888
rpalacio@ashbygeddes.com
tmickler@ashbygeddes.com

*Counsel to Claimants*

7