# Exhibit D

| United States Bankruptcy Court for the District of Delaware | |
|---|---|
| **Name of Debtor:**  SunPower Corporation | **For Court Use Only** |
| | Claim Number:     0000011860 |
| **Case Number:**    24-11649 | File Date:              10/18/2024 15:08:12 |

# Proof of Claim (Official Form 410)

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case.  With the exception of 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.  18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.  That date is on the notice of bankruptcy** (Form 309) **that you received.**

**04/22**

| Part 1: | Identify the Claim |
|---|---|

**1.    Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim):     Levi & Korsinsky, LLP

Other names the creditor used with the debtor: _____

**2.    Has this claim been acquired from someone else?**    ☑ No   ☐ Yes.   From whom? _____

**3.    Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Name       Levi & Korsinsky, LLP | Name _____ |
| Address    Attn: Daniel Tepper | Address _____ |
| 33 Whitehall Street, 17th Floor | _____ |
| | _____ |
| City        New York | City _____ |
| State       NY          ZIP Code   10004 | State _____ ZIP Code _____ |
| Country (if International): _____ | Country (if International): _____ |
| Phone:      (646) 565-3570 | Phone: _____ |
| Email:      dtepper@zlk.com | Email: _____ |

| **4. Does this claim amend one already filed?** | **5. Do you know if anyone else has filed a proof of claim for this claim?** |
|---|---|
| ☑ No | ☑ No |
| ☐ Yes. | ☐ Yes. |
| Claim number on court claims register (if known) _____ | Who made the earlier filing? |
| Filed on _____<br>MM / DD / YYYY | _____ |

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes.

Last 4 digits of the debtor's account or any number you use to identify the debtor:

_____

**7. How much is the claim?**

$_____undetermined_____

**Does this amount include interest or other charges?**

☐ No

☐ Yes.  Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples:  Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.  Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).  Limit disclosing information that is entitled to privacy, such as health care information.

Litigation
_____

---

**9. Is all or part of the claim secured?**

☐ No

☑ Yes.     The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate.  If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☑ Other.  Describe:  Charging Lien
_____

**Basis for perfection:**  Notice to Parties
_____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**                      $_____

**Amount of the claim that is secured:**     $_____

**Amount of the claim that is unsecured:** $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**  $_____

**Annual Interest Rate** (when case was filed)  _____%

☐ Fixed   ☐ Variable

**10.  Is this claim based on a lease?**

☑ No

☐ Yes.  **Amount necessary to cure any default as of the date of petition**.

$_____

**11.  Is this claim subject to a right of setoff?**

☑ No

☐ Yes.  Identify the property:

_____

**12.  Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☑ No

☐ Yes. *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other.  Specify subsection of 11 U.S.C. § 507 (a) (_____) that applies.

* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority.  For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$_____

$_____

$_____

$_____

$_____

$_____

---

**13. Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☑ No

☐ Yes.  **Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9)**: $_____

| Part 3: | Sign Below |
|---|---|

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

*Daniel Tepper*
_____     10/18/2024 15:08:12
Signature                                                                            Date

**Provide the name and contact information of the person completing and signing this claim:**

Name        Daniel Tepper

Address     Levi & Korsinsky, LLP

            33 Whitehall Street, 17th Floor

            _____

City        New York

State       NY                                           Zip  10004

Country (in international)  _____

Phone       (646) 565-3570

Email       dtepper@zlk.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>SUNPOWER CORPORATION, *et al.,*<br><br>        Debtors. | Chapter 11<br><br>Case No. 24-11649 (CTG)<br><br>(Jointly Administered) |

## ADDENDUM TO PROOF OF CLAIM OF LEVI & KORSINSKY, LLP

1.      Levi & Korsinsky, LLP ("L&K") submits this Statement in support of its foregoing Proof of Claim (the "Claim") against debtor SunPower Corporation (the "Debtor").

