# Exhibit E

**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

| | |
|---|---|
| JEFFREY EDELMAN, derivatively on behalf of Nominal Defendant SUNPOWER CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> TOTALENERGIES SE, et al., <br><br> Defendants, <br><br> and <br><br> SUNPOWER CORPORATION, <br><br> Nominal Defendant. | C.A. No. 2023-0136-MTZ |

**MOTION OF THE CREDITOR TRUSTEE OF THE
SUNPOWER CORPORATION CREDITOR TRUST
TO SUBSTITUTE AND REALIGN**

4938-3676-9905.8 82228.00003

MHR Advisory Group, LLC, as the Creditor Trustee (the "Creditor Trustee"), appointed as trustee of the SunPower Creditor Trust (the "Trust") pursuant to the SunPower Creditor Trust Agreement (the "Trust Agreement") hereby moves (the "Motion") for an Order, in the form attached as Exhibit A: (i) substituting the Creditor Trustee in place of SunPower as the real party in interest and (ii) realigning the Creditor Trustee as the Plaintiff in this action to directly pursue the claims brought derivatively on behalf of the SunPower Corporation ("SunPower") under Court of Chancery Rules 17(a) and 25(c).  In support of the Motion, the Creditor Trustee states as follows:

## I. INTRODUCTION

1.      Plaintiff brought this derivative suit on behalf of SunPower on February 6, 2023.  SunPower subsequently filed for bankruptcy protection.  As a matter of law, SunPower's bankruptcy filing vested the sole power to prosecute the claims asserted in this case in the trustee (here, the debtor-in-possession pursuant to 11 U.S.C. § 1107(a)), and divested plaintiff of standing to continue the matter.

2.      SunPower's plan of reorganization (the "Plan," Exhibit B hereto) was confirmed by order of the United States Bankruptcy Court for the District of Delaware on October 18, 2024.  The Plan went effective on November 14, 2024.

3.      The Plan established the Trust, appointed the Creditor Trustee, and granted the Creditor Trustee the exclusive right, authority and discretion to

4938-3676-9905.8 82228.00003

prosecute, settle, release and litigate this matter. A copy of the Trust Agreement is attached hereto as Exhibit F).

4.      The Creditor Trustee is thus now the real party in interest with respect to the claims in this case.

5.      To represent the interests of the Trust, and in accordance with its duties and powers under the Plan and Trust Agreement, the Creditor Trustee respectfully requests that the Court grant this Motion and enter an Order substituting the Creditor Trustee for Nominal Defendant SunPower Corporation and realigning the Creditor Trustee as Plaintiff in order to pursue directly the derivative claims brought on behalf of SunPower against Defendants.[1]

## II. BACKGROUND

6.      The Verified Amended Stockholder Derivative Complaint dated July 7, 2023 (D.I. 34; public version at D.I. 35) alleges derivative claims against directors and certain transaction counterparties of the company for breach of fiduciary duty and unjust enrichment. D.I. 35 at 69-73. The Verified Amended Stockholder Derivative Complaint does not assert any direct claims.

---

[1]      The Creditor Trustee confirms that, further to the parties' joint status letter filed September 10, 2025 (D.I. 206), the Trust has reached a settlement in principle with Defendants herein and anticipates seeking discontinuance of the case after this Motion is granted.

7.      On August 5, 2024, SunPower filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") captioned *In re SunPower Corporation,* No. 24-11649 (CTG).

8.      The Amended Joint Chapter 11 Plan of SunPower Corporation and its Debtor Affiliates attached to the Findings of Fact, Conclusions of Law and Order Approving the Debtors' Disclosure Statement for and Confirming the Amended Joint Chapter 11 Plan of Reorganization for SunPower Corporation, Bankr. D.I. 872-1 (Exhibit B hereto) provides for the transfer of the causes of action asserted herein to the Trust.

9.      Art. X of the Plan (Exhibit B at 44-48) provides for the establishment of the Trust.  Art. IV.P of the Plan provides for the transfer of all of the Debtors' causes of action, including but not limited to scheduled Retained Causes of Action (as defined in the Plan definitions (Art. I.A §§ 43, 47, 143) and listed in the Fourth Amended Plan Supplement's Schedule of Retained Causes of Action as Exhibit B, Bankr. D.I. 1051-3 (Exhibit C hereto) .  The Retained Causes of Action include the claims asserted in this case.  Schedule of Retained Causes of Action § D.1.(b).

