**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>SUNPOWER CORPORATION,<br><br>Wind-Down Debtor. | Chapter 11<br><br>Case No. 24-11649 (CTG)<br><br>**Hearing Date: To be determined**<br>**Objection Deadline: May 13, 2026**<br><br>**Related to Docket No. 1850** |

**HELIOS II RESIDENTIAL SOLAR FUND, LLC'S OBJECTION**
**TO CHRISTINE KOSYDAR'S AMENDED MOTION TO STRIKE HELIOS II**
**RESIDENTIAL SOLAR FUND, LLC'S BRIEF AND THE PLAN ADMINISTRATOR'S**
**JOINDER IN OPPOSITION TO SUBJECT MATTER JURISDICTION**

Helios II Residential Solar Fund, LLC ("Helios") hereby objects (the "Objection") to

*Christine Kosydar's Amended Motion to Strike Helios II Residential Solar Fund, LLC's Brief in*

*Opposition to Subject Matter Jurisdiction and the Plan Administrator's Joinder in Opposition to*

*Subject Matter Jurisdiction* [D.I. 1850] (the "Motion to Strike").

**PRELIMINARY STATEMENT[1]**

1.     Ms. Kosydar's Motion to Strike can be boiled down to a single, mind-bending

sentence: She wants the Court to now strike filings that the Court previously invited the parties to

file.

2.     This is not the first time she has asked to strike the briefing of the subject matter

jurisdiction issue. **By the undersigned's count, this is the fourth time.** She asked on March 18,

after which on April 8 the Court advised that it would proceed with briefing of the merits.

Apparently dissatisfied with the Court's approach, she repeated the request to strike in a pleading

styled as a "reply" filed April 15.   She asked again on April 29, in a pleading that she signed

---

[1]     Any capitalized term not otherwise defined in this preliminary statement shall have the same meaning as
that ascribed to it elsewhere in the Objection.

86450977;4

personally and Delaware counsel submitted under a "notice of filing."  Finally, on May 1, Delaware counsel signed and filed the instant Motion to Strike.

3.      It makes no sense now.  It made no sense the three previous times she asked. Ms. Kosydar's due process rights are not being abridged by the Court considering briefing that the Court asked to be filed.  The Court should decide subject matter jurisdiction on the merits, based on facts and briefing provided by the parties.  The Motion to Strike should be denied.

## ARGUMENT

### A. The Filings Were Expressly Authorized by the Court's Preliminary Observations Order.

4.      The Court's *Order Setting Forth Preliminary Observations and Directing Further Briefing* [D.I. 1782] (the "Preliminary Observations Order") was clear.  The Court, having raised questions about its own subject matter jurisdiction, directed a two-phase briefing schedule: First, Ms. Kosydar and any party supporting jurisdiction were to file briefs by March 30, 2026; second, any party opposing jurisdiction could submit a brief by April 27, 2026. The Preliminary Observations Order also expressly stated that the Court would "permit HASI to participate in the briefing and argument (if any) on subject-matter jurisdiction."

5.      Both Helios and Mark Roberts, solely in his capacity as the plan administrator for the Debtors' wind-down estates (the "Plan Administrator") filed responses on April 27: *Helios II Residential Solar Fund, LLC's Brief in Opposition to Subject Matter Jurisdiction* [D.I. 1839] (the "Helios Brief") and *Joinder in Support of "Helios II Residential Solar Fund, LLC's Brief in Opposition to Subject Matter Jurisdiction [D.I. 1839]" And Response of the Plan Administrator to "Order Setting Forth Preliminary Observations And Directing Further Briefing" [D.I. 1782]* [D.I. 1841] (the "Joinder").

2

6.      The Helios Brief and the Joinder were filed on April 27, 2026, just as the Court requested and required under the Preliminary Observations Order.

**B. Ms. Kosydar's Amended Motion to Strike Is Merely a Rehash of Prior Arguments Already Addressed by the Court.**

7.      The Amended Motion to Strike does not raise any new basis for relief.  Indeed, by Ms. Kosydar's own admission, the Amended Motion seeks to strike the Helios Brief and Joinder "for the reasons and on the same grounds set forth in" her prior motion to strike [D.I. 1796] and related replies [D.I. 1825, 1826].

8.      The Court has already addressed the earlier motion to strike.  On April 7, 2026, the Court entered a docket entry stating that "it should only take up the Motion to Strike if and only if it concludes it has subject-matter jurisdiction over the underlying dispute."

**C. Ms. Kosydar's Due Process Argument Is Without Merit.**

9.      Ms. Kosydar contends that the Court's adjournment of her prior Motion to Strike [D.I. 1822] constituted "an effective denial" of the motion and "an unjustifiable denial of due process," and that Helios', the Plan Administrator's, and the Court's "reliance on such denial of process taints the Court's ruling on subject matter jurisdiction and the judicial process." This argument is baseless.

10.      The Court's deferral of Ms. Kosydar's prior motion to strike was a reasonable exercise of judicial discretion to prioritize the threshold jurisdictional question.  See, *e.g.*, *Rolo v. Gen. Dev. Corp.*, 949 F.2d 695, 701–02 (3d Cir. 1991) (holding that a trial court's order to manage the schedule for proceedings before it is "indistinguishable from a myriad of other administrative orders necessary to regulate the proceedings before it" and an exercise of its "inherent power to control its docket so as to promote fair and efficient adjudication"); *see also*, *e.g.*, 11 U.S.C. § 105(d)(2) (providing that a court may issue orders at any conference "prescribing such limitations

3

and conditions as the court deems appropriate to ensure that the case is handled expeditiously and economically").