2.      All notices with respect to the Claim should be sent to:

> Levi & Korsinsky, LLP
> Attn: Daniel Tepper, Esq.
> 33 Whitehall Street, 17th Floor
> New York, NY 10004

## BACKGROUND AND THE CLAIM

3.      L&K has been pursuing claims, through its stockholder-client Jeffrey Edelman, derivatively on behalf of the Debtor, the nominal defendant, in the Delaware Court of Chancery in the action captioned *Edelman v. TotalEnergies SE* et al., C.A. No. 2023-0136-MTZ (Del. Ch.) (the "Chancery Action").  The Chancery Action, which was filed on February 6, 2023, asserts claims for breaches of fiduciary

duties and unjust enrichment and names as defendants various of SunPower's current and former directors and officers, as well as TotalEnergies SE, TotalEnergies Gaz & Electricité Holdings SAS, TotalEnergies Renewables USA, LLC, and TotalEnergies Solar INTL SAS.  SunPower is named solely in its capacity as a nominal defendant.

4.    A copy of the publicly available, operative Verified Amended Stockholder Derivative Complaint and the Court of Chancery docket are attached to this Proof of Claim.

5.    Under Delaware law, L&K is entitled to share in any recovery flowing from the Chancery Action or the claims asserted therein based upon its effort in causing a benefit to SunPower and its stakeholders.  *See, e.g.*, *Americas Mining Corp. v. Theriault*, 51 A.3d 1213, 1252–53 (Del. 2012) ("The common fund doctrine is a well-established basis for awarding attorneys' fees [and] is founded on the equitable principle that those who have profited from litigation should share its costs."); *Seinfeld v. Coker*, 847 A.2d 330, 333 (Del. Ch. 2000) (Delaware courts "consistently ha[ve] held that, in class and derivative actions, plaintiffs' counsel are entitled to an award of attorneys' fees and expenses where their efforts achieve a benefit for the corporation or its shareholders").

6.    L&K reserves the right to further amend, revise or supplement this Claim in any respect as new facts may be developed through investigation, discovery or otherwise.  This Claim is not intended to be, and shall not be construed as: (1) an

{02060634;v1 }                                    2

election of remedies; (2) a waiver of any defaults; or (3) a waiver or limitation of any right, remedy, claim or interest of L&K against the Debtor.

| United States Bankruptcy Court for the District of Delaware | |
|---|---|
| **Name of Debtor:** SunPower Corporation | **For Court Use Only** |
| **Case Number:** 24-11649 | Claim Number: 0000011894 <br> File Date: 10/18/2024 15:44:49 |

# Proof of Claim (Official Form 410)

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

**04/22**

---

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim): Robbins LLP _____

Other names the creditor used with the debtor: _____

**2. Has this claim been acquired from someone else?** ☑ No ☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Name Robbins LLP | Name _____ |
| Address Robbins LLP | Address _____ |
| Attn: Stephen J. Oddo | _____ |
| 5060 Shoreham Place, Suite 300 | _____ |
| City San Diego | City _____ |
| State CA  ZIP Code 92122 | State _____  ZIP Code _____ |
| Country (if International): _____ | Country (if International): _____ |
| Phone: (619) 525-3990 | Phone: _____ |
| Email: soddo@robbinsllp.com | Email: _____ |

| **4. Does this claim amend one already filed?** | **5. Do you know if anyone else has filed a proof of claim for this claim?** |
|---|---|
| ☑ No | ☑ No |
| ☐ Yes. | ☐ Yes. |
| Claim number on court claims register (if known) _____ | Who made the earlier filing? |
| Filed on _____ <br> MM / DD / YYYY | _____ |

Page 1 of 3

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes.

Last 4 digits of the debtor's account or any number you use to identify the debtor:

_____

**7. How much is the claim?**

$___undetermined_____

**Does this amount include interest or other charges?**

☐ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples:  Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.  Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).  Limit disclosing information that is entitled to privacy, such as health care information.