10.      On October 18, 2024, the Bankruptcy Court issued Findings of Fact, Conclusions of Law and Order Approving the Debtors' Disclosure Statement for and

Confirming the Amended Joint Chapter 11 Plan of Reorganization for SunPower Corporation (the "Order," Bankr. D.I. 872, attached as Exhibit D). The Order provides, in relevant part, that "all Causes of Action that a Debtor or an Estate may hold against any Person or Entity, whether arising before or after the Petition Date, and whether or not specifically enumerated in the Schedule of Retained Causes of Action, shall vest in the Creditor Trust or the Wind-Down Debtors, as applicable." Order ¶ 78. The Order further provides that "[t]he Creditor Trustee or the Plan Administrator, as applicable, shall have the exclusive right, authority, and discretion to initiate, file, prosecute, enforce, abandon, settle, compromise, release, withdraw, or litigate to judgment such Causes of Action, as appropriate, in accordance with the best interests of the Creditor Trust and the Wind-Down Debtors, as applicable." *Id.*

11.     The Plan went effective on November 14, 2024 (the "Plan Effective Date"), for the resolution of the outstanding Claims against, and equity interests in, SunPower and its affiliated debtors (the "Debtors"), as defined in the Plan. The notice of the Plan effective date (Bankr. D.I. 1058) is attached hereto as Exhibit E.

12.     Pursuant to the Plan and the Trust Agreement, the Debtors transferred their claims against the Defendants herein to the Trust. Trust Agreement (Fourth Amended Plan Supplement Exhibit C, Bankr. D.I. 1051-5) § 2.3.1, attached hereto as Exhibit F. The Trust Agreement authorizes the Trust to "pursue, settle, abandon, and/or otherwise resolve the Creditor Trust Claims," which includes the

4938-3676-9905.8 82228.00003                    4

claims in this matter. *Id.* § 2.3.2. The Creditor Trustee is authorized to, among other things, prosecute and settle the Creditor Trust Assets, including the claims herein. *Id.* § 3.4.2.

13.     Counsel for the Creditor Trustee has conferred with counsel for Plaintiff, who has advised that Plaintiff consents to the Motion.[2]

### III. ARGUMENT

14.     Chancery Court Rule 17(a)(1) provides that "[a]n action must be prosecuted in the name of the real party in interest." In particular, the trustee of an express trust, like the Creditor Trustee, may sue in its own name. Ct. Ch. R. 17(a)(1)(E). After substitution of a real party in interest, "the action proceeds as if it had been commenced by the real party in interest." Ct. Ch. R. 17(a)(2). The Court has the power to substitute the transferee of a claim to be substituted in the action. Ct. Ch. R. 25(c).

15.     Where the corporate nominal defendant in a shareholder derivative action files for bankruptcy protection, the derivative plaintiff is divested of standing

---

[2]     The Creditor Trustee has reached a settlement in principle with the Defendants that is expected to generate settlement proceeds for the Trust. Counsel to Plaintiff has asserted that they have a charging lien against the settlement proceeds, and have filed proofs of claim in the Bankruptcy Court. Counsels' proofs of claim (attachments omitted) are attached as Exhibit G. The Creditor Trustee reserves all rights to contest to the nature, validity, and extent of the asserted charging lien, and to the extent that such a charging lien exists, its amount. Notwithstanding, until Plaintiffs' counsels' charging lien claim is resolved in the Bankruptcy Court, the Creditor Trustee will segregate the sum of $5 million from the net settlement proceeds.

to pursue the derivative claim. *Lenois v. Sommers*, 268 A.3d 220, 222 (Del. 2021) (derivative plaintiff was "divested of standing due to that intervening bankruptcy"); *Lenois v. Lawal*, 2020 Del. LEXIS 183, at *4 n.5 (citing *Pepper v. Litton*, 308 U.S. 295, 307 (1939) and *Police & Fire Ret. Sys. of Detroit v. Callen*, 2012 Del. LEXIS 252, at *3).

16.    In *Sommer*s, the Delaware Supreme Court reversed the Vice Chancellor's denial of a litigation trustee's motion for substitution and realignment, holding: "The Trustee was vested with the legal right to control the derivative litigation as this litigation was part of the bankruptcy estate's assets. Further, the Trustee obtained an order from the Bankruptcy Court to pursue these claims." 268 A.3d at 222.

17.    This case is on all fours with *Sommers*. The Creditor Trustee has been vested with the right to control this litigation by the Plan, the Order and the Trust Agreement. The Creditor Trustee should be substituted for the Nominal Defendant, and the matter should be realigned with the Creditor Trustee as Plaintiff.

## IV.  CONCLUSION

WHEREFORE, the Creditor Trustee respectfully requests the entry of an Order, in the form attached hereto as Exhibit A, substituting the Creditor Trustee for Nominal Defendant SunPower Corporation as the real party in interest and

realigning the Creditor Trustee as Plaintiff to pursue the claims brought on behalf of

SunPower Corporation directly against Defendants.

Dated: October 14, 2025
Wilmington, Delaware

Respectfully submitted,

**PACHULSKI STANG ZIEHL
& JONES LLP**

*/s/ Bradford J. Sandler*
Bradford J. Sandler (Bar No. 4142)
Peter J. Keane (Bar No. 5503)
PACHULSKI STANG ZIEHL &
JONES LLP
919 North Market Street, 17th Floor
Wilmington, DE 19801
Telephone: 302-652-4100
Facsimile: 302-652-4400
bsandler@pszjlaw.com
pkeane@pszjlaw.com

*Counsel to the Creditor Trustee*

Words: 1,436/3,000

4938-3676-9905.8 82228.00003                 7