11.    The Court's decision to defer ruling on a procedural motion pending resolution of a threshold jurisdictional question is a routine exercise of the Court's inherent authority to manage its own docket.  Ms. Kosydar was not denied process; she was the first party invited to brief the jurisdictional question and filed a comprehensive brief on March 30, 2026.  She has been heard at every stage of this proceeding.

**D. Subject Matter Jurisdiction Must Be Resolved Before Any Motion to Strike Can Be Considered.**

12.    The Court has already determined that the appropriate course is to resolve the threshold question of subject matter jurisdiction before turning to the remaining evidentiary and procedural disputes.  That sequencing is not merely logical, it is legally required.  If the Court lacks subject matter jurisdiction, then Ms. Kosydar's motions to strike, her underlying motion to interpret and enforce the plan, and all related disputes are moot.  There would be nothing to "strike" because the Court would have no subject matter jurisdiction to adjudicate the underlying matter.  Ms. Kosydar's repeated efforts to prevent the Court from hearing the other side of the jurisdictional argument only underscore the weakness of her position on the merits.

**E. Ms. Kosydar's Local Rule 9018-1(d) Argument Does Not Warrant Striking the Helios Brief or the Joinder.**

13.    The sole "new" argument in the Amended Motion to Strike is Ms. Kosydar's contention that the Declaration [D.I. 1840] should be stricken because Helios allegedly failed to comply with rule 9018-1(d)(i) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") by not filing a "Sealing Motion" and a proposed redacted version of the Declaration within three business days of its filing.

4

14.    It is true that the Local Rule 9018-1(d)(i) would have required the sealing motion to be filed by April 30, 2026.  The motion to seal was filed two business days later, on May 4.  But that is not a basis to strike the Helios Brief, either under the Local Rules or otherwise, and Ms. Kosydar cannot credibly claim to be prejudiced.  Indeed, Ms. Kosydar fails to mention that at the time she filed the Motion to Strike, counsel for Helios was waiting on Ms. Kosydar's counsel to advise whether he agreed with Helios' proposed redacted document, sent earlier in the day on May 1[2]  Rather than respond to counsel's pending request to meet-and-confer regarding redactions, she filed the Motion to Strike.  Ms. Kosydar's counsel never responded to the meet-and-confer request regarding redactions.[3]

15.    In any event, the availability of a redacted version of the Declaration does not alter the analysis on any other issue raised in the Motion to Strike.  The facts set forth in the declaration were in the publicly filed Helios Brief.  Ms. Kosydar's characterization of the declaration as a "secret" filing is hyperbolic: The declaration attached confidential and commercially sensitive agreements, and therefore was wholly filed under seal, a routine practice in bankruptcy proceedings to protect commercially sensitive information.  But the substance of Helios' jurisdictional arguments and all relevant facts were set forth in the Helios Brief itself, which is and has always been publicly available on the docket.

16.    Accordingly, Ms. Kosydar's hyper-technical local rule argument is just the latest of her attempted "gotcha" arguments—by the undersigned's count, this is the fourth request to strike—none of which go to the key issue to be determined by this Court, and all of which are a

---

[2]    Local Rule 9018-1(d)(ii) requires a party, prior to filing a motion to seal, to "confer in good faith with such other party in an effort to reach agreement concerning the extent of information that must be remain sealed." Helios' counsel was trying to confer with Ms. Kosydar's counsel pursuant to that requirement.

[3]    Counsel to the Plan Administrator responded to Helios' proposed redacted document on the day that it was circulated confirming that the Plan Administrator has no objection to the proposed redactions.

5

transparent apparent attempt to prevent this Court from determining the merits of subject matter jurisdiction.

## <u>CONCLUSION</u>

17.    For the foregoing reasons, this Objection should be sustained and Ms. Kosydar's Motion to Strike should be denied.

Dated: May 13, 2026                                    **AKERMAN LLP**

<u>/s/ Lucian Murley</u>
Lucian B. Murley (DE Bar No. 4892)
222 Delaware Avenue, Suite 1710
Wilmington, Delaware 19801
Telephone: (302) 596-9200
E-mail: luke.murley@akerman.com

Mario O. Marin (Admitted *pro hac vice*)
777 South Flagler Drive
Suite 1100 West Tower
West Palm Beach, Florida 33401
Telephone: (561) 653-5000
E-mail: mario.marin@akerman.com

*Counsel to Party-in-Interest Helios II*
*Residential Solar Fund, LLC*

86450977;4

## CERTIFICATE OF SERVICE

I, Lucian B. Murley, do hereby certify that on May 13, 2026, a copy of the foregoing *Helios II Residential Solar Fund, LLC's Objection to Christine Kosydar's Amended Motion to Strike Helios II Residential Solar Fund, LLC's Brief and the Plan Administrator's Joinder In Opposition to Subject Matter Jurisdiction* was served on the parties listed below in the manner indicated.

**VIA ECF AND E-MAIL**
Kevin Gross, Esq.
Mark D. Collins, Esq.
Jason M. Madron, Esq.
Zachary J. Javorsky, Esq.
RICHARDS, LAYTON & FINGER, P.A.
920 N. King Street
Wilmington, Delaware 19801
Email: gross@rlf.com
collins@rlf.com
madron@rlf.com
javorsky@rlf.com
*Counsel to the Plan Administrator*

**VIA ECF AND E-MAIL**
Adam Hiller, Esq.
Hiller Law, LLC
300 Delaware Avenue, Suite 210, #227
Wilmington, Delaware 19801
E-mail: ahiller@adamhillerlaw.com
*Counsel to Christine Kosydar*

/s/ Lucian Murley
Lucian B. Murley (DE Bar No. 4892)

7

86450977;4