___Litigation_____

**9. Is all or part of the claim secured?**

☐ No

☑ Yes.    The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate.  If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☑ Other.  Describe: ___Charging Lien_____

**Basis for perfection:**
___Notice to Parties_____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**    $_____

**Amount of the claim that is secured:**    $_____

**Amount of the claim that is unsecured:** $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**  $_____

**Annual Interest Rate** (when case was filed)  _____%
                                    ☐ Fixed   ☐ Variable

**10.  Is this claim based on a lease?**
☑ No
☐ Yes.  **Amount necessary to cure any default as of the date of petition**.

$_____

**11.  Is this claim subject to a right of setoff?**
☑ No
☐ Yes.  Identify the property:

_____

**12.  Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☑ No

☐ Yes. *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other.  Specify subsection of 11 U.S.C. § 507 (a) (_____) that applies.

* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority.  For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$_____

$_____

$_____

$_____

$_____

$_____

**13.  Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☑ No

☐ Yes. **Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9)**: $_____

| Part 3: | Sign Below |
|---------|------------|

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

*Stephen J. Oddo*
_____     10/18/2024 15:44:49
Signature                                                                    _____
                                                                                 Date

**Provide the name and contact information of the person completing and signing this claim:**

Name    Stephen J. Oddo

Address    Robbins LLP

5060 Shoreham Place, Suite 300

City    San Diego

State    CA                                    Zip    92122

Country (in international)  _____

Phone    (619) 525-3990

Email    soddo@robbinsllp.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>SUNPOWER CORPORATION, *et al.,*<br><br>Debtors. | Chapter 11<br><br>Case No. 24-11649 (CTG)<br><br>(Jointly Administered) |

## ADDENDUM TO PROOF OF CLAIM OF ROBBINS LLP

1.    Robbins LLP ("Robbins") submits this Statement in support of its foregoing Proof of Claim (the "Claim") against debtor SunPower Corporation (the "Debtor").

2.    All notices with respect to the Claim should be sent to:

> Robbins LLP
> Attn: Stephen J. Oddo
> 5060 Shoreham Place, Suite 300
> San Diego, CA 92122

## BACKGROUND AND THE CLAIM

3.    Robbins has been pursuing claims, through its stockholder-client Jeffrey Edelman, derivatively on behalf of the Debtor, the nominal defendant, in the Delaware Court of Chancery in the action captioned *Edelman v. TotalEnergies SE* et al., C.A. No. 2023-0136-MTZ (Del. Ch.) (the "Chancery Action").  The Chancery Action, which was filed on February 6, 2023, asserts claims for breaches of fiduciary

duties and unjust enrichment and names as defendants various of SunPower's current and former directors and officers, as well as TotalEnergies SE, TotalEnergies Gaz & Electricité Holdings SAS, TotalEnergies Renewables USA, LLC, and TotalEnergies Solar INTL SAS.  SunPower is named solely in its capacity as a nominal defendant.

4.      A copy of the publicly available, operative Verified Amended Stockholder Derivative Complaint and the Court of Chancery docket are attached to this Proof of Claim.

5.      Under Delaware law, Robbins is entitled to share in any recovery flowing from the Chancery Action or the claims asserted therein based upon its effort in causing a benefit to SunPower and its stakeholders.  *See, e.g.*, *Americas Mining Corp. v. Theriault*, 51 A.3d 1213, 1252–53 (Del. 2012) ("The common fund doctrine is a well-established basis for awarding attorneys' fees [and] is founded on the equitable principle that those who have profited from litigation should share its costs."); *Seinfeld v. Coker*, 847 A.2d 330, 333 (Del. Ch. 2000) (Delaware courts "consistently ha[ve] held that, in class and derivative actions, plaintiffs' counsel are entitled to an award of attorneys' fees and expenses where their efforts achieve a benefit for the corporation or its shareholders").

6.      Robbins reserves the right to further amend, revise or supplement this Claim in any respect as new facts may be developed through investigation, discovery or otherwise.  This Claim is not intended to be, and shall not be construed as: (1) an

{02060634;v1 }                                          2

election of remedies; (2) a waiver of any defaults; or (3) a waiver or limitation of any right, remedy, claim or interest of Robbins against the Debtor.